UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES,

           v.

SAMUEL BANKMAN-FRIED, CAROLINE ELLISON, and GARY WANG,

           Defendants.

No. 22-cr-673 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    On December 19, 2022, Defendants Ellison and Wang waived indictment, consented to the filing of a Superseding Information, and pleaded guilty to each of the counts with which they were charged. At the time their pleas were entered, the Court granted the government's application that the filings and transcripts of the plea allocutions would be temporarily sealed, and docketing delayed until such time as Defendant Bankman-Fried was extradited to this district from the Bahamas, finding that premature exposure of cooperation could hinder ongoing law enforcement efforts. The government now requests that the plea agreements include certain limited redactions upon unsealing. Defendant Ellison additionally requests the redaction of health-related information from the transcript of her plea allocution. For the reasons that follow, the Court grants the instant applications.

## LEGAL STANDARD

    Although there is a qualified right of public access to Court documents, the Second Circuit has recognized "sufficient reasons" for redactions in "those occasions where an ongoing government investigation may be jeopardized." *United States v. Cojab*, 996 F.2d 1404, 1408 (2d Cir. 1993). In *United States v. Haller*, for instance, the Circuit affirmed a district court's decision

to redact the portion of a plea agreement, reasoning that doing so for the "protection of an ongoing criminal investigation" was a "sufficient basis to justify redaction." 837 F.2d 84, 88–89 (2d Cir. 1988).  Similarly, courts in this district have recognized that "medical" and "health-related" information also merits the "greatest protection" and may be subject to being filed under seal. *United States v. Martoma*, No. 12-cr-973, 2014 WL 164181, at *6 (S.D.N.Y. Jan. 9, 2014).  The Second Circuit has further reasoned that even docketing the applications to seal materials could be prejudicial, and that in such cases the applications themselves could be sealed.  *See United States v. Alcantara*, 396 F.3d 189, 200 n.8 (2d Cir. 2005).

## DISCUSSION

The government here contends that disclosure of portions of both Defendant Ellison's and Defendant Wang's plea agreements could undermine its active investigation.  Having reviewed the redactions proposed by the government, the Court determines that they are limited in scope—consisting of no more than several lines in each plea agreement, *see* Wang Plea Agreement at 3; Ellison Plea Agreement at 3–4—and narrowly tailored to serve a compelling law enforcement interest.  *See Cojab*, 996 F.2d at 1408–09; *see also Haller*, 837 F.2d at 88 (observing that "the sensitivity of an ongoing criminal investigation" is a "higher value justifying sealing" by redacting certain information) (cleaned up); *United States v. Madoff*, 626 F. Supp. 2d 420, 427–28 (S.D.N.Y. 2009) (approving redactions where "disclosing details of the Government's efforts to obtain evidence will undoubtedly hamper the investigation, as the individuals and entities under investigation would be put on notice").  Moreover, the government has represented that the limited redactions will also be limited in duration, and that it will move to unseal the redacted portions of the plea agreements once sealing is no longer necessary to advance its law enforcement interests.

The Court has also reviewed the the limited redactions proposed by Defendant Ellison to

2

her plea allocution transcript, and determines that they are justified by her interest in medical privacy. *See Martoma*, 2014 WL 164181, at *6.

## CONCLUSION

Accordingly, for the reasons articulated above, the Court grants the government's application to redact certain portions of the plea agreements, and grants Defendant Ellison's application to redact health-related questions and answers in the transcript of her plea allocution. All other materials related to these pleas—with the exception of the oral recitation of Defendant Wang's pretrial services report, *see* 18 U.S.C. § 3153(c)(1)—shall be immediately unsealed to the extent that they have not been already.

SO ORDERED.

Dated:  December 22, 2022
        New York, New York

                                        Hon. Ronnie Abrams
                                        United States District Judge

3