```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                         :
UNITED STATES OF AMERICA                 :    AFFIRMATION
                                         :
     - v. -                              :    22 Cr. 673 (LAK)
                                         :
SAMUEL BANKMAN-FRIED,                    :
     a/k/a "SBF,"                        :
                                         :
              Defendant.                 :
                                         :
- - - - - - - - - - - - - - - - - - - - X
```

Danielle R. Sassoon, pursuant to Title 28, United States Code, Section 1746, hereby affirms under penalty of perjury that:

1. I am an Assistant United States Attorney in the Office of Damian Williams, United States Attorney for the Southern District of New York. I submit this affirmation in support of an order designating this case as a case with "multiple crime victims" pursuant to Title 18, United States Code, Section 3771(d)(2), and approving certain victim notification procedures as "reasonable" under that Section.

2. The Crime Victims' Rights Act (the "Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it

instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e).

3. Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. §3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *See id.*

4. The defendant is charged in an eight-count indictment with, among other things, defrauding customers of, and equity investors in, his cryptocurrency exchange FTX, and with defrauding lenders of Alameda Research, a cryptocurrency hedge fund controlled by the defendant. FTX was one of the world's largest cryptocurrency exchanges with more than one million users. According to a filing by the FTX debtors in the U.S. bankruptcy proceeding, FTX could owe money to more than one million people, which principally consists of retail customers on FTX's exchange.

5. The number of putative victims in this case (the "Individual Victims") makes compliance with the notification

requirements outlined in section 3771(a), (b) and (c) impracticable. The Government does not have the resources to accord each Individual Victim in this case the notice required by subsection 3771(a).

6. Therefore, in the attached proposed Order, the Government has proposed an alternative plan for notification of the Individual Victims, which involves the following actions by the Government:

a. The Government will maintain a notice (the "Notice") regarding this case online at https://www.justice.gov/usao-sdny/united-states-v-samuel-bankman-fried-aka-sbf-22-cr-673-lak.

b. The Notice will contain the following information:

i. The defendant's name, the caption, case number, and assigned judge;

ii. A substantially verbatim listing of the rights provided for in Title 18, United States Code, Section 3771(a);

iii. A listing of public proceedings scheduled in the case; and

iv. The name and contact information for a United States Attorney's Office official with responsibility for addressing victims' rights.

c. The Government will continue to update the Notice to reflect scheduled court and public proceedings, within a reasonable period of time of such scheduling;

d. In advance of court proceedings such as a plea proceeding or sentencing, the Notice will specify that the Court,

in order to conduct orderly proceedings and to maintain a reasonable schedule, requires advance notice from victims who wish to be heard at the relevant proceeding.

7. The Government respectfully submits that the proposed procedures represent a "reasonable procedure" to give effect to the Act, and respectfully requests that the Court endorse the procedures as described in the proposed Order.

I declare under penalties of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. 1746.

Dated:   New York, New York
         January 6, 2023

_____
Danielle R. Sassoon
Assistant United States Attorney