

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 13, 2023

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *United States v. Samuel Bankman-Fried*, 22 Cr. 673 (LAK)

Dear Judge Kaplan:

The Government writes in response to the Court's order to supplement its submission with respect to the defendant's conditions of release.  *See* Dkt. 65; *see also* 2/9/2023 Tr. at 12-13.  The Court indicated that if the parties "need a little more time, you will let me know." 2/9/2023 Tr. at 13.  The Government therefore writes to both update the Court on the status of the parties' discussions and to request additional time, until February 17, 2023, to make additional submissions to the Court.

Shortly after the conference, the parties began productive discussions to address the questions raised by the Court on February 9, 2023, and to reach continued consensus with respect to the proposed bail conditions.  Today, it came to the Government's attention—based on data obtained through the use of a pen register on the defendant's gmail account—that the defendant used a VPN or "Virtual Private Network" to access the internet on January 29, 2023, and February 12, 2023.  After learning this, the Government promptly informed defense counsel and raised concerns about the defendant's use of a VPN.  A VPN hides a user's IP address by letting the private network redirect it though a remote server run by the VPN's host.  That means that when a user engages in online activity with a VPN, the VPN server becomes the source of the data.  In other words, the internet service provider or third parties (like the Government) cannot see which websites a user is visiting or what data is being sent and received online.

As defense counsel has pointed out, and the Government does not dispute, many individuals use a VPN for benign purposes.  In the Government's view, however, the use of a VPN raises several potential concerns.  First, a VPN is a mechanism of encryption, hiding online activities from third parties, including the Government.  Second, it is a means to disguise a user's whereabouts because a VPN server essentially acts as a proxy on the internet.  In other words, because the demographic location data comes from a server in another country, a user's IP appears as if it is in that country, and the user's actual location cannot be determined.  Third, it allows

access to regional web content that is not otherwise accessible in the United States. For instance, it is well known that some individuals use VPNs to disguise the fact that they are accessing international cryptocurrency exchanges that use IPs to block U.S. users. Fourth, a VPN allows data transfers without detection through a secure, encrypted connection. Fifth, a VPN is a more secure and covert method of accessing the dark web.

The defense maintains that the defendant was not using a VPN for any improper purpose and has indicated that it would like the opportunity to engage in discussions with the Government about the issue. The defense is also prepared to adopt a reasonable bail condition that allays any concerns of the Government or the Court about the use of a VPN, and has represented that the defendant will not use a VPN in the interim. The parties therefore respectfully request additional time, until February 17, 2023, to discuss the implications of the defendant's use of a VPN, to formulate their respective positions on how, if at all, this affects the proposed bail conditions, and to make additional submissions to the Court.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: /s/ Danielle R. Sassoon
    Danielle R. Sassoon
    Nicolas Roos
    Danielle Kudla
    Samuel Raymond
    Thane Rehn
    Andrew Rohrbach
    Assistant United States Attorneys
    (212) 637-1115

Cc:    Defense Counsel (by ECF)