USDC DNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/28/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

NISHAD SINGH,

Defendant.

**SUPERSEDING INFORMATION**

S4 22 Cr. 673 (LAK)

## COUNT ONE
### (Conspiracy to Commit Wire Fraud on Customers)

The United States Attorney charges:

1.     From at least in or about 2019, up to and including in or about November 2022, in the Southern District of New York, and elsewhere, NISHAD SINGH, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

2.     It was a part and object of the conspiracy that NISHAD SINGH, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, SINGH agreed with others to

defraud customers of FTX by misappropriating those customers' deposits and using those deposits

to pay expenses and debts of Alameda Research, and to make investments, and for other purposes.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Wire Fraud on Customers)

The United States Attorney further charges:

3.      From at least in or about 2019, up to and including in or about November 2022, in

the Southern District of New York and elsewhere, NISHAD SINGH, the defendant, knowingly

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money

and property by means of false and fraudulent pretenses, representations and promises, transmitted

and caused to be transmitted by means of wire, radio, and television communication in interstate

and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing

such scheme and artifice, to wit, SINGH, along with others, engaged in a scheme to defraud

customers of FTX by misappropriating those customers' deposits, and using those deposits to pay

expenses and debts of Alameda Research to make investments, and for other purposes.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
### (Conspiracy to Commit Commodities Fraud)

The United States Attorney further charges:

4.      From at least in or about 2019, up to and including in or about November 2022, in

the Southern District of New York, and elsewhere, NISHAD SINGH, the defendant, and others

known and unknown, willfully and knowingly did combine, conspire, confederate, and agree

together and with each other to commit an offense against the United States, to wit, commodities

fraud, in violation of Title 7, United States Code, Sections 9(1) and 13(a)(5), and Title 17, Code

of Federal Regulations, Section 180.1.

5.    It was a part and an object of the conspiracy that NISHAD SINGH, the defendant, and others known and unknown, willfully and knowingly, would and did, directly and indirectly, use and employ, and attempt to use and employ, in connection with a swap, a contract of sale of a commodity in interstate commerce, and for future delivery on and subject to the rules of a registered entity, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 180.1, by: (a) using and employing, and attempting to use and employ, a manipulative device, scheme, and artifice to defraud; (b) making, and attempting to make, an untrue and misleading statement of a material fact and omitting to state a material fact necessary in order to make the statements made not untrue and misleading; and (c) engaging, and attempting to engage in an act, practice, and course of business, which operated and would operate as a fraud and deceit upon a person, in violation of Title 7, United States Code, Sections 9(1) and 13(a)(5), to wit, SINGH agreed with others to defraud customers of FTX trading or intending to trade futures, options, swaps, and derivatives by misappropriating customers' deposits and using those deposits to pay expenses and debts of Alameda Research, and to make investments, and for other purposes.

Overt Act

6.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere: in or about the fall of 2022, NISHAD SINGH, the defendant, and others agreed to make, and did make, expenditures from FTX customer funds for the benefit of FTX.

(Title 18, United States Code, Section 371.)

3

## COUNT FOUR
### (Conspiracy to Commit Securities Fraud)

The United States Attorney further charges:

7.     From at least in or about 2019, up to and including in or about November 2022, in the Southern District of New York, and elsewhere, NISHAD SINGH, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

8.     It was a part and an object of the conspiracy that NISHAD SINGH, the defendant, and others known and unknown, willfully and knowingly would and did, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, use and employ, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of material fact and omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, to wit, SINGH agreed with others to engage in a scheme to defraud investors in FTX by providing false and misleading information to investors regarding FTX's financial condition and the relationship between FTX and Alameda Research.

<u>Overt Act</u>

9.     In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere: in or about early 2022, NISHAD SINGH, the defendant, provided misleading information to auditors about FTX's revenue, knowing that FTX's audited financial information would be provided to prospective investors in FTX.

(Title 18, United States Code, Section 371.)

**COUNT FIVE**
**(Conspiracy to Commit Money Laundering)**

The United States Attorney further charges:

10.     From at least in or about 2020, up to and including in or about November 2022, in the Southern District of New York, and elsewhere, NISHAD SINGH, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957(a).

11.     It was a part and an object of the conspiracy that NISHAD SINGH, the defendant, and others known and unknown, in an offense in and affecting interstate and foreign commerce, knowing that the property involved in a financial transaction, to wit, one or more monetary transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction, which in fact involved the proceeds of specified unlawful activity, to wit, the wire fraud alleged in Count Two of this Information, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

5

12.     It was a further part and an object of the conspiracy that NISHAD SINGH, the defendant, and others known and unknown, within the United States, would and did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that was derived from specified unlawful activity, to wit, the wire fraud alleged in Count Two of this Information, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

## COUNT SIX
### (Conspiracy to Make Unlawful Political Contributions and Defraud the FEC)

The United States Attorney further charges:

13.     From at least in or about 2020, up to and including in or about November 2022, in the Southern District of New York, and elsewhere, NISHAD SINGH, the defendant, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to defraud the United States, in violation of Title 18, United States Code, Section 371, and willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States by engaging in violations of federal law involving the making, receiving, and reporting of a contribution, donation, or expenditure, in violation of Title 52, United States Code, Sections 30109(d)(1)(A) & (D).

14.     It was part and an object of the conspiracy that NISHAD SINGH, the defendant, and others known and unknown, would and did knowingly and willfully make contributions to candidates for federal office, joint fundraising committees, and independent expenditure committees in the names of other persons, aggregating to $25,000 and more in a calendar year, in violation of Title 52, United States Code, Sections 30122 and 30109(d)(1)(A) & (D).

15.     It was a further part and object of the conspiracy that NISHAD SINGH, the defendant, and others known and unknown, would and did knowingly and willfully make contributions to candidates for federal office and joint fundraising committees by a corporation, aggregating to $25,000 and more in a calendar year, in violation of Title 52, United States Code, Sections 30118 and 30109(d)(1)(A).

16.     It was a further part and object of the conspiracy that NISHAD SINGH, the defendant, and others known and unknown, would and did defraud the United States, and an agency thereof, by impairing, obstructing, and defeating the lawful functions of a department and agency of the United States through deceitful and dishonest means, to wit, the Federal Election Commission's function to administer federal law concerning source and amount restrictions in federal elections, including the prohibitions applicable to corporate contributions and conduit contributions, in violation of Title 18, United States Code, Section 371.

<u>Overt Act</u>

17.     In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere: in or about 2022, NISHAD SINGH, the defendant, and one or more other conspirators agreed to and did make contributions to candidates and committees in the Southern District of New York that were paid for using funds from Alameda Research and reported to the Federal Election Commission in the names of persons other than the true source of the funds.

(Title 18, United States Code, Section 371.)

## <u>FORFEITURE ALLEGATIONS</u>

18.     As a result of committing the offenses alleged in Counts One and Two of this Information, NISHAD SINGH, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses, and the following specific property:

a. 

(collectively, the "Specific Property").

19.     As a result of committing the offense alleged in Count Four of this Information, NISHAD SINGH, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the

commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses, and the Specific Property.

20.     As a result of committing the offenses alleged in Count Five of this Information, NISHAD SINGH, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses, and the Specific Property.

21.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third person; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section  853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

DAMIAN WILLIAMS
United States Attorney

9