UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:    CONSENT PRELIMINARY ORDER
- v. -                                  OF FORFEITURE AS TO SPECIFIC
:    PROPERTY
NISHAD SINGH,
:    S4 22 Cr. 673 (LAK)
    Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about February 28, 2023, NISHAD SINGH (the "Defendant"), was charged in a six-count Superseding Information, S4 22 Cr. 673 (LAK) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); conspiracy to commit commodities fraud and conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Counts Three and Four); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Five); and defrauding the United States of America and violating the Campaign Finance Laws, in violation of, Title 18, United States Code, Section 371 (Count Six);

WHEREAS, the Information included a forfeiture allegation as to Counts One, Two, Four and Five of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One, Two, Four and Five of the Information including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One, Two, Four, and Five;

WHEREAS, the Information included a forfeiture allegation as to Count Five of the Information seeking forfeiture to the United States, pursuant to Title 18, United Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Five of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Five of the Information;

WHEREAS, on or about February 28, 2023, the Defendant pled guilty to Counts One through Six of the Information, pursuant to an agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One, Two, Four, and Five and agreed to forfeit to the United States: (i) pursuant to Title 18, United States Code, Section 981(a)(l)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses charged in Counts One, Two, Four, and Five; (ii) pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in the offense charged in Count Five of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Five of the Information; and (iii) all right, title and interest of the Defendant in the following property:

[REDACTED]

[REDACTED]

((a) and (b) collectively, the "Specific Property");

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Specific Property;

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys, Samuel Raymond, Nathan Rehn, Nicolas Roos, Danielle Sassoon, Danielle Kudla, and Andrew Rohrbach, of counsel, and the Defendant, and his counsel, Russell Capone, Esq., and Andrew Goldstein, Esq. that:

1. As a result of the offenses charged in Counts One, Two, Four, and Five of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, NISHAD SINGH, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an

original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____       2/28/2023
Samuel Raymond/Nathan Rehn/Nicolas Roos/        DATE
Danielle Sassoon/Danielle Kudla/Andrew Rohrbach
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-6519

NISHAD SINGH

By: _____       2/28/23
NISHAD SINGH                                DATE

By: _____       2/28/23
Andrew Goldstein, Esq.                      DATE
Russell Capone, Esq.
Attorneys for Defendant
Cooley LLP
55 Hudson Yards
New York, New York 10001

SO ORDERED:

_____/S/_____              2/28/23
HONORABLE LEWIS A. KAPLAN                   DATE
UNITED STATES DISTRICT JUDGE