# Exhibit 1 Cont.

53.     Because SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, had misappropriated FTX customer assets for use by Alameda, however, FTX lacked the funds to meet surging customer demands for withdrawals of their deposits. At BANKMAN-FRIED's direction, Alameda began liquidating its assets and using the proceeds to satisfy FTX customer withdrawals. On or about November 6, 2022, BANKMAN-FRIED sent CC-1 a screenshot of a message from Ellison that read, in part: "I just had an increasing dread of this day that was weighing on me for a long time, and now that it's actually happening it just feels great to get it over with one way or another."

54.     In an attempt to stem the withdrawals from FTX and forego a solvency crisis, on or about November 7, 2022, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, posted a series of false and misleading tweets. First, he tweeted: "A competitor is trying to go after us with false rumors. FTX is fine. Assets are fine." He added in a second tweet, in part, "FTX has enough to cover all client holdings. We don't invest client assets (even in treasuries). We have been processing all withdrawals, and will continue to be." In a third tweet about FTX, BANKMAN-FRIED stated: "It's heavily regulated, even when that slows us down. We have GAAP audits, with > $1B excess cash. We have a long history of safeguarding client assets, and that remains true today."

55.     Despite his false assurances, the fraudulent scheme of SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, caused significant negative price impact on the value of commodities in interstate commerce in the United States, including bitcoin and ether spot and future prices.

56.     Customer withdrawals continued to surge and threaten the solvency of FTX. Beginning on or about November 7, 2022, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the

defendant, and others acting at his direction, began contacting existing and potential investors for a multi-billion-dollar bailout. BANKMAN-FRIED supplied existing and potential investors with what purported to be FTX's balance sheet, showing that FTX had approximately $9.6 billion of assets versus approximately $8.9 billion of liabilities, which would yield a positive net equity of approximately $700 million. The balance sheet noted, however, that FTX had an additional liability of $8 billion in a "Hidden, poorly internally labled [sic] 'fiat@' account," and that FTX had experienced $5 billion in customer withdrawals on November 6, 2022. Beneath these two line items, BANKMAN-FRIED stated: "There are many things I wish I could do differently than I did, but the largest are represented by these two things: the poorly labeled internal bank-related account, and the size of customer withdrawals during a run on the bank."

57. In fact, and as SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, well knew, the "[h]idden, poorly internally labled [sic] 'fiat@' account," was the multi-billion-dollar entry on FTX's ledger reflecting the amount of FTX customer fiat deposits accepted into Alameda's bank accounts that had not been maintained for the benefit of customers or repaid to FTX, and of which BANKMAN-FRIED was aware throughout the relevant time period. The labeling of the account was deliberate: BANKMAN-FRIED had previously authorized moving the ledger entry of Alameda's fiat liability from an account with "fiat" in its name, into a subaccount under the last name of an Alameda intern. On or about November 6, 2022, in the course of directing CC-1 and others to calculate Alameda assets and liabilities for purposes of estimating available funds to meet customer withdrawal demands, BANKMAN-FRIED specifically told CC-

1 to include this subaccount in his calculations, describing it as the account that "has the old fiat@ account."

58.     On or about November 9, 2022, it became clear to FTX and Alameda employees that the companies would not survive the solvency crisis because there were not sufficient funds to cover customer withdrawals, and there was no third party willing to bailout FTX.  That day, Ellison addressed Alameda employees in an all-hands meeting.  Ellison acknowledged that earlier that year, she, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, Wang, and CC-1 had decided to use, and used, FTX customer assets to pay Alameda's debts to lenders.

59.     At the same time that SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, was trying to address FTX's solvency crisis caused by the misappropriation of FTX customer assets, he prioritized certain disbursements at the expense of satisfying FTX customer withdrawals. For example, on or about November 8, 2022, the general counsel of FTX.US, in a Signal chat that included BANKMAN-FRIED and several close associates, demanded: "I need to know the fucking truth about FTX US right now."  Soon thereafter, on or about November 9, 2022, BANKMAN-FRIED was told in the same Signal chat that there was an approximately $45 million deficit in FTX.US customer assets.  BANKMAN-FRIED responded that he had transferred $46 million from Alameda to FTX.US.  On or about November 8, 2022, FTX suspended customer withdrawals. Shortly thereafter, however, BANKMAN-FRIED reopened withdrawals only for customers in The Bahamas, resulting in millions of dollars being preferentially withdrawn from the exchange, while other customers of FTX had no true access to it.

60.     To conceal his activities and the activities of his co-conspirators during the unraveling of FTX, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant communicated with his employees over Signal, an ephemeral messaging application.  BANKMAN-FRIED had

24

previously instructed employees to communicate over Signal, and directed that employee Signal messages be set to auto-delete after brief periods of time, in part to prevent the preservation of evidence that could be used against him.  In November 2022, the general counsel of FTX.US warned employees that they should preserve documents because of the involvement of regulators, and then posted in a company Slack channel that FTX would need to be shut down.  BANKMAN-FRIED, however, deleted the general counsel's message about FTX being shut down, continued to use Signal messaging, and proceeded to delete some of his own statements on Twitter, including his tweets about customer assets being "fine."

61.     Before resigning from FTX, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, met with one of FTX's in-house attorneys to discuss what, if any, legal explanation BANKMAN-FRIED could provide for the use of customer funds in response to questions from potential investors.  BANKMAN-FRIED and the attorney discussed and dismissed several potential explanations as inadequate.  In particular, they considered whether BANKMAN-FRIED could claim that Alameda had borrowed from customers who had opted in to FTX's peer-to-peer borrow/lend program.  BANKMAN-FRIED and the attorney, however, quickly dismissed the explanation because Alameda's borrowing greatly exceeded the funds lent through the FTX borrow/lend program, even if Alameda had been the only borrower.  BANKMAN-FRIED, however, later publicly embraced the explanation that he earlier had acknowledged privately was unsupported by the facts: that Alameda did not misuse FTX customer funds but permissibly borrowed funds that customers had opted in to FTX's peer-to-peer lending program.

62.     On November 11, 2022, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, resigned from FTX, and FTX and approximately one hundred affiliated entities, including FTX.US, and Alameda filed for Chapter 11 bankruptcy protection.

## STATUTORY ALLEGATIONS

### COUNT ONE
### (Conspiracy to Commit Wire Fraud on Customers of FTX)

The Grand Jury charges:

63.    The allegations contained in paragraphs 1 through 62 of this Indictment are repeated and realleged as if fully set forth herein.

64.    From at least in or about 2019, up to and including in or about November 2022, in the Southern District of New York, and elsewhere, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

65.    It was a part and object of the conspiracy that SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, BANKMAN-FRIED agreed with others to defraud customers of FTX by misappropriating those customers' deposits and using those deposits to pay expenses and debts of Alameda, and to make investments, and for other purposes.

(Title 18, United States Code, Section 1349.)

26

## COUNT TWO
### (Wire Fraud on Customers of FTX)

The Grand Jury further charges:

66.    The allegations contained in paragraphs 1 through 62 of this Indictment are repeated and realleged as if fully set forth herein.

67.    From at least in or about 2019, up to and including in or about November 2022, in the Southern District of New York and elsewhere, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, BANKMAN-FRIED, along with others, engaged in a scheme to defraud customers of FTX by misappropriating those customers' deposits, and using those deposits to pay expenses and debts of Alameda to make investments, and for other purposes.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
### (Conspiracy to Commit Fraud on Customers of FTX in Connection with Purchase and Sales of Derivatives)

The Grand Jury further charges:

68.    The allegations contained in paragraphs 1 through 62 of this Indictment are repeated and realleged as if fully set forth herein.

69.    From at least in or about 2019, up to and including in or about November 2022, in the Southern District of New York, and elsewhere, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, willfully and knowingly did combine, conspire,

confederate, and agree together and with each other to commit an offense against the United States, to wit, commodities fraud, in violation of Title 7, United States Code, Sections 9(1) and 13(a)(5), and Title 17, Code of Federal Regulations, Section 180.1.

70.     It was a part and an object of the conspiracy that SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, willfully and knowingly, would and did, directly and indirectly, use and employ, and attempt to use and employ, in connection with a swap, a contract of sale of a commodity in interstate commerce, and for future delivery on and subject to the rules of a registered entity, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 180.1, by: (a) using and employing, and attempting to use and employ, a manipulative device, scheme, and artifice to defraud; (b) making, and attempting to make, an untrue and misleading statement of a material fact and omitting to state a material fact necessary in order to make the statements made not untrue and misleading; and (c) engaging, and attempting to engage in an act, practice, and course of business, which operated and would operate as a fraud and deceit upon a person, in violation of Title 7, United States Code, Sections 9(1) and 13(a)(5), to wit, BANKMAN-FRIED agreed with others to defraud customers of FTX trading or intending to trade futures, options, swaps, and derivatives by misappropriating those customers' deposits and using those deposits to pay expenses and debts of Alameda, and to make investments, and for other purposes.

Overt Act

71.     In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere: in or about June 2022, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant,

and others misappropriated FTX customer deposits in order to, among other things, satisfy loan obligations owed by Alameda Research.

(Title 18, United States Code, Section 371.)

**COUNT FOUR**
**(Fraud on Customers of FTX in Connection with Purchase and Sales of Derivatives)**

The Grand Jury further charges:

72.     The allegations contained in paragraphs 1 through 62 of this Indictment are repeated and realleged as if fully set forth herein.

73.     From at least in or about 2019, up to and including in or about November 2022, in the Southern District of New York and elsewhere, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, willfully and knowingly, directly and indirectly, used and employed, and attempted to use and employ, in connection with a swap, a contract of sale of a commodity in interstate commerce, and for future delivery on and subject to the rules of a registered entity, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 180.1, by: (1) using and employing, and attempting to use and employ, a manipulative device, scheme, and artifice to defraud; (2) making, and attempting to make, an untrue and misleading statement of material fact and omitting to state a material fact necessary in order to make the statements made not untrue and misleading; and (3) engaging, and attempting to engage in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, to BANKMAN-FRIED, along with others, engaged in a scheme to defraud customers of FTX trading or intending to trade futures, options, swaps, and derivatives by

misappropriating those customers' deposits and using those deposits to pay expenses and debts of Alameda, and to make investments, and for other purposes.

(Title 7, United States Code, Sections 9(1) and 13(a)(5), and Title 17, Code of Federal Regulations, Section 180.1; Title 18, United States Code, Section 2.)

## COUNT FIVE
### (Conspiracy to Commit Securities Fraud on Investors in FTX)

The Grand Jury further charges:

74.     The allegations contained in paragraphs 1 through 62 of this Indictment are repeated and realleged as if fully set forth herein.

75.     From at least in or about 2019, up to and including in or about November 2022, in the Southern District of New York, and elsewhere, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

76.     It was a part and an object of the conspiracy that SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, willfully and knowingly would and did, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, use and employ, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of material fact and omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice,

and course of business which operated and would operate as a fraud and deceit upon a person, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, to wit, BANKMAN-FRIED agreed with others to engage in a scheme to defraud investors in FTX by providing false and misleading information to those investors regarding FTX's financial condition and the relationship between FTX and Alameda.

Overt Act

77.     In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere: on or about September 18, 2022, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, caused an email to be sent to an FTX investor in New York, New York that contained materially false information about FTX's financial condition.

(Title 18, United States Code, Section 371.)

**COUNT SIX**
**(Securities Fraud on Investors in FTX)**

The Grand Jury further charges:

78.     The allegations contained in paragraphs 1 through 62 of this Indictment are repeated and realleged as if fully set forth herein.

79.     From at least in or about 2019, up to and including in or about November 2022, in the Southern District of New York, and elsewhere, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing a device, scheme, and artifice to defraud; (b)

31

making an untrue statement of material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, BANKMAN-FRIED, along with others, engaged in a scheme to defraud investors in FTX by providing false and misleading information to those investors regarding FTX's financial condition and the relationship between FTX and Alameda.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 2.)

## COUNT SEVEN
### (Conspiracy to Commit Wire Fraud on Lenders to Alameda Research)

The Grand Jury further charges:

80.     The allegations contained in paragraphs 1 through 62 of this Indictment are repeated and realleged as if fully set forth herein.

81.     From at least in or about June 2022, up to and including in or about November 2022, in the Southern District of New York, and elsewhere, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Sections 1343.

82.     It was a part and object of the conspiracy that SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign

commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, BANKMAN-FRIED agreed with others to defraud, including through the use of interstate wires, lenders to Alameda by providing false and misleading information to those lenders regarding Alameda's financial condition.

(Title 18, United States Code, Section 1349.)

**COUNT EIGHT**
**(Wire Fraud on Lenders to Alameda Research)**

The Grand Jury further charges:

83.    The allegations contained in paragraphs 1 through 62 of this Indictment are repeated and realleged as if fully set forth herein.

84.    From at least in or about June 2022, up to and including in or about November 2022, in the Southern District of New York and elsewhere, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, BANKMAN-FRIED, along with others, engaged in a scheme to defraud, including through the use of interstate wires, lenders to Alameda by providing false and misleading information to those lenders regarding Alameda's financial condition.

(Title 18, United States Code, Sections 1343 and 2.)

33

## COUNT NINE
### (Conspiracy to Commit Bank Fraud)

The Grand Jury further charges:

85.     The allegations contained in paragraphs 1 through 62 of this Indictment are repeated and realleged as if fully set forth herein.

86.     From at least in or about October 2019, up to and including in or about November 2022, in the Southern District of New York and elsewhere, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344.

87.     It was a part and object of the conspiracy that SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, would and did execute, and attempt to execute, a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, as defined in Title 18, United States Code, Section 20, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344, to wit, BANKMAN-FRIED, along with others, in order to open a bank account and to obtain customer deposits and fees, falsely represented to a financial institution that the account would be used for trading and market making, even though BANKMAN-FRIED knew that the account would be used to receive and transmit customer funds in the operation of a cryptocurrency exchange, and thereafter, in connection with using the account for the receipt and transmission of customer funds, omitted material facts in a manner that made what was communicated misleading.

(Title 18, United States Code, Section 1349.)

34

## COUNT TEN
### (Conspiracy to Operate an Unlicensed Money Transmitting Business)

The Grand Jury further charges:

88.     The allegations contained in paragraphs 1 through 62 of this Indictment are repeated and realleged as if fully set forth herein.

89.     From at least in or about October 2019, up to and including in or about November 2022, in the Southern District of New York and elsewhere, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.

90.     It was a part and an object of the conspiracy that SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, would and did knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, which failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section, in violation of Title 18, United States Code, Section 1960.

### Overt Act

91.     In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere: Alameda and FTX employees, at the direction of SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, caused FTX customers to send wire transfers and sent wire transfers to FTX

customers, some of which were received in and were transmitted through the Southern District of New York.

(Title 18, United States Code, Section 371.)

**COUNT ELEVEN**
**(Conspiracy to Commit Money Laundering)**

The Grand Jury further charges:

92.     The allegations contained in paragraphs 1 through 62 of this Indictment are repeated and realleged as if fully set forth herein.

93.     From at least in or about 2020, up to and including in or about November 2022, in the Southern District of New York, and elsewhere, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957(a).

94.     It was a part and an object of the conspiracy that SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, in an offense in and affecting interstate and foreign commerce, knowing that the property involved in a financial transaction, to wit, one or more monetary transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction, which in fact involved the proceeds of specified unlawful activity, to wit, the wire fraud alleged in Count Two of this Indictment, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

95.     It was a further part and an object of the conspiracy that SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, within the United States,

would and did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that was derived from specified unlawful activity, to wit, the wire fraud alleged in Count Two of this Indictment, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

## COUNT TWELVE
### (Conspiracy to Make Unlawful Political Contributions and Defraud the FEC)

The Grand Jury further charges:

96.    The allegations contained in paragraphs 1 through 62 of this Indictment are repeated and realleged as if fully set forth herein.

97.    From at least in or about 2020, up to and including in or about November 2022, in the Southern District of New York, and elsewhere, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to defraud the United States, in violation of Title 18, United States Code, Section 371, and willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States by engaging in violations of federal law involving the making, receiving, and reporting of a contribution, donation, or expenditure, in violation of Title 52, United States Code, Sections 30109(d)(1)(A) & (D).

98.    It was part and an object of the conspiracy that SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, would and did knowingly and willfully make contributions to candidates for federal office, joint fundraising committees, and independent expenditure committees in the names of other persons, aggregating to $25,000 and

more in a calendar year, in violation of Title 52, United States Code, Sections 30122 and 30109(d)(1)(A) & (D).

99.    It was a further part and object of the conspiracy that SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, would and did knowingly and willfully make contributions to candidates for federal office and joint fundraising committees by a corporation, aggregating to $25,000 and more in a calendar year, in violation of Title 52, United States Code, Sections 30118 and 30109(d)(1)(A).

100.    It was a further part and object of the conspiracy that SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, would and did defraud the United States, and an agency thereof, by impairing, obstructing, and defeating the lawful functions of a department and agency of the United States through deceitful and dishonest means, to wit, the Federal Election Commission's function to administer federal law concerning source and amount restrictions in federal elections, including the prohibitions applicable to corporate contributions and conduit contributions, in violation of Title 18, United States Code, Section 371.

<u>Overt Act</u>

101.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, was committed in the Southern District of New York and elsewhere: in or about 2022, SAMUEL BANKMAN-FRIED a/k/a "SBF," the defendant, and one or more other conspirators agreed to and did make corporate contributions to candidates and committees in the Southern District of New York that were reported in the name of another person.

(Title 18, United States Code, Section 371.)

38

**COUNT THIRTEEN**
**(Conspiracy to Violate the Anti-Bribery Provisions**
**of the Foreign Corrupt Practices Act)**

The Grand Jury further charges:

102.    The allegations contained in paragraphs 1 through 62 of this Indictment are repeated and realleged as if fully set forth herein.

103.    From at least in or about January 2021 up to and including in or about February 2022, in an offense begun and committed out of the jurisdiction of any particular State or district, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others known and unknown, at least one of whom was first brought to and will be arrested in the Southern District of New York, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, to violate the Foreign Corrupt Practices Act, Title 15, United States Code, Section 78dd-2.

104.    It was a part and an object of the conspiracy that SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, (1) being a domestic concern and an officer, employee, and agent of a domestic concern and a stockholder thereof acting on behalf of such domestic concern, would and did willfully and corruptly make use of the mails and a means and instrumentality of interstate commerce, and (2) being a United States person, would and did willfully and corruptly do any act outside the United States, in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, and offer, gift, promise to give, and authorization of the giving of a thing of value to a foreign official, and to a person while knowing that all and a portion of such money and thing of value would be and had been offered, given, and promised, directly and indirectly, to a foreign official, for purposes of: (A)(i) influencing an act and decision of such foreign official in that foreign official's official capacity; (ii) inducing such foreign official to do

39

and omit to do an act in violation of the lawful duty of such foreign official; and (iii) securing an improper advantage; and (B) inducing such foreign official to use that foreign official's influence with a foreign government and agencies and instrumentalities thereof to affect and influence an act and decision of such government and agencies and instrumentalities, in order to assist BANKMAN-FRIED, Alameda, and others in obtaining and retaining business for and with, and directing business to, a person, in violation of Title 15, United States Code, Section 78dd-2, to wit, BANKMAN-FRIED and others agreed to pay cryptocurrency to one or more foreign officials in China to influence and induce them to unfreeze the Accounts, in order to assist BANKMAN-FRIED, Alameda, and others in obtaining and retaining business for, and directing business to, BANKMAN-FRIED, Alameda, and others.

## Overt Act

105.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed and caused to be committed abroad: in or about November 2021, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, and others directed and caused the transfer of at least approximately $40 million in cryptocurrency intended for the benefit of one or more Chinese government officials in order to influence and induce them to unfreeze the Accounts.

(Title 18, United States Code, Sections 371 and 3238.)

## FORFEITURE ALLEGATION

106.    As a result of committing the offenses alleged in Counts One, Two, Seven, Eight, Nine, and Thirteen of this Indictment, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that

constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses, and the following specific property:

    a.    55,273,469 shares of the stock of Robinhood Markets Inc. from Account Number 499-30500 at ED&F Man Capital Markets, Inc., a/k/a "Marex," held in the name of "Emergent Fidelity Technologies," seized by the Government on or about January 4, 2023;

    b.    $20,746,713.67 in United States currency formerly on deposit in Account Numbers 499-30500 and 429-30500 at ED&F Man Capital Markets, Inc., a/k/a "Marex," held in the name of "Emergent Fidelity Technologies," seized by the Government on or about January 4, 2023;

    c.    $49,999,500 in United States currency formerly on deposit in Account Number 9000-1924-02685 at Farmington State Bank d/b/a "Moonstone Bank" held in the name of "FTX Digital Markets," seized by the Government on or about January 4, 2023;

    d.    $5,322,385.32 in United States currency formerly held on deposit in Account Number 0000005090042549 at Silvergate Bank held in the name of "FTX Digital Markets," seized by the Government on or about January 11, 2023;

    e.    $719,359.65 in United States currency formerly on deposit in Account Number 0000005090042556 at Silvergate Bank held in the name of "FTX Digital Markets," seized by the Government on or about January 11, 2023;

    f.    $1,071.83 in United States currency formerly on deposit in Account Number 0000005090042564 at Silvergate Bank held in the name of "FTX Digital Markets," seized by the Government on or about January 11, 2023;

    g.    $94,570,490.63 in United States currency formerly on deposit in Account Number 0000005091010037 at Silvergate Bank held in the name of "FTX Digital Markets," seized by the Government on or about January 19, 2023;

    h.    Any and all monies, assets, and funds contained in Binance account number 94086678;

    i.    Any and all monies, assets, and funds contained in Binance.us account number 35000066; and

    j.    Any and all monies, assets, and funds contained in Binance.us account number 35155204.

    107.    As a result of committing the offenses alleged in Counts Five and Six of this Indictment, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, shall forfeit to the United

States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

108.    As a result of committing the offenses alleged in Counts Ten and Eleven of this Indictment, SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses, and the following specific property:

a.    55,273,469 shares of the stock of Robinhood Markets Inc. from Account Number 499-30500 at ED&F Man Capital Markets, Inc., a/k/a "Marex," held in the name of "Emergent Fidelity Technologies," seized by the Government on or about January 4, 2023;

b.    $20,746,713.67 in United States currency formerly on deposit in Account Numbers 499-30500 and 429-30500 at ED&F Man Capital Markets, Inc., a/k/a "Marex," held in the name of "Emergent Fidelity Technologies," seized by the Government on or about January 4, 2023;

c.    $49,999,500 in United States currency formerly on deposit in Account Number 9000-1924-02685 at Farmington State Bank d/b/a "Moonstone Bank" held in the name of "FTX Digital Markets," seized by the Government on or about January 4, 2023;

d.    $5,322,385.32 in United States currency formerly held on deposit in Account Number 0000005090042549 at Silvergate Bank held in the name of "FTX Digital Markets," seized by the Government on or about January 11, 2023;

e.    $719,359.65 in United States currency formerly on deposit in Account Number 0000005090042556 at Silvergate Bank held in the name of "FTX Digital Markets," seized by the Government on or about January 11, 2023;

f.    $1,071.83 in United States currency formerly on deposit in Account Number 0000005090042564 at Silvergate Bank held in the name of "FTX Digital Markets," seized by the Government on or about January 11, 2023;

      g.     $94,570,490.63 in United States currency formerly on deposit in Account Number 0000005091010037 at Silvergate Bank held in the name of "FTX Digital Markets," seized by the Government on or about January 19, 2023;

      h.     Any and all monies, assets, and funds contained in Binance account number 94086678;

      i.     Any and all monies, assets, and funds contained in Binance.us account number 35000066; and

      j.     Any and all monies, assets, and funds contained in Binance.us account number 35155204.

     109.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third person; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

                    (Title 18, United States Code, Section 981;
                      Title 18, United States Code, Section 982;
                 Title 21, United States Code, Section 853; and
                 Title 28, United States Code, Section 2461.)

FOREPERSON
3/29/23

DAMIAN WILLIAMS
United States Attorney

KENNETH A. POLITE, JR.
Assistant Attorney General
Criminal Division

43