# Exhibit 3

# CHAPTER 96

# EXTRADITION

LIST OF AUTHORISED PAGES

1 – 14B      LRO 1/2006
15 – 21      Original

# ARRANGEMENT OF SECTIONS

### PART I
### PRELIMINARY

SECTION

1.      Short title.
2.      Interpretation.
3.      Application of the provisions of this Act to designated Commonwealth States.
4.      Application of the provisions of this Act to foreign States.
5.      Extradition offences.

### PART II
### EXTRADITION TO APPROVED STATES

6.      Persons liable to be extradited.
7.      General restrictions on extradition.

### PART III
### PROCEEDING FOR EXTRADITION

8.      Authority to proceed.
9.      Arrest for purposes of committal.
10.     Proceedings for committal.
11.     Applications for *habeas corpus*, etc.
12.     Order for extradition and priority of requests.
13.     Discharge of fugitive in case of delay in extraditing.
14.     Evidence.
15.     Custody.
16.     Property found on fugitive.
17.     Fugitive may be extradited without formal extradition proceedings.

### PART IV
### EXTRADITION FROM APPROVED STATES

18.    Extradition of persons to The Bahamas and certain restrictions for other
       offences.
19.    Restoration of person not tried or acquitted.

**PART V**
**MISCELLANEOUS**

20.    Regulations.
21.    Application to offences committed before as well as after the commencement
       of this Act.
22.    Transitional.
23.    Saving of proceedings pending at time of new treaties.

# CHAPTER 96

## EXTRADITION

**An Act to make new provision for the extradition to and from Commonwealth countries and foreign States of persons accused or convicted of certain offences and to provide for matters connected therewith.**

*8 of 1994*
*18 of 2004*
*25 of 2004*

*[Assent 27th May, 1994]*
*[Commencement 19th September, 1994]*

## PART I
## PRELIMINARY

**1.**   This Act may be cited as the Extradition Act.

Short title.

**2.**   (1) In this Act —

Interpretation.

"approved State" means either a designated Commonwealth State or a treaty State, as the circumstances may require;

"court of committal" means a court of committal within the meaning of section 10;

"designated Commonwealth State" means a country designated by order published under section 3, and includes —

(a) a colony, territory, protectorate or other dependency of such country;

(b) a territory for the international relations of which such country is responsible;

(c) a ship or aircraft of, or registered in, such country;

"extradition offence" means an extradition offence within the meaning of section 5 including any offence specified by any other Act to be an extradition offence to which this Act applies;

"extradition treaty" means a treaty or agreement, whether made before or after the commencement of this Act, relating to the extradition of fugitive offenders and which is binding on the Government of The Bahamas;

"extra-territorial offence" means an offence which takes place outside a place over which The Bahamas exercises sovereignty;

"fugitive" means a person who is accused or convicted of an extradition offence committed within the jurisdiction of a Commonwealth country or a foreign state and is or is suspected to be in The Bahamas or in a Commonwealth country or a foreign state;

"*habeas corpus*" means *habeas corpus ad subjiciendum*;

Ch. 54.

"magistrate" means a stipendiary and circuit magistrate appointed under the Magistrates Act;

"Minister" means the Minister assigned responsibility for extradition;

"provisional warrant" means a warrant issued under section 9(1)(b);

"race" includes tribe;

"treaty State" means —

(a) a foreign State in relation to which an order under section 4 is for the time being in force and includes —

(i) a colony, territory, protectorate or other dependency of such State;

(ii) a territory for the international relations of which such State is responsible; and

(iii) a ship or aircraft of, or registered in, such State;

(b) in so far as an offence which is an extradition offence by virtue of any other Act or subsection (2) of section 5, a foreign or contracting State to which that Act or subsection, as the case may be, applies;

(c) in so far as Article 8 of the Hague Convention requires, a contracting party to that Convention.

(2)  For the purposes of this Act, a person convicted of an offence in his absence shall be treated as a person accused of that offence.

(3)   For the purposes of this Act, an offence against the law of an approved State may be regarded as being an offence of a political character notwithstanding that there are no competing political parties in that State.

(4)   References in this Act to the law of any country or State include references to the law of any part of that country or State.

**3.** (1) The Minister may, by order published in the *Gazette*, designate a Commonwealth country as a designated Commonwealth State for the purposes of this Act.

*Application of the provisions of this Act to designated Commonwealth States.*

(2)   The Minister may, by order published in the *Gazette*, direct that this Act shall have effect for the return of persons to, or in relation to persons returned from any designated Commonwealth State subject to such exceptions, adaptations or modifications as are specified in the order.

**4.** (1) Where an extradition treaty has been made with any foreign State, whether before or after the commencement of this Act, the Minister may, by order, declare that the provisions of this Act shall apply in respect of such foreign State, subject to such exceptions, adaptations or modifications, as the Minister, having due regard to the terms of such treaty, may deem expedient to specify in the order for the purposes of implementing such terms.

*Application of the provisions of this Act to foreign States.*

(2)   As regards any treaty or agreement made prior to the commencement of this Act in relation to the extradition of fugitive offenders, all instruments made under any enactment (whether in The Bahamas or in the United Kingdom) to give effect in The Bahamas to the treaty or agreement, if in force at the date of commencement of this Act, shall continue to have effect as if made under this Act until other provision is made pursuant to subsection (1).

(3)   The Minister may by order, compile and publish in the *Gazette* a list of foreign States with which extradition treaties or agreements binding on The Bahamas are in force; and, without prejudice to the definition of "treaty state" in section 2(1) or to any other form of proof of the existence of such a treaty or agreement, that shall, in any proceedings, be conclusive evidence that an extradition treaty or agreement is in force between The Bahamas and each foreign State named in the list.

Extradition
offences.

**5.**   (1) Without prejudice to subsection (2) for the purposes of this Act, any offence of which a person is accused or has been convicted in an approved State is an extradition offence, if —

(a) in the case of an offence against the law of a designated Commonwealth State —

(i) it is an offence which is punishable under that law with imprisonment for a term of two years or any greater punishment; and

(ii) the act or omission constituting the offence, or the equivalent act or omission, would constitute an offence against the law of The Bahamas if it took place within The Bahamas (or in the case of an extra-territorial offence, in corresponding circumstances outside The Bahamas) and would be punishable under the law of The Bahamas with imprisonment for a term of two years or any greater punishment;

(b) in the case of an offence against the law of a treaty State —

(i) it is an offence which is provided for by the extradition treaty with that State; and

(ii) the act or omission constituting the offence, or the equivalent act of omission, would constitute an offence against the law of The Bahamas if it took place within The Bahamas or, in the case of an extra-territorial offence, in corresponding circumstances outside The Bahamas.

(2)  Any offence constituted by an act, including an act taking place in The Bahamas that is of a kind over which Contracting States to an international Convention to which The Bahamas is a party are required by that Convention to establish jurisdiction is an extradition offence for the purposes of this Act and shall be deemed to be committed within the jurisdiction of any such Contracting State that appears to a court in The Bahamas having regard to the provisions of the Convention, to be appropriate.

(3)  Any offence which the Minister under his hand certifies is the subject matter of a request received from an approved State for the purposes of section 8 and that he is satisfied is constituted by acts in furtherance of the possession, distribution, importation or manufacture of dangerous drugs is an extradition offence for the purposes of this Act and of the extradition treaty with that approved State.

## PART II
## EXTRADITION TO APPROVED STATES

**6.**   Subject to this Act, a person found in The Bahamas who is accused of an extradition offence in any approved State or who is alleged to be unlawfully at large after conviction of such an offence in any such State, may be arrested and returned to that State as provided by this Act.

*Persons liable to be extradited.*

**7.**   (1) A person shall not be extradited under this Act to an approved State or committed to or kept in custody for the purposes of such extradition if it appears to the Minister, to the court of committal or to the Supreme Court on an application for *habeas corpus* —

*General restrictions on extradition.*

(a)  that the offence of which that person is accused or was convicted is an offence of a political character or that it is an offence under military law which is not also an offence under the general criminal law; or

(b)  that the request for extradition, though purporting to be on account of an extraditable offence, is in fact made for the purpose of prosecuting or punishing him on account of his race, religion, nationality or political opinions; or

(c)  that he might, if extradited, be denied a fair trial or punished, detained or restricted in his personal liberty by reason of his race, religion, nationality or political opinions; or

(d)  if the offence of which that person is accused is statute-barred in the approved State that has requested his extradition; or

(e)  if his extradition is prohibited by any law in force in The Bahamas.

(2)  A person accused of an offence or alleged to be unlawfully at large after being convicted of an offence shall not be extradited to any approved State, or be committed to or kept in custody for the purposes of his extradition, if it appears to the Minister, to the court of committal or to the Supreme Court on an application for *habeas corpus* that if charged with that offence in The Bahamas he would be entitled to be discharged under any rule of law relating to previous acquittal or conviction.

*25 of 2004.*

Ch. 107.

(3) Paragraph (a) of subsection (1) shall not apply to a crime referred to under sections 3 and 5 of the Anti-Terrorism Act.

(4)  A person shall not be extradited to an approved State or be committed to or kept in custody for the purposes of such extradition, unless provision is made by the law of that State, or by an arrangement made with that State, for securing that he will not —

(a)  be tried or detained with a view to trial for or in respect of any offence committed before his extradition under this Act other than —

　　(i) the offence in respect of which his extradition is requested;

　　(ii) any lesser offence proved by the facts proved before a court of committal or, in relation to a fugitive brought before a magistrate pursuant to section 17, any lesser offence disclosed by the facts upon which the request for his extradition is based; or

　　(iii) any other offence being an extraditable offence in respect of which the Minister consents to his being so dealt with;

(b)  without the consent of the Minister, be returned or surrendered to another State or detained with a view to such return or surrender,

unless he had first been restored to The Bahamas, or had had an opportunity of leaving the approved State.

(5)  Any such arrangement as is mentioned in subsection (4) may be an arrangement made for the particular case or an arrangement of a more general nature; and for the purposes of that subsection a certificate issued by or under the authority of the Minister confirming the existence of an arrangement with any approved State and

stating its terms shall be conclusive evidence of the matters contained in the certificate.

(6) As regards any request by an approved State, the reference in this section to an offence of a political character does not include —

(a) an offence or an attempt to commit an offence which is extraditable pursuant to a multilateral treaty or convention —

(i) to which both The Bahamas and the approved State are parties;

(ii) the purpose of which is to prevent or repress a specific category of offences; and

(iii) which imposes on States an obligation either to extradite the person sought or to submit the matter to the competent authorities for decision as to prosecution; or

(b) an offence or an attempt to commit an offence against the law relating to genocide or the aiding, abetting, inciting, counselling or procuring of the offence or a conspiracy by persons to commit the offence.

## PART III
## PROCEEDINGS FOR EXTRADITION

**8.** (1) Subject to the provisions of this Act relating to provisional warrants, a person shall not be dealt with under this Act except in pursuance of an order of the Minister (in this Act referred to as an "authority to proceed") issued in pursuance of a request made to the Minister by or on behalf of an approved State in which the person to be extradited is accused or was convicted.

*Authority to proceed.*

(2) There shall be furnished with any request made for the purposes of this section by or on behalf of any approved State —

(a) in the case of a person accused of an offence, a warrant for his arrest issued in that State; or

(b) in the case of a person unlawfully at large after conviction of an offence, a certificate of the conviction and sentence in that State and a statement of the part, if any, of that sentence which has been served,

together with in each case, the particulars of the person whose extradition is requested, and of the facts upon which

and the law under which he is accused or was convicted, and evidence sufficient to justify the issue of a warrant for his arrest under section 9.

(3)  On receipt of such a request the Minister may issue an authority to proceed, unless it appears to him that an order for the extradition of the person concerned could not lawfully be made, or would not in fact be made, in accordance with the provisions of this Act.

Arrest for
purposes of
committal.

**9.**    (1) A warrant for the arrest of a person accused of an extradition offence, or alleged to be unlawfully at large after conviction of such an offence, may be issued —

(a)   on receipt of an authority to proceed, by a magistrate; or

(b)   without such an authority, by a magistrate upon information that such person is in The Bahamas or is believed to be on his way to The Bahamas; so, however that the warrant, if issued under this paragraph, shall be provisional only.

(2)  A warrant of arrest under this section may be issued upon such information as would, in the opinion of the magistrate authorise the issue of a warrant for the arrest of a person accused of committing a corresponding offence or, as the case may be, of a person alleged to be unlawfully at large after conviction of an offence, within the jurisdiction of the magistrate.

(3)  A warrant of arrest issued under this section (whether or not it is a provisional warrant) may, without an endorsement to that effect, be executed in any part of The Bahamas, whether such part is within or outside the jurisdiction of the magistrate by whom it is so issued and may be so executed by any person to whom it is directed or by any constable.

(4)  Where a provisional warrant is issued, the magistrate by whom it is issued shall forthwith give notice of the issue to the Minister, and transmit to him the information and evidence, upon which it was issued; and the Minister may in any case, and shall, if he decides not to issue an authority to proceed in respect of the person to whom the warrant relates, by order cancel the warrant and, if that person has been arrested thereunder, discharge him from custody.

(5)  Where a warrant is issued under this section for the arrest of a person accused of an offence of stealing or receiving stolen property or any other offence in respect of

property the magistrate shall have the same power to issue a warrant to search for the property as if the offence had been committed within his jurisdiction.

**10.** (1) A person arrested in pursuance of a warrant issued under section 9 shall, unless previously discharged under subsection (4) of that section, be brought as soon as practicable before a magistrate (in this Act referred to as "the court of committal") who shall hear the case in the same manner, as nearly as may be, as if he were conducting a preliminary inquiry under the Criminal Procedure Code and as if that person were brought before him charged with an indictable offence committed within his jurisdiction.

Proceedings for committal.

(2) For the purposes of proceedings under this section, a court of committal shall have, as nearly as may be, the like jurisdiction and powers (including power to remand in custody or to release on bail) as it would have if it were conducting a preliminary inquiry and the person arrested were charged with an indictable offence committed within its jurisdiction.

(3) Where the person arrested is in custody under a provisional warrant and no authority to proceed has been received in respect of him, the court of committal may, subject to subsection (4), fix a reasonable period (of which the court shall give notice to the Minister) after which he shall be discharged from custody unless an authority to proceed has been received.

(4) Where an extradition treaty applicable to any request for extradition specifies a period (hereinafter referred to as the treaty period) for the production of documents relevant to an application for extradition, any period fixed pursuant to subsection (3) shall be as to terminate at the end of the treaty period.

(5) Where an authority to proceed has been issued in respect of the person arrested and the court of committal is satisfied, after hearing any evidence tendered in support of the request for the extradition of that person or on behalf of that person, that the offence to which the authority relates is an extradition offence and is further satisfied —

    (a)   where the person is accused of the offence, that the evidence would be sufficient to warrant his trial for that offence if the offence had been committed in The Bahamas; or

    (b)   where the person is alleged to be unlawfully at large after conviction for the offence, that he has been so convicted and appears to be so at large,

the court of committal shall, unless his committal is prohibited by any other provision of this Act, commit him to custody to await his extradition under this Act; but if the court of committal is not so satisfied or if the committal of that person is so prohibited, the court of committal shall discharge him from custody.

(6) The fact that the person against whom extradition proceedings have been taken is the subject of other pending criminal proceedings in The Bahamas or is undergoing a sentence of imprisonment in The Bahamas shall not prohibit the court of committal from proceeding on the extradition request.

(7) If the court of committal refuses to make an order under subsection (5) in relation to a person in respect of the offence or, as the case may be, any of the offences to which the authority to proceed relates, the approved State seeking the surrender of that person to it may question the proceeding on the ground that it is wrong in law by applying to the court to state a case for the opinion of the Supreme Court on the question of law involved.

(8) If the approved State immediately informs the court of committal that it intends to make such an application, the court shall make an order providing for the detention of the person to whom the authority to proceed relates, or directing that he shall not be released except on bail.

(9) The provisions of sections 231, 235, 237, 239, 243 and 244 of the Criminal Procedure Code Act shall, as they apply to an appeal by way of case stated, apply *mutatis mutandis* to an application under subsection (7).

(10) The Supreme Court shall have power —

    (a)   to remit the case to the court of committal to decide it according to the opinion of the Supreme Court on the question of law; or

    (b)   to dismiss the appeal.

(11) Where the Supreme Court dismisses an appeal relating to an offence, it shall by order declare that that offence is not an offence in respect of which the Minister has power to make an order for return in respect of the person whose return was requested.

(12) An order by a court of committal under subsection (8) shall cease to have effect if —

(a) the Supreme Court dismisses the appeal in respect of the offence or all the offences to which it relates; and

(b) the approved state does not immediately —

   (i) appeal to the Court of Appeal; or

  (ii) inform the Supreme Court that it intends to so appeal.

(13) Subsection (1) of section 17, other than the proviso thereto, of the Court of Appeal Act shall apply to an appeal referred to in subsection (12). *Ch. 52.*

(14) The Court of Appeal may exercise any powers of the Supreme Court under subsection (10) and subsection (11) shall apply to them as it applies to that Court.

(15) Subject to subsection (12) an order under subsection (8) shall have effect so long as the case is pending.

(16) For the purposes of this section a case is pending (unless proceedings are discontinued) until (disregarding any power of a court to grant leave to take any step out of time) there is no step that the approved State can take.

**11.** (1) Where a person is committed to custody under section 10(5), the court of committal shall inform him in ordinary language of his right to make an application to the Supreme Court for *habeas corpus* and shall forthwith give notice of the committal to the Minister. *Applications for habeas corpus, etc.*

(2) A person committed to custody under section 10(5) shall not be extradited under this Act —

(a) in any case, until the expiration of the period of fifteen days commencing on the day on which the order for his committal is made; and

(b) if an application for *habeas corpus* is made in his case, so long as proceedings on the application are pending.

(3)  On any such application the Supreme Court may, without prejudice to any other power of the Court, order the person committed to be discharged from custody if it appears to the Court that —

    (a)  by reason of the trivial nature of the offence of which he is accused or was convicted; or

    (b)  by reason of the passage of time since he is alleged to have committed the offence or to have become unlawfully at large, as the case may be; or

    (c)  because the accusation against him is not made in good faith in the interest of justice,

it would, having regard to all circumstances, be unjust or oppressive to extradite him.

(4)  On any such application the Supreme Court may receive additional evidence relevant to the exercise of its jurisdiction under section 7 or under subsection (3) of this section.

*18 of 2004.[1]*

(5)  An appeal shall lie to the Court of Appeal in any proceedings upon application for habeas corpus under subsection (1) against an order for the release of the person restrained as well as against the refusal of such order and for that purpose the Court of Appeal may exercise, as the Court deems fit, any of the powers conferred upon it by subsection (4) of section 21 of the Court of Appeal Act.

Ch. 52.

*18 of 2004.*

(6)  An appeal under subsection (5) shall not affect the right of the person restrained to be discharged in pursuance of the order under appeal and to remain at large pending the determination of the appeal unless an order under subsection (7) is in force.

*18 of 2004.*

(7)  Notwithstanding subsection (6), in the case of an application to the Supreme Court for *habeas corpus* where the applicant would, but for the decision of the Court, be liable to be detained, and immediately after that decision the respondent gives notice that he intends to appeal, the Court may make an order providing for the detention of the applicant, or directing that he shall not be released except on bail so long as any appeal under this Act is pending.

---

[1] Subsections (5), (6) and (7) as inserted by Act 18 of 2004 apply to all pending extradition proceedings commenced before the 2nd September 2004 except in the case where a final order for a writ of habeas corpus has been granted.

**12.** (1) Where a person is committed to await his extradition and is not discharged by order of the Supreme Court, the Minister may, by warrant, order him to be extradited to the approved State by which the request for the extradition was made unless the extradition of that person is prohibited, or prohibited for the time being, by section 7 or by this section, or the Minister decides under this section to make no such order in his case.

Order for extradition and priority of requests.

(2)  The Minister may in the case of a person who is serving a sentence of imprisonment or detention or is charged with an offence, in The Bahamas —

(a)  defer the making of an order under this section —

   (i)  until the sentence has been served; or

  (ii)  until the charge is disposed of or withdrawn and, if it results in a sentence of imprisonment (not being a suspended sentence), until the sentence has been served;

*The next page is 14B and is intentionally blank*

*This page is intentionally blank; the next page is 15*

      (b)  make an order for extradition, on such terms as may be agreed with the approved State which requested the extradition, for such period as may be necessary to permit proceedings in that State against that person for the offence in respect of which his extradition is requested.

(3)  The Minister shall not make an order under this section in the case of any person if it appears to the Minister, on the grounds mentioned in subsection (3) of section 11, that it would be unjust or oppressive to extradite that person.

(4)  The Minister may decide to make no order under this section in the case of a person accused or convicted of an extradition offence not punishable with death in The Bahamas if that person could be or has been sentenced to death for that offence in the approved State by which the request for his return is made; and for the purposes of this subsection the Minister may take into account any assurance given by the requesting State that the death penalty if imposed, will not be carried out.

(5)  The Minister may decide to make no order under this section for the extradition of a person committed in consequence of a request made by or on behalf of an approved State if another request for his extradition under this Act has been made on behalf of another approved State and it appears to the Minister, having regard to all the circumstances of the case, and in particular —

      (a)  the relative seriousness of the offences in question;

      (b)  the date on which each such request was made; and

      (c)  the nationality or citizenship of the person concerned and his ordinary residence,

that preference should be given to the other request.

(6)  Notice of the issue of a warrant under this section shall forthwith to be given to the person to be extradited thereunder and thereupon the provisions of the Prisons Act shall apply with respect to that person as if, subject to such arrangements as the Minister may approve with regard to custody or other factors required for the purposes of giving effect to this Act, the warrant were directions in writing issued under section 19 of the Prisons Act.

**CH.96 –** 16]                              EXTRADITION

---

Discharge of fugitive in case of delay in extraditing.

**13.** (1) If any person committed to await his extradition is in custody in The Bahamas under this Act after the expiration of the following period, that is to say —

(a) in any case, the period of two months commencing with the first day on which, having regard to subsection (2) of section 11, he could have been extradited; or

(b) where a warrant for his extradition has been issued under section 12, a period of one month commencing with the day on which that warrant was issued,

he may apply to the Supreme Court for his discharge.

(2) If upon any such application the Supreme Court is satisfied that reasonable notice of the proposed application has been given to the Minister, the Supreme Court may, unless sufficient cause is shown to the contrary, by order direct the applicant to be discharged from custody and, if a warrant for his extradition has been issued under section 12, quash that warrant.

Evidence.

**14.** (1) In any proceedings under this Act, including proceedings on an application for *habeas corpus* in respect of a person in custody under this Act —

(a) a document, duly authenticated, which purports to set out testimony given on oath in an approved State shall be admissible as evidence of the matters stated therein;

(b) a document, duly authenticated, which purports to have been received in evidence, or to be a copy of a document so received in any proceedings in an approved State shall be admissible in evidence; and

(c) a document, duly authenticated, which certifies that —

(i) the person was convicted on the date specified in the document of an offence against the law of an approved State; or

(ii) that a warrant for his arrest was issued on the date specified in the document,

---

shall be admissible as evidence of the conviction or evidence of the issuance of a warrant\ for the arrest of the accused, as the case may be, and the other matters stated therein.

(2) Nothing in this section shall render admissible hearsay evidence in a duly authenticated document which evidence would otherwise not be admissible under any other law save that the inclusion in that document of the hearsay evidence shall not of itself render that document inadmissible.

(3) A document shall be deemed to be duly authenticated for the purposes of this section —

(a) in the case of a document which purports to set out testimony given as referred to in subsection (1)(a), if the document purports to be certified by a judge, magistrate or officer of the Court in or of the approved State in question or an officer of the diplomatic or consular service of that State to be the original document containing or recording that testimony or a true copy of that original document;

(b) in the case of a document which purports to have been received in evidence as referred to in subsection (1)(b) or to be a copy of a document so received, if the document purports to be certified as aforesaid to have been, or to be a true copy of a document which has been so received; or

(c) in the case of a document which certifies that a person was convicted or that a warrant for his arrest was issued as referred to in subsection (1)(c), if the document purports to be certified as aforesaid,

and in any such case the document is authenticated either by the oath of a witness or by the official seal of a Minister of the approved State in question.

(4) In this section "oath" includes affirmation or declaration.

(5) A document purporting to be issued under the hand of the Minister for the purposes of section 5(3) shall be admissible in evidence in any proceedings under this Act and shall be *prima facie* evidence of the facts stated in that document.

(6)   Nothing in this section shall prevent the proof of any matter, or the admission in evidence of any document, in accordance with any other law of The Bahamas.

Custody.

**15.** (1) Any person remanded or committed to custody under section 10 shall be committed to the like institution as a person charged with an offence before the court of committal.

(2)   If any person who is in custody by virtue of a warrant under this Act escapes from custody, he may be apprehended in any part of The Bahamas in like manner as a person escaping from custody under a warrant for his arrest issued in that part in respect of an offence committed therein.

(3)   Where a person being in custody in any part of The Bahamas whether under this Act or otherwise, is required to be removed in custody under this Act or otherwise, is required to be removed in custody under this Act to another part of The Bahamas and is so removed, he shall be deemed to continue in legal custody until he reaches the place to which he is required to be removed.

(4)   A warrant issued under section 12 for the extraction of any person to any approved State shall be sufficient authority for all persons to whom it is directed and for all police or prison officers to receive that person and keep him in custody and convey him into the jurisdiction of that State.

(5)   Any warrant or order required to be issued or made by the Minister under the provisions of this Act shall be in such form (if any) as may be prescribed and shall be given under the hand of the Minister.

Property found on fugitive.

**16.**   Everything found in the possession of a fugitive at the time of his arrest which may be material as evidence in proving the extradition offence may be delivered with the fugitive on his extradition, subject to any rights of third parties with respect thereto.

Fugitive may be extradited without formal extradition proceedings.

**17.** (1) Where a fugitive arrested pursuant to a warrant under section 9 indicates that he is willing to be extradited he shall be brought before a magistrate who shall inform him of his right to formal extradition proceedings under this Act.

(2)  If the fugitive, upon being informed of his right to extradition proceedings, consents in writing to be extradited without such proceedings, the magistrate shall commit him to custody to await his extradition under this Act.

(3)  Subject to subsection (4), where a fugitive is committed to custody to await his extradition pursuant to subsection (2), the Minister may, notwithstanding the provisions of section 11, order him to be extradited forthwith to the approved State by which the request for extradition was made.

(4)  In making an order under subsection (3) the Minister shall have regard to the provisions of section 7 and to the requirements of section 12(2), (3), (4) and (5) relating to the making of an order under that section.

# PART IV
## EXTRADITION FROM APPROVED STATES

**18.** (1) This section applies to any person accused or convicted of an offence under the law of The Bahamas and who is extradited to The Bahamas from any approved State under any law that provides for the extradition of fugitive offenders from that State.

*Extradition of persons to The Bahamas and certain restrictions for other offences.*

(2)  A person to whom this section applies shall not, during the period described in subsection (3) —

(a)  be tried in The Bahamas or be detained with a view to trial in The Bahamas for or in respect of any offence committed before he was extradited to The Bahamas other than —

(i)  the offence in respect of which his extradition is requested;

(ii)  any lesser offence proved by the facts established for the purposes of securing his extradition or, in the case of a fugitive who is extradited to The Bahamas without formal extradition proceedings in an approved State, any lesser offences disclosed by the facts upon which the request for extradition was based;

(iii) any other offence being an extraditable offence, in respect of which the Government of the approved State from which he was extradited may consent to his being so tried or detained; or

(b) without the consent of the approved State from which he was extradited —

(i) be returned or surrendered to any country other than the approved State from which he was extradited; or

(ii) detained with a view to such return or surrender as aforesaid.

(3)  The period referred to in subsection (2) in relation to a person to whom this section applies is the period commencing on the day of this arrival in The Bahamas on his extradition and ending forty-five days after the first subsequent day on which he has the opportunity to leave The Bahamas.

(4)  Nothing in this section shall prevent the trial, or detention with a view to trial, for any offence of a person who, having left The Bahamas after the date on which he was extradited to The Bahamas, voluntarily returns thereto.

Restoration of person not tried or acquitted.

**19.**  (1) This section applies to any person accused of an offence under the laws of The Bahamas who is extradited to The Bahamas as mentioned in subsection (1) of section 18.

(2)  If in the case of a person to whom this section applies, either —

(a) proceedings against him for the offence for which he was extradited are not begun within the period of six months commencing with the day of his arrival in The Bahamas on being extradited; or

(b) on his trial for that offence he is acquitted or discharged,

the Minister may, if he thinks fit, on the request of that person, arrange for him to be sent back free of charge and with as little delay as possible to the country from which he was extradited.

# PART V
## MISCELLANEOUS

**20.** The Minister may make regulations in respect of all such matters as are required or necessary for carrying out or giving effect to this Act and, in particular, in respect of any matter required by this Act to be prescribed.

*Regulations.*

**21.** A fugitive whose extradition is sought by an approved State, or from such state to The Bahamas shall, subject to the provisions of this Act, be liable to be dealt with under this Act whether the offence in respect of which he has been accused or convicted was committed before or after the commencement of this Act:

*Application to offences committed before as well as after the commencement of this Act.*

Provided that nothing in this Act shall be construed as having the effect of authorising the extradition of a person from or to The Bahamas for an offence committed prior to the date of the coming into operation of this Act and for which offence he was not liable to be so extradited by virtue of the law immediately in force prior to that date.

**22.** Any proceedings in connection with a request for extradition made before the commencement of this Act may be instituted or continued under this Act.

*Transitional.*

**23.** Where an extradition treaty which is binding on The Bahamas is replaced by another extradition treaty made between The Bahamas and a foreign State, the replacement shall not prejudice any proceedings pending at the time of the replacement.

*Saving of proceedings pending at time of new treaties.*