# Exhibit I

## D—EXTRADITION

## III.—Conditions of Extradition. Extraditable Crimes

The individual in international law—Extradition—Conditions of —Extraditable crimes—Principle of specialty—Belgium-Switzerland Supplementary Extradition Convention, 1882—New charge based on same facts as those on which extradition request granted —Whether a violation of Convention—The law of Belgium

DECORTE *v.* SOCIÉTÉ ANONYME GROUPE D'ASSURANCES NEDLLOYD AND OTHERS

*Belgium, Court of Cassation (Second Chamber).*   17 *May* 1971.

(Perrichon, *President;* Closon, *Rapporteur;* Delange, *Advocate General*)

SUMMARY: *The facts:*—The appellant was handed over by the Swiss authorities to the Belgium authorities, following a request by Belgium for his extradition in respect of various accusations of fraud and theft. Following his extradition the accused was charged only with receiving stolen goods and was convicted. He appealed, arguing that the alteration of the charge against him was a violation of the principle of specialty contained in Article 1(2) of the Belgium-Switzerland Supplementary Convention on Extradition, 1882. The Court of Appeal held that the facts charged were amongst those on which the earlier proceedings had been based and that the rights of the defence had been safeguarded. A further appeal was lodged before the Court of Cassation.

*Held:*—The appeal was dismissed.

It was certainly true that an extradited person could not be tried in the country to which he had been surrendered, without either the consent of the country which surrendered him or his request, for an offence committed prior to the extradition and not provided for in the extradition treaty between the two countries. Nevertheless the qualification given to the facts in the extradition request made by the requesting State could be modified by the courts of that State provided the facts charged remained the same and, under its new designation, the offence was provided for in the treaty.

The following is the text of the judgment of the Court:

The Court has considered the judgment under appeal rendered by the Court of Appeal of Brussels on 16 February 1971.

I. On the appeal against the decision rendered in the criminal proceedings—

On the first ground based on the violation of Article 1 of the Supplementary Convention to the Extradition Convention between Belgium and Switzerland concluded on 11 September 1882:

Notwithstanding the decision to extradite the applicant made by the Swiss authorities on the basis of accusations of false entries, the use of fraud, theft with cat-burglary and house-breaking or the use of skeleton keys, with which he was charged under a warrant of arrest issued against him on 20 November 1967 by the examining magistrate attached to the Tribunal of First Instance of Brussels, these accusations of theft were reduced to accusations of receiving stolen goods before the Court of Appeal of Brussels and it was exclusively on the basis of these new accusations of receiving stolen goods that the applicant was convicted.

[This is alleged to constitute a valid ground of appeal] because the Extradition Convention with Switzerland provides, in particular, in Article 1(2):

An extradited person shall not be prosecuted and sentenced for a crime or misdemeanor provided for by the Convention, committed prior to extradition but other than that which grounded the extradition, without the consent of the government which surrendered the extradited person; ... Nevertheless this consent shall not be necessary where the accused has spontaneously asked to be judged or punished or where he has not left, within the time limit fixed above, the territory of the State to which he was surrendered.

[The second part of this ground consists in] the fact that the applicant, called to appear before the *Tribunal correctionnel,* stated that he referred for a judicial decision the question of the disqualification of the accusation of theft.

[This is alleged to constitute a valid ground of appeal] because these terms do not satisfy the requirement of a spontaneous request laid down in Article 1 of the Extradition Convention, from which it follows that this provision was violated.

On the two parts taken together:

Having noted that it was not proved to the extent required by law that the applicant had committed the fraud with which he was charged and that, before the judge at first instance, he stated that he "referred for judicial decision" the accusations of receiving stolen goods notified to him, the Court of Appeal held that the facts charged in this new accusation were amongst those on which the [earlier] proceedings had been based and that the rights of the defence had been safeguarded.

It is certainly true that an extradited person cannot be judged, in the country to which he has been surrendered, without the consent of the country which surrendered him or without his request, for an offence committed prior to the extradition and not provided for in the extradition treaty between the two countries. Nevertheless the qualification given to the facts in the extradition request made by the

requesting State may be modified by the courts of that State where the facts [charged] remain the same and, under its new designation, the offence is provided for in the treaty.

The offences of theft and receiving stolen goods are both provided for in the Extradition Convention of 13 May 1874 between Belgium and Switzerland in Article 2(22) and (37). The Court of Appeal was therefore legally entitled to convict the applicant of receiving stolen goods, notwithstanding the absence of express consent by the government which had surrendered the applicant and without the latter having either spontaneously requested to be judged for the offences reclassified as receiving stolen goods, or waived the guarantees and the extradition procedure.

This ground of appeal cannot be accepted.

[The Court then considered the second and third grounds of appeal, based on alleged procedural irregularities and rejected them both. Finally the Court examined the appeal against the decision rendered in the parallel civil actions and held that this part of the appeal was inadmissible.]

For these reasons the appeal is dismissed and the applicant is ordered to pay the costs.

[Report: *Pas.* 1971, I, p. 859 (in French).]

The individual in international law—Extradition—Conditions of — Extraditable crimes—Conspiracy to import narcotic drugs — Whether crime 'against laws for suppression of traffic in narcotics' — Narcotic Control Act 1970 — Extradition Act 1970 — Canada-United States Supplementary Convention on Extradition, 1925—The law of Canada

COTRONI *v.* ATTORNEY-GENERAL OF CANADA

*Canada, Supreme Court.*   23 *October* 1974

(Laskin C.J.C., Martland, Judson, Ritchie, Spence, Pigeon, Dickson, Beetz and de Grandpré JJ.)

SUMMARY: *The facts:*—The appellant had been convicted in the United States of conspiracy to import narcotic drugs. He was given bail pending the hearing of his appeal and fled. He was subsequently arrested in Canada.