



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 14, 2023

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *United States v. Samuel Bankman-Fried*, S5 22 Cr. 673 (LAK)

Dear Judge Kaplan:

   The Government writes regarding the status of discovery and in response to the defendant's letter dated June 5, 2023. (Dkt. 153).

   The Government has now made seven discovery which were accompanied by detailed indices and include the materials discoverable under Rule 16 that underlie the charges contained in the Indictment.

   The defendant asserts that the Government did not produce certain materials on the timeline that was described during the March 10 and March 30, 2023, conferences. While Government regrets the delays, they were the product of technical issues relating to device extraction and document exporting that the Government has worked diligently to address. The production the Government had said would be made in the first week of April was delayed two weeks because it needed to be reprocessed and re-bates stamped after an error in the original export was identified. Several devices that the Government believed would be fully extracted and in a producible format in April took until May to complete. And while the FBI's responsiveness review of 30 Google accounts was substantially complete by approximately the end of April, it took weeks for the Government's vendor to image, stamp, and create a load file for over 2 million Google documents and emails in order to produce those materials to the defendant in a reviewable format. In any event, because these materials have been produced, months before trial, no relief is warranted.

   In his letter, the defendant has identified several items that, as of the writing that letter, had not been produced but that he believed would be relevant for trial. Since receiving that letter, the Government has produced additional materials, mooting some of the defendant's requests. Below is the status of each of the items listed in the defendant's letter, taken in the order of the defendant's list.

1. *Gary Wang's laptop*: The Government has now produced the non-privileged portions of the physical and logical extractions of Gary Wang's laptop. The only remaining non-privileged portion of the laptop that has not been produced is Slack data. The Slack data will be converted to files loadable to Relativity, and after they have been screened for privileged material, those files will be produced to the defendant.

2. *Google search warrant documents:* The Government has produced (i) all of the Google materials for the defendant's accounts; and (ii) all the responsive materials from the other Google accounts. There are two categories of material that bear noting. First, there are approximately 4,000 Google Docs from certain of the defendant's email accounts that were previously marked as potentially privileged, which were only recently released to the prosecution team. Although the defendant already has these materials in full, the Government is completing its responsiveness review of these records and will produce or identify the responsive set. Second, Google failed to produce Google Docs and Google Drive content for one of the defendant's email accounts. Those materials are not currently in the Government's possession, but the Government will promptly produce those to the defendant upon receipt from Google.

3. *iCloud search warrant returns re FCPA*: The search warrant returns from an iCloud account of an individual involved in the FCPA conspiracy have now been produced. There are some records in a foreign language that the Government is having translated, and in the event any of the records are responsive, they will be produced.

4. *Telegram chats from Caroline Ellison's cellphone:* These records have been produced.

5. *Contents of two cellphones seized on April 27, 2023*: One of these cellphones is locked and the Government does not expect it will be accessible in advance of the October trial date, but will update the defendant if the data become available. The other cellphone is unlikely to contain data relating to the charged offenses in this case and therefore the Government has offered to the defendant to exclude this device from discovery and not use any material from it at trial.

6. *Additional subpoena returns:* The Government will continue to produce records on a rolling basis as they are received.

7. *Metadata issues*: The Government has offered to the defendant to assist on metadata questions. On May 26, 2023, prior to the filing of the defendant's letter, the Government provided information to the defendant in an email about the metadata fields the defense inquired about. The Government has not received additional questions about this issue.

8. *FTX code:* The Government believes that FTX code and code history data requested by the defendant is contained on the extractions of Gary Wang's laptop that were recently produced in discovery. Additionally, while the Government disagrees that it is under any legal obligation to obtain FTX's codebase history from the FTX Debtors, *see* Gov't Opp. to Def.'s Motion (Dkt. 149) at 77–78, the Government nonetheless

recently inquired with counsel for the FTX Debtors about the possibility of the full codebase history being produced in a secure manner to the Government, with appropriate provision to the defendant.

Throughout the discovery process, the parties have met and conferred on discovery issues, including on multiple occasions since the March 30th conference. The Government has committed to continue to update the defendant on the status of discovery and produce materials as they become available on a rolling basis. The defendant has not sought an adjournment based on the issues described in his June 5th letter, or any other relief from the Court. The suggestion that some evidence could be precluded, while premature, is also inconsistent with the law, because exclusion of evidence is not a preferred remedy in circumstances of delayed Rule 16 disclosures. *See, e.g.*, *United States v. Monsanto Lopez*, 798 F. App'x 688, 690-91 (2d Cir. 2020) (holding that defendant suffered no prejudice where "he received the materials he argues were untimely produced over a month before trial ultimately began.").

Accordingly, because the discovery issues raised by the defendant are moot or not yet ripe, and because the Government has complied and continues to comply with its discovery obligations, no action from this Court is required.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

  by: /s/ Nicolas Roos
    Nicolas Roos
    Danielle R. Sassoon
    Samuel Raymond
    Thane Rehn
    Danielle Kudla
    Assistant United States Attorneys
    (212) 637-2421

Cc:    Defense Counsel (by ECF)