

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 14, 2023

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *United States v. Samuel Bankman-Fried*, S5 22 Cr. 673 (LAK)

Dear Judge Kaplan:

The Government writes regarding the status of the Government's request to The Bahamas for a waiver of the rule of specialty and in response to the defendant's letter dated June 13, 2023, which attached a June 13, 2023, decision from the Supreme Court of The Bahamas. (Dkt. 160).

As an initial matter, and as set forth in the Government's opposition to the defendant's motion to dismiss on rule-of-specialty grounds, there is no basis to dismiss the additional counts in the superseding indictment. (Dkt. 148). The Government has proceeded in this case in accordance with Article 14 of the extradition treaty between the United States and The Bahamas, which provides a mechanism for seeking the consent of The Bahamas for trial on new charges after extradition. Because the extradition treaty only bars a defendant from being "detained, tried, or punished" on new charges after extradition, the filing of a superseding indictment does not violate the rule of specialty. Indeed, this case is in exactly the same posture as *United States v. Ralston*, 19 Cr. 774 (JSR), 2022 WL 769257 (S.D.N.Y. Mar. 14, 2022), where the court denied the defendants' motion to dismiss pending a decision from the extraditing countries on the Government's request for a specialty waiver. In his reply brief, the defendant notably does not even acknowledge *Ralston*, but instead cites older cases from other districts in arguing for dismissal. (Dkt. 158, at 12-13).

In his reply brief, the defendant seeks an alternative remedy of severance of the new counts from the trial scheduled for October 2. (*Id.* at 13-16). As the Court is aware, when the Government obtained the superseding indictment, it promptly notified The Bahamas of its intention to seek a specialty waiver so that the "executive authority" of The Bahamas would be able to respond to that request well in advance of the trial date. *See* Extradition Treaty, Article 14(1)(b) (the "executive authority" of the extraditing country may consent to trial on new charges post-extradition). However, the defendant has since filed a motion in Bahamian court, apparently seeking the right to "make representations" to the Bahamian executive authorities on whether they should consent to the Government's specialty request. (Dkt. 160-1, at 4). On Tuesday of this week, a court in The

Bahamas granted the defendant leave to file an "application for judicial review" of his motion, and enjoined the Bahamian executive authorities from responding to the Government's request for a specialty waiver while that motion is pending. (*Id.* at 18-19). Regardless of the merits of the defendant's motion in The Bahamas, then, it now appears that litigation of that motion will take some time and may not be resolved until near or even after the trial date.

In light of the uncertainty concerning when The Bahamas will render a decision with respect to specialty, and to simplify the proof at trial and decrease the burden of trial preparation on the defendant, the Government is prepared to proceed to trial as scheduled on the counts contained in the original Indictment, and to consent to discretionary severance under Federal Rule of Criminal Procedure 14 of the additional counts contained in the S5 Indictment.[1] The Government respectfully requests that the Court schedule trial on these counts for the first quarter of 2024, or the nearest time thereafter convenient to the Court, pending resolution of the Government's request for a specialty waiver.

Accordingly, the Government requests that the Court deny the defendant's motion to dismiss on specialty grounds, and order Counts Four, Six, Nine, Ten, and Thirteen severed from the remaining counts in the Indictment. In light of the Government's agreement to sever these counts, the defendant's motions to dismiss these counts are not ripe and should be denied without prejudice until The Bahamas responds to the Government's waiver request. The Government also submits that the defendant's motion for severance of Count Thirteen is moot.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: /s/ Thane Rehn
Nicolas Roos
Danielle R. Sassoon
Samuel Raymond
Thane Rehn
Danielle Kudla
Assistant United States Attorneys
(212) 637-2354

Cc:    Defense Counsel (by ECF)

---

[1] With respect to Count Twelve, which was Count Eight of the original indictment, for the reasons set forth in the Government's opposition brief, the defendant was extradited on this count and may be tried on this count. (*See* Dkt. 148, at 8-11).