

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 29, 2023

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *United States v. Samuel Bankman-Fried*, S5 22 Cr. 673 (LAK)

Dear Judge Kaplan:

      The Government writes regarding a proposed schedule for pretrial filings. At the conference on June 15, 2023, the Government proposed a schedule for filings and disclosure of materials in advance of trial, which it had previously proposed to the defense. The Court indicated at the time that the deadlines for the filing of motions *in limine*, proposed jury instructions, and *Daubert* motions should be shifted earlier. Additionally, since the conference, the Government has conferred with the defense regarding a schedule for the reciprocal disclosure of Government and defense exhibits and witness statements, but the parties have been unable to reach an agreement. Accordingly, the Government proposes the following schedule for filings and disclosures:

| | |
|---|---|
| August 14, 2023: | The Government provides notice to the defendant of evidence it may seek to offer pursuant to Federal Rule of Evidence 404(b). |
| | The parties provide notice to each other, consistent with the requirements of Federal Rule of Criminal Procedure 16, of experts potentially to be called, if any, during the Government's case-in-chief and the defendant's case. |
| | The defendant provides notice to the Government, consistent with the requirements of Federal Rule of Criminal Procedure 12.2 and 16, of his intention to present an advice of counsel defense or a defense based on mental condition or defect. |
| August 21, 2023: | The parties provide notice to each other, consistent with the requirements of Rule 16, of rebuttal experts, if any, to be called during the defendant's case or during the Government's rebuttal case. |
| | The parties file motions *in limine* and proposed jury instructions. |

| | |
|---|---|
| August 28, 2023: | The parties file *Daubert* motions, if any. |
| September 1, 2023: | The parties file oppositions to motions *in limine*. |
| September 8, 2023: | The Government provides to the defendant material covered by 18 U.S.C. § 3500, including material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), other witness materials, and a list of witnesses whom the Government reasonably expects to call in its case-in-chief. The Government would continue to provide witness materials as they are generated on a rolling basis. |
| | The Government provides to the defendant a list of exhibits the Government reasonably expects to seek to introduce during its case-in-chief. This exhibit list will be subject to good-faith revision as the Government continues to prepare its case for trial, including in response to the defense's list of proposed exhibits that it anticipates seeking to introduce into evidence during the Government's case-in-chief. |
| September 11, 2023: | The parties file oppositions to any *Daubert* motions. |
| | The parties file proposed questions for the examination of prospective jurors. |
| September 18, 2023: | Defense counsel provides to the Government a list of exhibits that the defendant reasonably expects to introduce during the Government's case-in-chief or the defendant's case. This exhibit list will be subject to good-faith revision as the defense continues to prepare for its case. |
| | The defendant produces material covered by Federal Rule of Criminal Procedure 16. |
| | Defense counsel provides to the Government material covered by Federal Rule of Criminal Procedure 26.2 and a list of witnesses whom the defendant reasonably expects to call in his case. |

At the Court's suggestion, this proposed schedule shifts the deadline for filings motions *in limine* two weeks earlier, such that they will be due six weeks in advance of trial; it shifts the deadline for proposed jury instructions three weeks earlier, such that they will be due six weeks in advance of trial; and it shifts the deadlines for expert disclosures and *Daubert* motions earlier such that *Daubert* motions will be due five weeks in advance of trial.

Based on recent discussions with defense counsel, the Government understands that the defense prefers to have the Government's witness materials eight weeks before trial and its exhibits seven weeks before trial. At the same time, the defense has rejected the Government's proposed deadline for the defendant's witness list, exhibit list, and Rule 26.2 material, suggesting instead that those materials be provided after the close of the Government's case. While the Jencks Act does not require the production of witness materials prior to a witness's testimony, the Government will agree to produce such materials several weeks in advance of trial to ensure the trial moves

efficiently, provided the defendant acts reciprocally in making an advanced disclosure of 26.2 materials. The proposed reciprocal disclosure schedule, which fixes the defendant's due date two weeks after the Government's, will ensure the efficient administration of trial and fairness for both sides.

With respect to exhibit lists, consistent with Rule 16(b), courts in this District regularly require disclosure of defense exhibits in advance of trial, including over a defendant's objection. *See, e.g.*, *United States v. Shah*, No. 19 Cr. 833 (SHS), Doc. 583, at 7-8 (S.D.N.Y. July 5, 2022) (11 days before trial over objection); *United States v. Melzer*, No. 20 Cr. 314 (GHW), Doc. 131 (S.D.N.Y. Jun. 16, 2022) (11 days before trial over objection); *United States v. Liu*, No. 19 Cr. 804 (VEC), Doc. 177 (S.D.N.Y. Feb. 28, 2022) (12 days before trial over objection); *United States v. Gillier*, No. 11 Cr. 409 (PAE), Doc. 75 (S.D.N.Y. Feb. 1, 2022) (approximately three weeks before trial); *United States v. Avenatti*, No. 19 Cr. 374 (JMF), Doc. 213 (S.D.N.Y. Jan. 7, 2022) (approximately two weeks before trial over objection); *United States v. Shea*, No. 20 Cr. 412 (AT), Doc. 206 (S.D.N.Y. May 4, 2022) (14 days before trial over objection). The term "case in chief" in Rule 16(b) "has been interpreted to encompass 'all non-impeachment exhibits [defendants] intend to use in their defense at trial, whether the exhibits will be introduced through a government witness or a witness called by a defendant.'" *Melzer*, No. 20 Cr. 314 (GHW), Doc. 150, at 13 (quoting *United States v. Napout*, No. 15 Cr. 252 (PKC), 2017 WL 6375729, at *7 (E.D.N.Y. Dec. 12, 2017)). "Nearly every court to consider the issue has concluded the same." *United States v. Crowder*, 325 F. Supp. 3d 131, 136 (D.D.C. 2018) (collecting cases). Therefore, Rule 16 requires that the defendant produce any exhibits he wishes to use in his own case in chief or on cross-examination (except for impeachment) in advance of trial.

For the foregoing reasons, the Government respectfully requests that the Court order the schedule for filings and disclosures set forth above.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: /s/ Nicolas Roos
Nicolas Roos
Danielle R. Sassoon
Samuel Raymond
Thane Rehn
Danielle Kudla
Assistant United States Attorneys
(212) 637-2421

Cc:   Defense Counsel (by ECF)