

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

June 29, 2023

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Samuel Bankman-Fried*, S5 22 Cr. 673 (LAK)

Dear Judge Kaplan:

  We write on behalf of our client, Samuel Bankman-Fried, to respectfully submit the defense's proposed pretrial disclosure schedule. As discussed at the conference on June 15, 2023, the parties have continued to confer regarding a proposed pre-trial disclosure schedule. Unfortunately, we have failed to agree on a joint proposal. The defense has taken into account the Court's comments at the last conference concerning the need for additional time to address any *Daubert* motions, the requests to charge, and the motions *in limine*. Accordingly, the defense proposal is as follows:[1]

  **8 weeks before trial (Aug. 7)**
- Government disclosure of Jencks Act materials and *Giglio* materials for all witnesses (including non-testifying witnesses)
- Government expert notice

  **7 weeks before trial (Aug. 14)**
- Government's witness list and exhibit list
- Rule 404(b) notice and evidence
- Defense expert notice

  **6 weeks before trial (Aug. 21)**
- Motions *in limine* by both parties (including defense opposition to 404(b) evidence)
- Requests to charge

---

[1] Dates upon which the parties agree are highlighted in yellow.

June 29, 2023
Page 2

> **5 weeks before trial (Aug. 28)**
> - *Daubert* motions by both parties
>
> **4 weeks before trial (Sept. 4)**
> - Oppositions to motions *in limine*[2]
>
> **3 weeks before trial (Sept. 11)**
> - Oppositions to *Daubert* motions
> - Proposed voir dire questions[3]
>
> **2 weeks before trial (Sept. 18)**
> - Defense Rule 16 material
>
> **Close of the Government's Case**
> - Defense witness list and exhibit list
> - Defense Rule 26.2 material

We believe this schedule is reasonable in light of the complexity of the case and the voluminous amount of Jencks Act and *Giglio* material we anticipate receiving. The Government proposes to disclose Jencks Act and *Giglio* material and its witness list and exhibit list roughly three weeks before trial, although it indicated to the Court that it was prepared to provide them six weeks before trial (for Jencks Act and *Giglio* materials) and four weeks before trial (for its witness list and exhibit list). *See* Tr. 6/15/2023 Conf. at 45. The Government has already failed to meet its scheduled discovery deadlines and the defense has been prejudiced as a result. Disclosing these critical materials only three weeks before trial is simply not sufficient and will further prejudice Mr. Bankman-Fried's ability to properly prepare his defense.

For example, the Government has already produced a 60-page *Brady* disclosure letter with an accompanying 118-page enclosure that includes redacted excerpts of witness interviews for over 50 different witnesses. If this disclosure was over 175 pages, the full disclosure of Jencks Act material will no doubt be several hundred pages. This is critical information which the defense must be given enough time to review carefully. Furthermore, some of the Government's exhibits may require a significant amount of analysis by the defense. If, for example, the Government plans to introduce exhibits summarizing data from the FTX transactional database (as seems likely), it will take the defense a substantial amount of time to review and vet the data in

---

[2] The Government has proposed Friday, September 1, 2023, as opposed to Monday, September 4, 2023, as the deadline for the filing of the oppositions to the motions *in limine*. The defense has no objection to a September 1, 2023 deadline, if the Court wishes.

[3] At the June 15, 2023 conference, the Court indicated that it was not inclined to use a jury questionnaire in this case, but that it was prepared to conduct a "thorough voir dire" with input and suggested questions from both parties. Tr. at 49-51 (referencing the Court's last trial where the voir dire included "70 or 80 or 90 questions"). On this understanding, the defense will not request a jury questionnaire.

June 29, 2023
Page 3

those exhibits by conducting our own database searches.  The defense's proposed schedule builds in enough time for the defense to properly prepare and to avoid unnecessary trial delays.  *See United States v. Stein*, 424 F. Supp. 2d 720, 728 (S.D.N.Y. 2006) (Kaplan, J.) (recommending the "salutary practice" of early disclosure of Jencks Act materials, "which often serves to avoid 'those abhorrent lengthy pauses at trial to examine documents'") (citation omitted).[4]

       For these reasons, we respectfully ask the Court to impose the disclosure schedule set forth above.  Similar schedules have been approved in recent trials in this district.  *See, e.g.*, Scheduling Order, *United States v. Maxwell*, No. 20-cr-00330-AJN, ECF No. 297 (on consent of the Government, ordering disclosure of witness list, Jencks Act and *Giglio* materials, Rule 404(b) evidence and proposed exhibit list seven weeks before trial); Scheduling Order, *United States v. Rigas*, No. 02-CR01236 (KMW), ECF No. 35 (ordering disclosure of a witness list, disclosure of Rule 404(b) evidence, and impeachment materials six weeks before trial).

                                                                Respectfully submitted,

                                                             *Christian R. Everdell*
                                                        Mark S. Cohen
                                                        Christian R. Everdell
                                                        **COHEN & GRESSER LLP**
                                                        800 Third Avenue, 21st Floor
                                                        New York, New York 10022
                                                        (212) 957-7600
                                                        mcohen@cohengresser.com
                                                         ceverdell@cohengresser.com

cc:    All counsel of record (via ECF)

---

[4] The Government should produce Jencks Act and *Giglio* material for all of its witnesses eight weeks before trial.  At the very least, however, the Government should produce these materials at the 8-week mark for the three main cooperating witnesses: Caroline Ellison, Zixiao "Gary" Wang, and Nishad Singh.