


800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

July 13, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Samuel Bankman-Fried*, S5 22 Cr. 673 (LAK)

Dear Judge Kaplan:

  On behalf of our client, Samuel Bankman-Fried, we write to respectfully request that the Court issue an order permitting the people on the attached list to visit his parents' house without the need for a security guard to be present. The Government consents to this request.

  The bail conditions set forth in the Court's March 28, 2023 order (the "Order") (ECF No. 118) require that certain security measures must be followed when any visitors come to the house, including (1) a security guard must be present at the house to screen the visitors for any electronic devices, and (2) the visitors must sign the electronic visitor log. Order ¶ 24. These security measures are not required if the visitors are "pre-approved by the Court." *Id*. ¶ 27.

  The list of people attached as Exhibit A includes close friends and colleagues of Mr. Bankman-Fried's parents and household help that regularly visit the house. These individuals are aware of and will abide by Mr. Bankman-Fried's bail conditions, including the prohibition on sharing "Prohibited Electronic Devices" with Mr. Bankman-Fried. *Id*. ¶ 24. The Government has reviewed the list of names and has no objection to the request. Accordingly, we respectfully request that the Court approve the list of people so that they are exempt from the security procedures referenced above.

  We further request that the attached list of people be filed under seal. While the Second Circuit has recognized a presumption of access to "judicial documents" under both common law and the First Amendment, it is appropriate to permit the filing of documents under seal if "countervailing factors" in the common law framework or "higher values" in the First Amendment framework so demand. *Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 124 (2d Cir. 2006); *see also Unites States v. Wey*, 256 F. Supp. 3d 355, 411 (S.D.N.Y. 2017) (granting motion to seal evidentiary exhibits and finding that privacy interests "outweigh any

public interest in disclosure, whether derived from the First Amendment or the common-law right of access"). Here, even assuming that the list of people can be considered a "judicial document," the individuals' privacy and safety interests greatly outweigh any presumption of access to the list and justify protecting their identities from public disclosure. *See Lugosch*, 435 F.3d at 119-20.

For these reasons, we respectfully request that the Court grant the requested relief. The Government takes no position with respect to the sealing request.

                                              Respectfully submitted,

                                              /s/ Christian R. Everdell
                                              Mark S. Cohen
                                              Christian R. Everdell
                                              **COHEN & GRESSER LLP**
                                              800 Third Avenue, 21st Floor
                                              New York, New York 10022
                                              (212) 957-7600
                                              mcohen@cohengresser.com
                                              ceverdell@cohengresser.com

cc:    All counsel of record (via ECF)