# Exhibit A



**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

June 5, 2023

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:  *United States v. Samuel Bankman-Fried*, S5 22 Cr. 673 (LAK)

Dear Judge Kaplan:

    On behalf of our client, Samuel Bankman-Fried, we respectfully submit this letter to update the Court on the status of ongoing discovery, and to seek leave to bring additional motions if necessary.

    The Government has now missed several discovery deadlines that it offered to the Court by a month or more.  At the conference on March 10, 2023, the Government stated that it would produce by the end of March the contents of the five remaining electronic devices:  Caroline Ellison's laptop and iPhone (Devices D and E), Gary Wang's laptop (Device B), and the contents of two laptops provided by two FTX software developers (Devices A and C).  *See* Tr. of 3/10/2023 Conf. at 5:13-9:10.  At the conference on March 30, 2023, the Government revised this schedule promising that it would finish producing the contents of the five electronic devices by the first week of April, except for Gary Wang's laptop which it represented would be produced by the end of April.  *See* Tr. of 3/30/2023 Conf. at 5:20-8:24.  The Government also promised at both the March 10th and March 30th conferences that it would produce the voluminous documents obtained from a search warrant for 30 different Google accounts (the "Google Search Warrant Documents") by the end of April.  *See* Tr. of 3/10/2023 Conf. at 9:13-12:07; Tr. of 3/30/2023 Conf. at 8:25-9:17.

    The Government has failed to meet these deadlines. The Government did not make a production in the first week of April, as promised, and its fourth production on April 24, 2023, contained only some of the materials the Government promised it would produce in early April.  The defense did not receive the Google Search Warrant Documents, the contents of Caroline Ellison's laptop, or the full contents of the two software developers' laptops until the most recent production on May 23, 2023, one month later.  And the defense is still waiting for the

Government to produce the remainder of Gary Wang's laptop, the remainder of the Google Search Warrant Documents, and other relevant materials.

These late productions have a cumulative effect on the defense's ability to properly prepare for trial. The five productions thus far are voluminous, totaling over 3.6 million documents and over 10 million pages.[1] The first four productions included approximately 1.1 million documents. The latest production, which the defense received on May 25, 2023, and has just recently finished loading into our review database, includes just under 2.5 million documents which more than *triples* the documents in the existing discovery. This production includes documents that are likely to be important at trial, including:

- Approximately 2 million Google Search Warrant Documents, including several accounts belonging to Caroline Ellison, Gary Wang, and Nishad Singh, the Government's principal cooperating witnesses.

- Approximately 500,000 documents received in response to subpoenas and voluntary production requests, a substantial portion of which were produced by the FTX Debtors and are likely to contain additional documents related to Ellison, Wang, and Singh.

- The contents of Caroline Ellison's laptop.

- The contents of two additional laptops provided by two FTX software developers.

The Government is not finished producing documents. As of the date of this letter, the Government has still not produced the following documents, all which are likely to be relevant for trial:

- The remainder of the files found on Gary Wang's laptop, including an archive of Slack communications.

    o Slack is a workplace messaging application that was used regularly by Mr. Wang and other senior executives and employees at FTX and Alameda to communicate about issues directly relevant to the events underlying the S5 Indictment.

    o Thus far, the Government has produced in discovery only limited excerpts of Slack communications provided by the FTX Debtors. The

---

[1] These totals do not include the large amount of data the Government obtained from 2703(d) orders or the FTX transactional database, which contains records of billions of individual transactions.

June 5, 2023
Page 3

> archive on Mr. Wang's computer may therefore be the only more complete source of these communications.[2]

- The remainder of the Google Search Warrant Documents.

- The search warrant returns from an iCloud account of an individual allegedly involved in the FCPA conspiracy charged in Count 13 of the S5 Indictment.

- Telegram chats retrieved from Caroline Ellison's cellphone.[3]

- The contents of two cell phones seized on April 27, 2023, from two potential witnesses.

- Additional subpoena returns that continue to come in on a rolling basis.

Furthermore, the metadata associated with the documents produced in discovery has been incomplete and incorrect. Many fields—for instance, the "author" and "custodian" fields, along with the various time- and date-related fields—appear to be labeled arbitrarily and/or inconsistently, and in many cases incorrectly. We have conferred with the Government about these issues and continue to seek additional information and clarification.

Finally, as is outlined in the defense's motions, much important information remains unproduced by the Government and the FTX Debtors, including the FTX codebase history.

As the trial date is now less than four months away, the defense is concerned that the late production of such voluminous and important discovery will impact the preparation of the defense. Mr. Bankman-Fried does not wish to adjourn the trial date. We raise these issues to alert the Court that Mr. Bankman-Fried may seek leave to file additional motions if the newly produced discovery provides new grounds for motions, including moving the Court to preclude the Government from using evidence produced too close to the trial date. *See* Fed R. Crim. P. 16(d)(2)(C) & (D) ("If a party fails to comply with this [Rule 16], the court may … prohibit that party from introducing the undisclosed evidence; or enter any other order that is just under the circumstances.").

---

[2] The Government has informed the defense that the Slack archive is still undergoing privilege review.

[3] The Government has informed the defense that the FBI is having difficulty decrypting these files, and they are unsure whether they will be able to convert this data into a readable form.

June 5, 2023
Page 4

                      Respectfully submitted,

                      */s/ Mark S. Cohen*
                      Mark S. Cohen
                      Christian R. Everdell
                      **COHEN & GRESSER LLP**
                      800 Third Avenue, 21st Floor
                      New York, New York 10022
                      (212) 957-7600
                      mcohen@cohengresser.com
                      ceverdell@cohengresser.com