# Exhibit B

                                                                        1

1                      UNITED STATES BANKRUPTCY COURT
                            DISTRICT OF DELAWARE
2

3    IN RE:                           .  Chapter 11
                                      .  Case No. 22-11068 (JTD)
4    FTX TRADING LTD. *et al.*,       .
                                      .  (Jointly Administered)
5                     Debtors.        .
                                      .
6    . . . . . . . . . . . . . . .    .
                                      .
7    AUSTIN ONUSZ, CEDRIC KEES        .  Adversary Proceeding
     VAN PUTTEN, NICHOLAS J.          .  No. 22-50513 (JTD)
8    MARSHALL and HAMAD DAR, on       .
     behalf of themselves and all.
9    others similarly situated,       .
                                      .
10                    Plaintiffs, .
                                      .
11       v.                           .
                                      .
12   WEST REALM SHIRES INC., WEST.
     REALM SHIRES SERVICES INC.       .
13   (D/B/A FTX US), FTX TRADING      .
     LTD., ALAMEDA RESEARCH LLC, .
14   SAM BANKMAN-FRIED, ZIXIAO        .
     WANG, NISHAD SINGH and           .
15   CAROLINE ELLISON,                .
                                      .
16                    Defendants. .
                                      .
17   . . . . . . . . . . . . . . .    .
                                      .
18   ALAMEDA RESEARCH LTD.; FTX   .  Adversary Proceeding
     TRADING LTD.,                    .  No. 23-50084 (JTD)
19                                    .
                      Plaintiffs, .
20                                    .
         -against-                    .
21                                    .
     VOYAGER DIGITAL, LLC; HTC    .  Courtroom No. 5
22   TRADING, INC.,                   .  824 Market Street
                                      .  Wilmington, Delaware 19801
23                    Defendants. .
                                      .  Wednesday, April 12, 2023
24   . . . . . . . . . . . . . . .    .  1:01 p.m.

25                              (CONTINUED)

```
 1                    TRANSCRIPT OF HEARING
              BEFORE THE HONORABLE JOHN T. DORSEY
 2                UNITED STATES BANKRUPTCY JUDGE

 3
     APPEARANCES:
 4
     For the Debtors:          Adam G. Landis, Esquire
 5                             LANDIS RATH & COBB, LLP
                               919 Market Street
 6                             Suite 1800
                               Wilmington, Delaware 19801
 7
                               -and-
 8
                               Andrew G. Dietderich, Esquire
 9                             Brian D. Glueckstein, Esquire
                               SULLIVAN & CROMWELL, LLP
10                             125 Broad Street
                               New York, New York 10004
11
     For Samuel L.
12   Bankman-Fried:            Gregory T. Donilon, Esquire
                               MONTGOMERY MCCRACKEN WALKER
13                                & RHOADS, LLP
                               1105 North Market Street
14                             Suite 1500
                               Wilmington, Delaware 19801
15
16                             Edward L. Schnitzer, Esquire
                               437 Madison Avenue
17                             24th Floor
                               New York, New York 10022
18
19   (APPEARANCES CONTINUED)

20   Audio Operator:           Jermaine Cooper, ECRO

21   Transcription Company:    Reliable
                               The Nemours Building
22                             1007 N. Orange Street, Suite 110
                               Wilmington, Delaware 19801
23                             Telephone: (302)654-8080
                               Email:  gmatthews@reliable-co.com
24
     Proceedings recorded by electronic sound recording,
25   transcript produced by transcription service.
```

1   APPEARANCES (CONTINUED):

2   For OKCoin and OKEx:      Jeffrey S. Sabin, Esquire
                              VENABLE LLP
3                             1270 Avenue of the Americas
                              New York, New York 10020
4

5   For BlockFi, Inc.:        Derek C. Abbott, Esquire
                              MORRIS, NICHOLS, ARSHT
6                               & TUNNELL, LLP
                              1201 North Market Street
7                             Suite 1600
                              Wilmington, Delaware 19801
8
    For the Official
9   Committee of
    Unsecured Creditors:      Kristopher M. Hansen, Esquire
10                            Kenneth Pasquale, Esquire
                              PAUL HASTINGS, LLP
11                            200 Park Avenue
                              New York, New York 10166
12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1                                INDEX

2  MOTIONS:                                                  PAGE

3  Agenda
   Item 9:   Motion of Debtors for Entry of an Order          19
4            Extending the Exclusive Periods During Which
             Only the Debtors May File a Chapter 11 Plan
5            and Solicit Acceptances Thereof [D.I. 846,
             filed on March 10, 2023]
6
             Court's Ruling:                                  25
7
   Agenda
8  Item 10:  Motion of Samuel Bankman-Fried for Relief from   25
             the Automatic Stay, to the Extent Applicable,
9            to Permit Insurers to Advance and/or Reimburse
             Defense Costs and Fees under Directors and
10           Officers Insurance Policies [D.I. 964, filed
             on March 15, 2023]
11
             Court's Ruling:                                  52
12
   Agenda
13 Item 14:  Status Conference Regarding March 14, 2023       53
             Hearing [Emergent Fidelity Technologies Ltd.,
14           Case No. 23-10149]

15

16 Transcriptionist's Certificate                             56

17

18

19

20

21

22

23

24

25

1  dumpster fire is out, and as I will explain in a moment, we

2  anticipate filing a plan of reorganization in July.

3          I would like to spend some time on a case update

4  for the Court.  First, and perhaps most important, our assets

5  available for stakeholder recovery.  Our estate consists of

6  many investments, businesses, and causes of action that have

7  not yet been monetized.  Valuing these now is impossible;

8  however, we are tracking distributable assets:  Cash, Class

9  A, or Category A cryptocurrency, which we defined in previous

10 submissions, and securities.

11         Here's a chart of these assets at petition date

12 value, including cash receivables from the settlements and

13 transactions recently approved by the Court.  We now stand at

14 $6.2 billion, an increase of $800 million from my update to

15 the Court in January.  This increase in value is more

16 significant if we take into account current asset pricing.

17         On this next slide, at current prices, our

18 distributable assets have increased to $7.3 billion, a $1.9

19 billion increase from my January briefing.  What goes up can

20 go down.  Prices will fluctuate during these cases.

21         As we will discuss in a moment, one of the

22 important tasks of the debtors is being a good and prudent

23 custodian of $7.3 billion of asset value.  We will be

24 increasing distributable assets, hopefully dramatically, as

25 the case progresses, but it's also important for us not to

1          That's all I have, Your Honor, but we wanted to

2    make sure that we, at least, were able to tell Your Honor and

3    stakeholders not just something about the history of what's

4    accomplished, but a roadmap going forward.

5          So absent questions from Your Honor, I'll turn to

6    today's agenda.

7          THE COURT:  Let me just ask a question about the

8    exchange restart.  What does that entail?  How will it work?

9    Do customers, will they be able to withdraw funds or their

10   coin that's being held on the exchange?  What's the

11   anticipation of how that's going to be playing out?

12         MR. DIETDERICH:  The short answer is we don't know

13   yet.  So, the -- there's two exchanges, of course.  There's

14   actually more than two exchanges.  There's two primary

15   exchanges:  dot com and the U.S. Exchange.  The options being

16   considered include a restart of the exchange from an

17   operational and a functional perspective.  It is likely that

18   requires the raising of significant capital.

19         There's a question posed whether the estate's

20   capital should be used for that or whether it should be

21   third-party capital.  There were some people that look at it

22   as an M&A transaction:  Can we dispose of the assets,

23   including the going-concern value of the estate, for proceeds

24   to the estate and distribute those proceeds?  There were

25   possibilities that customers could have an option to take a

1   part of their proceeds in, you know, that they would

2   otherwise receive in cash from the estate, and receive some

3   kind of interest in the exchange going forward.  There are as

4   many opinions on this, I think, as there are professionals

5   involved in the case, and that's a lot.  So it's a very --

6   you know, I don't think we have an answer at this time.

7           What we have committed to do, as we spent the last

8   about 90 days, that 90-day period we gave to kind of the

9   initial consideration of this expiring, and we're going to

10  sit down with the Committee and other stakeholders and think

11  about it.

12          There's also a sequence and a timing question.

13  So, there are some to believe that if there's anything to be

14  done with the exchange, it should be done quicker -- as

15  quickly as possible, which might imply some kind of 363 or

16  other architecture.  And others, you know, that believe,

17  perhaps, the exchange should be coupled with other assets, as

18  opposed to just being, you know, the exchange itself.

19          So a long-winded way to say, Your Honor, that all

20  options are on the table, but we don't have any particular

21  path forward at this time.

22          THE COURT:  Does there need to be a resolution of

23  the -- I know there's litigation pending about whether coin

24  that's being held in the exchange is property of the estate

25  or is it customers' property?  Does that need to be resolved

1                           <u>CERTIFICATION</u>

2              I certify that the foregoing is a correct

3     transcript from the electronic sound recording of the

4     proceedings in the above-entitled matter to the best of my

5     knowledge and ability.

6

7     <u>/s/ William J. Garling</u>                    <u>April 12, 2023</u>

8     William J. Garling, CET-543

9     Certified Court Transcriptionist

10    For Reliable

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25