

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 18, 2023

**BY ECF- REQUEST TO BE FILED PARTIALLY UNDER SEAL**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: *United States v. Samuel Bankman-Fried*, S5 22 Cr. 673 (LAK)

Dear Judge Kaplan:

  On August 11, 2023, the defendant's bail was revoked and the defendant was detained pursuant to 18 U.S.C. § 3148 based on the Court's determination that there was probable cause to believe that the defendant had twice committed witness tampering while on pretrial release, and that the consequent rebuttable presumption for detention had not been overcome. Since the Government began producing discovery in mid-January 2023, until his detention, the defendant had approximately seven months to review ongoing discovery productions, prepare for trial, and communicate with his attorneys, without restriction. Based on the defendant's disclosures made on August 16, 2023, the Government is aware that the defense has also retained seven defense-designated expert witnesses, including a forensic accountant who is analyzing FTX's financial figures and metrics on behalf of the defense based in part on the discovery produced in this case (which likely includes the AWS database).

  The defendant is now detained at the Metropolitan Detention Center (the "MDC") and the Government writes with an update about the accommodations that the United States Marshals Service ("USMS") and the Bureau of Prisons ("BOP") have made to allow him to continue his trial preparation while detained. As the Government noted at the August 11, 2023 conference, it is not feasible to load a laptop with the entirety of discovery in a timely manner before trial. (8/11/2023 Tr. at 42). The following avenues for discovery review and trial review are available, however, and have been relayed to defense counsel: (1) the defense is permitted to provide hard drives directly to the MDC with selected materials for the defendant's review, and there are computers at the MDC where the defendant has frequent computer access for such review; (2) if the defense chooses to identify discrete portions of discovery that are a priority (to the Government or its filter team), the Government will prioritize putting that material on drives for the defendant's review at MDC; and (3) the defense attorneys can take unlimited advantage of the legal visitation hours at the MDC. When the Government's exhibits and witness materials are due in September, the Government will load that material to a drive and deliver it to MDC for the defendant's review.



The USMS has offered these extraordinary accommodations in light of the unique nature of this case, including the volume of discovery and the proximity of the trial date.

At the request of the USMS, the Government has notified defense counsel of the above-referenced accommodations and has solicited the defendant's preferred dates for discovery review. Rather than provide any dates, the defense has indicated that the defense objects to these procedures as inadequate. The Government anticipates that these accommodations can commence the week of August 21, 2023, subject to the defense's willingness to avail itself of them. Because this letter includes sensitive information about BOP and USMS policies and procedures that would

---

[1]

pose security concerns if publicly disclosed, the Government requests to file that portion of the letter under seal.

                          Respectfully submitted,

                          DAMIAN WILLIAMS
                          United States Attorney

by: /s/ Danielle Kudla
     Nicolas Roos
     Danielle R. Sassoon
     Samuel Raymond
     Thane Rehn
     Assistant United States Attorneys
     (212) 637-2403

Cc:    Defense Counsel (by ECF)