UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
                    :

UNITED STATES OF AMERICA         :

                    :       S6 22 Cr. 673 (LAK)

        v.           :

                    :

SAMUEL BANKMAN-FRIED,      :

                    :

                    :

        Defendant.     :

------------------------------------------------------------------- x

## DEFENDANT SAMUEL BANKMAN-FRIED'S
## <u>PROPOSED REQUESTS TO CHARGE</u>

Mark S. Cohen
Christian R. Everdell
David Lisner
Sri K. Kuehnlenz
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
Phone: (212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com
dlisner@cohengresser.com
skuehnlenz@cohengresser.com

*Attorneys for Samuel Mr. Bankman-Fried*

# TABLE OF CONTENTS

Introduction ........................................................................................................................3

Crimes Defined By Statute Only ........................................................................................5

Count One: Wire Fraud on FTX Customers........................................................................9

Count Three: Wire Fraud on Lenders of Alameda Research ............................................14

Count Two: Conspiracy to Commit Wire Fraud on FTX Customers.................................16

Count Four: Conspiracy to Commit Wire Fraud on Lenders of Alameda Research ..................20

Count Five: Conspiracy to Commit Securities Fraud on Investors in FTX .................................22

Count Six: Conspiracy to Commit Commodities Fraud on FTX Customers..............................27

Count Seven: Conspiracy to Commit Money Laundering ........................................................31

Venue ...............................................................................................................................40

Bias of Witnesses............................................................................................................41

Cooperating Witness Testimony.......................................................................................42

Expert Witnesses [If Applicable]......................................................................................45

Defendant's Testimony [If Applicable] ............................................................................46

Defendant's Right Not To Testify [If Applicable] ...........................................................47

Missing Witness Charge [If Applicable]...........................................................................48

Defense Theory of the Case..............................................................................................49

Conclusion .......................................................................................................................50

# INTRODUCTION

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Mr. Samuel Bankman-Fried through his undersigned attorneys respectfully requests that the Court include the following in its charge to the jury.

The proposed instructions are principally based on and adapted from those contained in the Modern Federal Jury Instructions and those given in the following cases: *United States v. LaGuardia*, No. 19 Cr. 893 (LAK), ECF No. 93 (S.D.N.Y. Dec. 16, 2020); *United States v. Blaszczak*, No. 17 Cr. 357 (LAK), ECF No. 331 (S.D.N.Y. May 16, 2018); *United States v. Adelekan*, No. 19 CR. 291 (LAP), ECF No. 397 (S.D.N.Y. Oct. 26, 2021). Additional citations for certain specific instructions are provided in the footnotes.

The defense objects to having to provide jury instructions at this time when the Government is still producing discovery and has not yet provided a witness list, an exhibit list, or Jencks Act material to the defense, and motions *in limine* are still pending. Accordingly, the defense respectfully reserves the right to supplement or amend these requests to charge in response to the Government's requests, the materials to be produced to the defense, and the evidence presented at trial.

## DEFENSE REQUEST NO. 1

### General Requests

Mr. Bankman-Fried respectfully requests this Court's standard instructions on:

1. Role of the Court

2. Role of the Jury

3. Duty of Impartiality

4. Presumption of Innocence and Burden of Proof

5. Reasonable Doubt

6. Improper Considerations

7. Sympathy

8. Direct and Circumstantial Evidence

9. Witness Credibility

10. Selection of Foreperson

11. Right to See Exhibits and Hear Testimony and Communications with the Court; and

12. Verdict, Need for Unanimity, and Duty to Consult


Mr. Bankman-Fried also reserves the right to request an instruction on pretrial publicity to be provided closer to trial.

## DEFENSE REQUEST NO. 2

### Crimes Defined By Statute Only[1]

In our system, we only have crimes that are defined by statute. The fact that you may think something is morally wrong or unfair, is truly of no interest whatsoever. It is also not relevant whether you believe certain conduct should have been regulated even though it was not regulated at the time. Statutes define our crimes, and from time to time I will talk to you about the individual statutes and how they break down into elements so that you can consider the elements that the government must prove. Some vague feeling that something wrong has been done, or that some law should have prevented it, is insufficient to convict anyone of any charge whatsoever. Break it down to the elements, see if there is proof beyond a reasonable doubt as to each of those elements, and then, with that determination made, you can render a unanimous verdict.

---

[1] Adapted from the charge of the Honorable J. Paul Oetken in *United States v. Danilovich*, 12-CR-171 (JPO), ECF No. 931 (S.D.N.Y. Nov. 13, 2013), Trial transcript at 4785-4786.

# DEFENSE REQUEST NO. 3

## The Indictment[2]

The defendant in this matter, Samuel Bankman-Fried, has been formally charged in what is called an Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of the defendant's guilt. It creates no presumption, and it permits no inference that the defendant is guilty. You are to give no weight to the fact that an Indictment has been returned against the defendant.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.

---

[2] Adapted from *United States v. Blaszczak*, No. 17 Cr. 357 (LAK), ECF No. 331 (S.D.N.Y. May 16, 2018), Trial transcript at 3934-35; *United States v. LaGuardia*, No. 19 Cr. 893 (LAK), ECF No. 63 (S.D.N.Y. Dec. 16, 2020).

# DEFENSE REQUEST NO. 4

## Summary of Indictment[3]

The Indictment contains seven counts or "charges."

Count One of the Indictment charges that, from at least in or about 2019, up to and including in or about November 2022, the defendant committed wire fraud on customers of FTX.

Count Two of the Indictment charges that, from at least in or about 2019 up to and including in or about November 2022, the defendant participated in a conspiracy to commit wire fraud on customers of FTX.

Count Three of the Indictment charges that, from at least in or about June 2022, up to and including in or about November 2022, the defendant committed wire fraud on lenders to Alameda Research.

Count Four of the Indictment charges that, from at least in or about June 2022, up to and including in or about November 2022, the defendant participated in a conspiracy to commit wire fraud on lenders to Alameda Research.

Count Five of the Indictment charges that, from at least in or about 2019, up to and including in or about November 2022, the defendant participated in a conspiracy to commit securities fraud on investors in FTX.

Count Six of the Indictment charges that, from at least in or about 2019, up to and including in or about November 2022, the defendant participated in a conspiracy to commit commodities fraud on customers of FTX in Connection with Purchases and Sales of Cryptocurrency and Swaps.

---

[3] Adapted from *United States v. Blaszczak*, No. 17 Cr. 357 (LAK), ECF No. 331 (S.D.N.Y. May 16, 2018) Trial transcript at 3934-35; *United States v. LaGuardia*, No. 19 Cr. 893 (LAK), ECF No. 93 (S.D.N.Y. Dec. 16, 2020) Trial transcript at 561-562; and *United States v. Adelekan*, No. 19 CR. 291 (LAP), ECF No. 397 (S.D.N.Y. October 26, 2021) Trial transcript at 863-64.

Count Seven of the Indictment charges that, from at least in or about 2020, up to and including in or about November 2022, the defendant participated in a conspiracy to commit money laundering.

That is a brief summary of the counts in the Indictment. By pleading not guilty to these counts, Mr. Bankman-Fried has denied that he committed the charged offenses. The government must show beyond a reasonable doubt that Mr. Bankman-Fried is guilty with respect to each count. You must consider each count separately, and you must return a separate verdict of guilty or not guilty on each count. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

# DEFENSE REQUEST NO. 5

## Count One: Wire Fraud on FTX Customers[4]

### A. Summary of the Indictment

Count One charges Mr. Bankman-Fried with wire fraud on customers of FTX in violation of Title 18, United States Code, Section 1343 and 2. Specifically, Count One charges that from in or about 2019, up to and including in or about November 2022, Mr. Bankman-Fried engaged in a scheme to defraud customers of FTX by misappropriating those customers' deposits to pay expenses and debts of Alameda, to make investments, and for other purposes.

### B. Elements of Wire Fraud

Before Mr. Bankman-Fried can be convicted of wire fraud, the Government must prove each of the following elements beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud or to obtain money or property by means of materially false and fraudulent pretenses, representations, or promises;

Second, that Mr. Bankman-Fried knowingly participated in the scheme or artifice to defraud with knowledge of its fraudulent nature and with specific intent to defraud;

Third, that in executing the scheme, Mr. Bankman-Fried used or caused the use of interstate or international wires.

#### 1. First Element – Scheme or Artifice to Defraud

The first element that the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud FTX customers of money or property by means of false or fraudulent pretenses, representations, or promises.

---

[4] Adapted from *United States v. LaGuardia*, No. 19 Cr. 893 (LAK), ECF No. 93 (S.D.N.Y. Dec. 16, 2020) Trial transcript at 584-590; *United States v. Adelekan*, No. 19 CR. 291 (LAP), ECF No. 397 (S.D.N.Y. October 26, 2021) Trial transcript at 872-878.

A "scheme to defraud" is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

"Fraud" is a term that includes all possible means by which a person seeks to gain an unfair advantage over a victim by intentional misrepresentation or false pretenses.

A representation is "false" if it was untrue when made and was known to be untrue at the time by the person making it or causing it to be made. A representation is "fraudulent" if it is made with an intent to deceive.

The false or fraudulent representation must relate to a "material" fact. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. That means that if you find a particular representation to have been false or misleading, you must determine whether it was material by asking whether the misrepresentation would actually have mattered in a meaningful way to a rational decisionmaker to whom the statement was addressed.[5] Materiality of the information is judged as of the time the information was disclosed.

The purpose of the scheme to defraud must be to obtain money or property. Hence, you must determine what property, if any, the scheme was allegedly designed to obtain from FTX customers. The term "property" includes traditional property interests. Property does not include intangible interests such as the right to control the use of one's assets, nor does it include potentially valuable economic information that a person might consider valuable in deciding how to use his or her assets.[6] If you find that FTX customers, after depositing funds with FTX, received a credit to transact on the FTX exchange and therefore received the right to withdraw an

---

[5] *United States v. Calderon*, 944 F.3d 72, 85 (2d Cir. 2019).

[6] *Ciminelli v. United States*, 598 U.S. ---, 143 S. Ct. 1121 (2023).

equivalent amount of funds at a later time upon request, that is insufficient to establish that they were deprived of property.

Count One alleges that Mr. Bankman-Fried engaged in a scheme to defraud FTX customers by misappropriating and embezzling FTX customer deposits to use for his own, and Alameda's own, private spending. Misappropriation involves "the fraudulent appropriation to one's own use of the money or goods entrusted to one's care by another." Mr. Bankman-Fried cannot be guilty of wire fraud under this theory unless his use of the FTX customer funds was knowingly wrongful. Accordingly, before Mr. Bankman-Fried can be convicted of wire fraud as charged in Count One, the Government must prove beyond a reasonable doubt that Mr. Bankman-Fried was not permitted to use FTX customer deposits for the purposes for which they were used and knowingly and purposefully violated an obligation that prohibited the use of the funds in such a manner.[7]

### 2. Second Element – Intent

The second element that the Government must prove beyond a reasonable doubt is that Mr. Bankman-Fried participated in the scheme to defraud knowingly and willfully, and with specific intent to defraud.

To act "knowingly" means to act voluntarily and deliberately, and not because of ignorance, mistake, accident, or carelessness.

To act "willfully" means to act with knowledge that one's conduct is unlawful, and with the intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law. "Unlawful" simply means contrary to law. In order to act with an unlawful purpose, the defendant does not have to have known that he was breaking some particular law or

---

[7] *See Carpenter v. United States*, 484 U.S. 19, 27, 108 S. Ct. 316, 321 (1987); *United States v. Sindona*, 636 F.2d 792, 800 (2d Cir. 1980).

a particular rule; he needs to have been aware only of the generally unlawful nature of his actions.

To act with "specific intent to defraud" goes further and means that the defendant acted with the specific intent to deceive FTX customers for the purpose of depriving them of something of value. While the Government need not prove that FTX customers were actually harmed, it must prove beyond a reasonable doubt that when Mr. Bankman-Fried participated in the alleged wire fraud, he did so for the purpose of causing financial loss to those customers.

Because the Government must prove beyond a reasonable doubt that Mr. Bankman-Fried had the specific intent to defraud FTX customers, it follows that good faith on part of Mr. Bankman-Fried is a complete defense to that charge. In fact, good faith is a complete defense to all of the counts in the Indictment, so you should consider this instruction about good faith in determining whether the Government has proven each of the other counts of the indictment beyond a reasonable doubt.

Good faith is an honest belief by the defendant that his conduct was not unlawful. If Mr. Bankman-Fried believed in good faith that he was acting properly at the time of the events alleged in the Indictment, even if he was mistaken in that belief and even if others were injured by his conduct, he cannot be found guilty. An honest mistake in judgment or an honest error in management or even carelessness does not rise to the level of criminal conduct. For example, if Mr. Bankman-Fried acted in good faith with respect to the use of FTX customer funds and with the belief that as a business matter, FTX would be able to cover all customer withdrawal requests, he did not act with specific intent to defraud. The burden is on the Government to prove fraudulent intent and lack of good faith beyond a reasonable doubt. Mr. Bankman-Fried

has no burden to prove his or her good faith; rather, the Government must prove bad faith and an intent to defraud beyond a reasonable doubt.

In evaluating whether Mr. Bankman-Fried acted in good faith, you may consider whether Mr. Bankman-Fried had any discussions with counsel, or understood that counsel had been consulted, concerning the propriety or legality of conduct that the Government claims was part of the scheme to defraud.[8]

### 3. Third Element – Use of Interstate or International Wires

The third element that the Government must prove beyond a reasonable doubt is that the defendant used or caused to be used an interstate wire communication in furtherance of the scheme to defraud. Wire communications include phone calls, emails, and text messages, as well as wire transfers of funds. The wire communication must pass between two or more states, or it must pass between the United States and a foreign country. A wire communication need not itself contain a false or fraudulent representation in order to satisfy this element. It must, however, further or assist in carrying out the scheme to defraud.

With respect to the use of the wires, the Government must establish beyond a reasonable doubt the particular use charged in the Indictment – *i.e.*, phone calls, emails, text messages, or wire transfers – and you must agree that the particular use furthered the scheme to defraud. However, the Government does not have to prove that the wires were used on the exact date charged in the indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

---

[8] *Howard v. Sec. and Exch. Comm'n*, 376 F.3d 1136, 1147 (D.C. Cir. 2004) ("[R]eliance on the advice of counsel need not be a formal defense; it is simply evidence of good faith."); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (in evaluating a defense of good faith, "[defendant's] conversations with counsel regarding the legality of his schemes would have been directly relevant in determining the extent of his knowledge and, as a result, his intent."); Modern Federal Jury Instructions, Instr. 44-5 ("It may also be appropriate to instruct the jury that consulting counsel could be considered as evidence of good faith.").

## DEFENSE REQUEST NO. 6

### Count Three: Wire Fraud on Lenders of Alameda Research

A. Summary of the Indictment

I will skip over Count Two for the moment and discuss Count Three. Count Three charges Mr. Bankman-Fried with wire fraud on lenders of Alameda Research in violation of Title 18, United States Code, Sections 1343 and 2. Specifically, Count Three charges that from in or about June 2022, up to and including November 2022, Mr. Bankman-Fried engaged in a scheme to defraud lenders of Alameda Research by providing false and misleading information to those lenders regarding Alameda's financial condition so that the lenders would not recall loans and would extend new loans.

B. Elements of Wire Fraud

Like Count One, Count Three charges wire fraud. The elements of Count Three are the same as Count One, which I just described to you. You should consider and apply those same instructions here.

Whereas Count One alleges a scheme to defraud customers of FTX, Count Three alleges a scheme to defraud lenders of Alameda Research.

As I previously instructed you, the false or fraudulent representation must relate to a "material" fact. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. Hence, a misrepresentation would be material if the Alameda lenders took action or failed to take action based on it.

Count Three alleges that Alameda's lenders were given false or misleading information so that they would not recall loans and would extend new loans. As I previously instructed you, property does not include intangible interests such as the right to control the use of one's assets,

nor does it include potentially valuable economic information that a person might consider valuable in deciding how to use his or her assets. If you find that Alameda's lenders were deprived only of the right to control their assets or access to potentially valuable economic information, that is insufficient to convict on Count Three.[9]

Finally, as I previously instructed you, good faith on part of Mr. Bankman-Fried is a complete defense to this charge. If Mr. Bankman-Fried believed in good faith that he was acting properly at the time of the events alleged in the Indictment, even if he was mistaken in that belief and even if others were injured by his conduct, he cannot be found guilty.

---

[9] *Ciminelli v. United States*, 598 U.S. ---, 143 S. Ct. 1121 (2023).

## DEFENSE REQUEST NO. 7

### Count Two: Conspiracy to Commit Wire Fraud on FTX Customers[10]

A. <u>Summary of the Indictment</u>

Now let me jump back to Count Two. Count Two charges Mr. Bankman-Fried with conspiracy to commit wire fraud on FTX customers in violation of Title 18, United States Code, Section 1349. Specifically, Count Two charges that from in or about 2019, up to and including in or about November 2022, Mr. Bankman-Fried willfully and knowingly agreed with others to defraud customers of FTX by misappropriating those customers' deposits and using those deposits to pay expenses and debts of Alameda, and to make investments, and for other purposes.

B. <u>The Elements of Conspiracy to Commit Wire Fraud on FTX Customers</u>

Whereas Count One alleges a substantive wire fraud offense against FTX customers, Count Two alleges a conspiracy to commit wire fraud against FTX customers. Let me explain what a conspiracy is.

A conspiracy is a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The unlawful purpose is sometimes called the "object" of the conspiracy. The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the violation of any specific federal laws, which the law refers to as "substantive crimes."

Before Mr. Bankman-Fried can be convicted of conspiracy to commit wire fraud as alleged in Count Two, the Government must prove each of the following elements beyond a reasonable doubt:

---

[10] Adapted from *United States v. LaGuardia*, No. 19 Cr. 893 (LAK), ECF No. 93 (S.D.N.Y. Dec. 16, 2020) Trial transcript at 583-590; *United States v. Adelekan*, No. 19 CR. 291 (LAP), ECF No. 397 (S.D.N.Y. October 26, 2021) Trial transcript at 864-866; and *United States v. Blaszczak*, No. 17 Cr. 357 (LAK), ECF No. 331 (S.D.N.Y. May 16, 2018) Trial transcript at 3983-3984; *see also* Modern Federal Jury Instructions, Instr. 19-6.

<u>First</u>, that a conspiracy existed between two or more people to commit wire fraud on FTX customers; and

<u>Second,</u> that Mr. Bankman-Fried knowingly and willfully joined and participated in the alleged conspiracy at some point during its existence.

          1.   <u>First Element – Existence of Conspiracy</u>

Starting with the first element, the Government must prove beyond a reasonable doubt the existence of the charged conspiracy. As I just mentioned, a conspiracy is an agreement, or an understanding, by two or more persons to accomplish an unlawful objective by working together.

It is not necessary for you to find that the agreement was ever expressed orally or in writing, but the Government does have to prove that there was a mutual understanding between at least two people to violate the law.

A meeting of the minds is required for there to be an agreement. The Government must therefore prove that the co-conspirators agreed to the same object, or unlawful purpose, of the conspiracy. In other words, you must find that the defendant and his co-conspirators agreed to commit the same offense. While the co-conspirators need not agree to every detail, they must agree to the "essential nature" of the plan.[11]

The Indictment alleges that the conspiracy in Count Two lasted from in or about 2019 through up to and including in or about November 2022. It is not necessary for the Government to prove that the conspiracy lasted throughout the entire period alleged, but only that it existed for some period within that time frame.

Count Two alleges that the object of the conspiracy was to commit wire fraud on customers of FTX. As I previously instructed you, the crime of wire fraud has three elements:

---

[11] *See United States v. Ulbricht*, 31 F.Supp.3d 540, 551 (S.D.N.Y. 2014) (citing cases); *United States v. Rosenblatt*, 554 F.2d 36, 38 (2d Cir. 1977).

First, that there was a scheme or artifice to defraud or to obtain money or property by means of materially false and fraudulent pretenses, representations, or promises;

Second, that Mr. Bankman-Fried knowingly participated in the scheme or artifice to defraud with knowledge of its fraudulent nature and with specific intent to defraud;

Third, that in executing the scheme, Mr. Bankman-Fried used or caused the use of interstate or international wires.

The same instructions I gave you with respect to the law and the elements of wire fraud apply to Count Two as well and you should follow those instructions here.

If the Government proves beyond a reasonable doubt that a conspiracy to commit wire fraud on FTX customers existed, the first element of the conspiracy has been proven. If, however, the Government has not proven beyond a reasonable doubt that such a conspiracy existed, the defendant may not be convicted on Count Two.

2. Second Element – Intent

Moving to the second element, the Government must prove beyond a reasonable doubt that Mr. Bankman-Fried knowingly and willfully joined and participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective. I have already instructed you about what "knowingly" and "willfully" mean. But to reiterate, to act "knowingly" means to act consciously and voluntarily, rather than by mistake or accident. To act "willfully" means to act deliberately and with purpose to do something that the law forbids.

In deciding whether Mr. Bankman-Fried was a member of the conspiracy, you should ask: Did he participate in the conspiracy with knowledge of its unlawful fraudulent purpose and with the specific intention of furthering the objective of wire fraud? You may not conclude that Mr. Bankman-Fried acted willfully to join the conspiracy unless you conclude that he acted with the knowledge and specific intent to defraud, as is required to establish a violation of the wire

fraud law, along with his agreement to the commission of acts by himself or by his coconspirators that would violate the wire fraud law.

It is not necessary that Mr. Bankman-Fried be fully informed of all the details of the conspiracy, or all of its participants. However, I caution you that mere association between Mr. Bankman-Fried and a conspirator does not make Mr. Bankman-Fried a member of the conspiracy, even if he knows that the conspiracy exists. In other words, knowledge and association are not enough; Mr. Bankman-Fried must have intentionally participated in the conspiracy with the purpose of helping to achieve its unlawful object.

It is important to note that Mr. Bankman-Fried's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

As I previously instructed you, good faith is a complete defense to this charge. The instructions I previously gave you with respect to good faith apply to this count as well. If you find that Mr. Bankman-Fried acted in good faith, he cannot be convicted on Count Two.

## DEFENSE REQUEST NO. 8

**Count Four: Conspiracy to Commit Wire Fraud on Lenders of Alameda Research [12]**

A.  Summary of the Indictment

Count Four charges Mr. Bankman-Fried with conspiracy to commit wire fraud on Alameda's lenders in violation of Title 18, United States Code, Section 1349.  Specifically, Count Four charges that from in or about June 2022, up to and including in or about November 2022, Mr. Bankman-Fried willfully and knowingly agreed with others to defraud lenders to Alameda by providing false and misleading information to those lenders regarding Alameda's financial condition so that lenders would not recall loans and would extend new loans.

B.  Elements of Conspiracy to Commit Wire Fraud on Alameda's Lenders

Before Mr. Bankman-Fried can be convicted of conspiracy to commit wire fraud as charged in Count Four, the Government must prove each of the following elements beyond a reasonable doubt:

First, that a conspiracy existed between two or more people to commit wire fraud on Alameda's lenders; and

Second, that Mr. Bankman-Fried knowingly and willfully joined and participated in the alleged conspiracy at some point during its existence.

The instructions I just gave you about the law of conspiracy with respect to Count Two apply equally to Count Four.  Similarly, the instructions I gave you about wire fraud with respect to Count One apply equally to Count Four.  In determining whether the government has met its burden with respect to each element of Count Four, you should follow these instructions,

---

[12] Adapted from *United States v. LaGuardia*, No. 19 Cr. 893 (LAK), ECF No. 93 (S.D.N.Y. Dec. 16, 2020) Trial transcript at 583-590; *United States v. Adelekan*, No. 19 CR. 291 (LAP), ECF No. 397 (S.D.N.Y. October 26, 2021) Trial transcript at 864-866; and *United States v. Blaszczak*, No. 17 Cr. 357 (LAK), ECF No. 331 (S.D.N.Y. May 16, 2018) Trial transcript at 3983-3984.

including the instructions on the complete defense of good faith.  If you find that Mr. Bankman-Fried acted in good faith, he cannot be convicted on Count Four.

**DEFENSE REQUEST NO. 9**

**Count Five: Conspiracy to Commit Securities Fraud on Investors in FTX[13]**

A. Summary of the Indictment

Count Five charges Mr. Bankman-Fried with conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 371. Specifically, Count Five charges that from in or about 2019, up to and including in or about November 2022, Mr. Bankman-Fried willfully and knowingly agreed to engage in a scheme to defraud investors in FTX by providing false and misleading information to those investors regarding FTX's financial condition and the relationship between FTX and Alameda. Count Five further charges that in furtherance of that conspiracy, Mr. Bankman-Fried communicated with FTX investors in a manner that contained materially false information about FTX's financial condition.

B. Elements of Conspiracy to Commit Securities Fraud

Like Counts Two and Four, which I just discussed, Count Five alleges a conspiracy – in this case, conspiracy to commit securities fraud on investors in FTX. The elements of this conspiracy are similar the wire fraud conspiracies alleged in Counts Two and Four, except the securities fraud conspiracy alleged in Count Five adds an additional element – an overt act requirement – which I will discuss in a moment.

Accordingly, before Mr. Bankman-Fried can be convicted of conspiracy to commit securities fraud as charged in Count Five, the Government must prove each of the following three elements beyond a reasonable doubt:

---

[13] Adapted from *United States v. LaGuardia*, No. 19 Cr. 893 (LAK), ECF No. 93 (S.D.N.Y. Dec. 16, 2020) Trial transcript at 565-572; *United States v. Blaszczak*, No. 17 Cr. 357 (LAK), ECF No. 331 (S.D.N.Y. May 16, 2018) Trial transcript at 3983-3984.

<u>First</u>, that a conspiracy existed between two or more people to commit securities fraud on investors in FTX;

<u>Second</u>, that Mr. Bankman-Fried knowingly and willfully joined and participated in the alleged conspiracy at some point during its existence; and

<u>Third</u>, that Mr. Bankman-Fried or one of his co-conspirators committed an overt act in furtherance of the conspiracy.

1. <u>First Element – Existence of Conspiracy</u>

Starting with the first element, the Government must prove beyond a reasonable doubt the existence of the charged conspiracy. As I previously instructed you, a conspiracy is an agreement, or an understanding, by two or more persons to accomplish an unlawful objective by working together.

Count Five alleges that the object of the conspiracy was to commit securities fraud on investors in FTX. The crime of securities fraud has three elements:

<u>First</u>, that in connection with the purchase or sale of a security, a defendant did any one of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue or misleading statement of material fact; or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

<u>Second</u>, that in so doing the defendant acted willfully, knowingly, and with the intent to defraud; and

<u>Third</u>, that the defendant knowingly used, or caused to be used, any means or instruments of interstate transportation or interstate communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.

We will consider these three elements in turn.

### i. First Element of Securities Fraud – Fraudulent Act

With respect to the first element of securities fraud, the Government does not have to prove that the co-conspirators agreed to do all three types of unlawful conduct in connection with the purchase or sale of securities. Proof of anyone will suffice. However, you must be unanimous as to which of the three types of unlawful conduct, if any, was proven.

I have already instructed you on what constitutes "a scheme or artifice to defraud" and an "untrue or misleading statement" in my instructions on the wire fraud offense charged in Count One. You should consider and apply those same instructions here as well.

The Government must also prove beyond a reasonable doubt that the defendant's alleged fraudulent conduct was "in connection with the purchase or sale" of a security. This requirement is satisfied if you find that there was some nexus or relationship between the allegedly fraudulent conduct and the sale or purchase of securities. On the other hand, if you find the alleged fraudulent conduct was not in connection with the purchase or sake of a security, you cannot convict the defendant on Count Five.

The Government must also prove beyond a reasonable doubt that the information disclosed to the investors was "material." If the information would be important to a reasonable investor in deciding whether to buy or sell the stock at issue, it is "material" information. Put another way, there must be a substantial likelihood that the fact would have been viewed by the reasonable investor as having significantly altered the total mix of information then available. Materiality of the information is judged as of the time the information was disclosed. For the information to be material, it must have been conveyed to the investors before the investment decisions were being considered.

ii.   <u>Second Element of Securities Fraud – Intent</u>

The second element of securities fraud that the Government must prove beyond a reasonable doubt is that the defendant acted willfully, knowingly, and with the intent to defraud. I have already instructed you on the meaning of the terms "knowingly" and "intent to defraud" in my instructions on the wire fraud offense charged in Count One.  "Willfully" means knowingly acting in violation of the securities laws.[14]  You should consider and apply those same instructions here as well, including the complete defense of good faith.

iii.   <u>Third Element of Securities Fraud – Means of Interstate Commerce</u>

There is a third and final element of securities fraud that the Government must prove beyond a reasonable doubt; namely, that the defendant knowingly used or caused to be used the mails or the means or instrumentalities of interstate commerce in furtherance of the scheme to defraud or fraudulent conduct.  If you find that the scope of the scheme to defraud did not include the use of the mails or the means or instrumentalities of interstate commerce, this element has not been satisfied.

The use of the term "mails" is self-explanatory.  It includes the U.S. Mail, Federal Express, and other commercial mail couriers.  The term "instrumentality of interstate commerce" means instruments, devices, and means of conducting trade, commerce, transportation, or communication between any two states or between the United States and another country. Telephone calls made by a caller in one state to somebody in another state, or from the United States to a foreign country, or vice-versa, are examples of using an instrumentality of interstate commerce.  Other examples include, but are not limited to, emails, text messages, and wire transfers.

---

[14] *United States v. Peltz*, 433 F.2d 48, 55 (2d Cir. 1970).

That covers the elements of the object of the conspiracy alleged in Count Five; namely securities fraud on investors in FTX. If the Government proves beyond a reasonable doubt that such a conspiracy existed, the first element of the conspiracy has been proven.

## 2. Second Element – Intent

The second element of the securities fraud conspiracy, which the Government must prove beyond a reasonable doubt, is that Mr. Bankman-Fried knowingly and willfully joined and participated in the alleged conspiracy at some point during its existence. I have already instructed you on these elements in my instructions on the wire fraud conspiracy charged in Count Two. You should consider and apply those same instructions here as well.

## 3. Third Element – Overt Act

The third and final element of the securities fraud conspiracy, which the Government must prove beyond a reasonable doubt, is that Mr. Bankman-Fried or some other member of the same conspiracy knowingly committed at least one overt act in furtherance of the conspiracy. In other words, there must have been something more than an agreement, some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy. The overt act element, to put it another way, is a requirement that any agreement in relation to Count Five went beyond the mere talking stage, the mere agreement stage.

An overt act is any act intended to help achieve the object of the conspiracy. While an overt act, itself, need not be a criminal act, it must contribute to the goals of the conspiracy.

## DEFENSE REQUEST NO. 10

### Count Six: Conspiracy to Commit Commodities Fraud on FTX Customers[15]

A.  Summary of the Indictment

Count Six charges Mr. Bankman-Fried with conspiracy to commit commodities fraud in violation of Title 18, United States Code, Section 371.  Specifically, Count Six charges that from in or about 2019, up to and including in or about November 2022, Mr. Bankman-Fried willfully and knowingly agreed with others to commit commodities fraud, in violation of Title 7, United States Code, Sections 9(1) and 13(a)(5), and Title 17, Code of Federal Regulations, Section 180.1, by agreeing with others to defraud customers of FTX trading cryptocurrencies, futures, options, swaps, and derivatives by misappropriating those customers' deposits and using those deposits to pay expenses and debts of Alameda, and to make investments, and for other purposes. Count Six further charges that in furtherance of that conspiracy, Mr. Bankman-Fried and others misappropriated FTX customer deposits in order to satisfy loan obligations owed by Alameda.

B.  Elements of Conspiracy to Commit Commodities Fraud

Before Mr. Bankman-Fried can be convicted of conspiracy to commit commodities fraud as charged in Count Six, the Government must prove each of the following elements beyond a reasonable doubt:

First, that a conspiracy existed between two or more people to commit commodities fraud on customers of FTX;

Second, that Mr. Bankman-Fried knowingly and willfully joined and participated in the alleged conspiracy at some point during its existence; and

---

[15] Adapted from *United States v. Flotron*, No. 17 Cr. 220 (JAM), ECF No. 234 (D. Ct. May 8, 2018), Trial transcript 1309-1312.

**Third**, that Mr. Bankman-Fried or one of his co-conspirators committed an overt act in furtherance of the conspiracy.

      1.   First Element – Existence of Conspiracy

Starting with the first element, the Government must prove beyond a reasonable doubt the existence of the charged conspiracy. Count Six charges that there was an agreement or understanding between two or more people to commit commodities fraud on customers of FTX. The crime of commodities fraud has two elements:

**First**, that in connection with a swap, or a contract of sale of a commodity in interstate commerce, or a contract for future delivery on or subject to the rules of a registered entity, as those concepts are defined in the Commodities Exchange Act,[16] a defendant did any one of the following:

> (1) used or employed a manipulative device, scheme or artifice to defraud, or

> (2) made an untrue or misleading statement of material fact; or

> (3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a person;

**Second**, that in so doing the defendant acted willfully, knowingly, and with the intent to defraud.

In my instructions on the wire fraud offense charged in Count One, I already instructed you on what constitutes "a scheme or artifice to defraud" and an "untrue or misleading statement" and a "material fact," as well as the meaning of the terms "knowingly," "willfully,"

---

[16] Depending on the Government's proof at trial, the defense reserves the right to request instructions on the legal definition of "swap," "commodity," "registered entity," or any other relevant terms or phrases defined in the Commodities Exchange Act and associated regulations.

and "intent to defraud." You should consider and apply those same instructions here as well, including the complete defense of good faith.

Let me now discuss the "in connection with" requirement for Count Six. The phrase "in connection with" is not limitless and does not convert every instance of alleged fraudulent conduct that happens to involve commodities into a violation of the federal commodities fraud laws. For purposes of Count Six, the Government must prove beyond a reasonable doubt a fraud that is "integral"—and not merely incidental—to a purchase or sale of a commodity, or integral to a swap. Here, the Indictment alleges that the defendant defrauded FTX customers who were "trading or intending to trade cryptocurrencies, futures, options, swaps, and derivatives" by misappropriating their customer deposits. I instruct you that the "in connection with" requirement is not satisfied if the alleged misappropriation was complete before any actual or contemplated commodities transaction took place.[17]

That covers the elements of the object of the conspiracy alleged in Count Six; namely commodities fraud on customers of FTX. If the Government proves beyond a reasonable doubt that such a conspiracy existed, the first element of the conspiracy has been proven.

### 2. Second Element – Intent

The second element of the commodities fraud conspiracy, which the Government must prove beyond a reasonable doubt, is that Mr. Bankman-Fried knowingly and willfully joined and participated in the alleged conspiracy at some point during its existence. I have already instructed you on these elements in my instructions on the wire fraud conspiracy charged in Count Two. You should consider and apply those same instructions here as well.

---

[17] *See Sec. and Exch. Comm'n v. Zandford*, 535 U.S. 813, 824-25, 122 S. Ct. 1899, 1905-06 (2002); *United States v. O'Hagan*, 521 U.S. 642, 656-57, 117 S. Ct. 2199, 2209-10 (1997); *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25, 37 (2d Cir. 2005) *vacated on other grounds* 547 U.S. 71, 126 S. Ct. 1503 (2006); CFTC Commentary, 17 C.F.R. § 180.1, at 41405-06.

### 3. Third Element – Overt Act

The third and final element of the commodities fraud conspiracy, which the Government must prove beyond a reasonable doubt, is that Mr. Bankman-Fried or some other member of the same conspiracy knowingly committed at least one overt act in furtherance of the conspiracy. I have already instructed you on the overt act element in my instructions on the securities fraud conspiracy charged in Count Five. You should consider and apply those same instructions here as well.

## DEFENSE REQUEST NO. 11

## Count Seven: Conspiracy to Commit Money Laundering[18]

A.  Summary of the Indictment

Count Seven charges Mr. Bankman-Fried with conspiracy to commit money laundering in violation of Title 18 of the United States Code, Section 1956(h).  Specifically, Count Seven charges that from in or about 2020, up to and including in or about November 2022, Mr. Bankman-Fried willfully and knowingly agreed with others to commit money laundering in two ways:

> First, by conducting financial transactions involving the proceeds of the wire fraud offense charged in Count One knowing that the transactions were designed in whole or in part to disguise the nature, location, source, ownership, or control of the proceeds of the unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

> Second, by engaging in monetary transactions in an amount greater than $10,000 representing the proceeds of wire fraud offense charged in Count One, in violation of Title 18, United States Code, Section 1957.

B.  Elements of Conspiracy to Commit Money Laundering

Before Mr. Bankman-Fried can be convicted of conspiracy to commit money laundering as charged in Count Seven, the Government must prove each of the following elements beyond a reasonable doubt:

First, that a conspiracy existed between two or more people to commit money laundering; and

Second, that Mr. Bankman-Fried knowingly and willfully joined and participated in the alleged conspiracy at some point during its existence.

---

[18] Adapted from *United States v. Adelekan*, No. 19 Cr. 291, ECF No. 397 (S.D.N.Y. 2021) Trial transcript at 878-890; *see also* Modern Federal Jury Instructions, Instr. 50A-10.

1. <u>First Element – Existence of Conspiracy</u>

Starting with the first element, the Government must prove beyond a reasonable doubt the existence of the charged conspiracy. As I mentioned before, Count Six charges that there was an agreement or understanding between two or more people to commit money laundering in two different ways, which I will call "concealment money laundering" and "illegal monetary transactions." These are the two objects of the conspiracy charged in Count Six.

The Government does not need to prove that Mr. Bankman-Fried agreed to accomplish both types of money laundering; an agreement to accomplish either one of the objects is sufficient. You must, however, be unanimous that the Government has proven beyond a reasonable doubt at least one of the two alleged objectives of the conspiracy. You must also be unanimous as to which of the two types has been proven.

<em><u>Concealment Money Laundering</u></em>

The crime of concealment money laundering has four elements:

<u>First</u>, that the defendant conducted, or attempted to conduct, a financial transaction, which must in some way or degree have affected interstate or foreign commerce;

<u>Second</u>, that the financial transaction at issue involved the proceeds of specified unlawful activity, which here is alleged to have been a wire fraud offense charged in Count One;

<u>Third</u>, that the defendant knew that the financial transaction involved the proceeds of some form of unlawful activity; and

<u>Fourth</u>, that the defendant knew that the transaction was designed, in whole or in part, either to disguise the nature, location, source, ownership, or control of the proceeds of the unlawful activity.

We will consider these four elements in turn.

i.  <u>First Element of Concealment Money Laundering – Financial Transaction</u>

The first element of concealment money laundering that the Government must prove beyond a reasonable doubt is that the defendant conducted a financial transaction that affected interstate or foreign commerce.

The term "conducts" includes the action of initiating, concluding, or participating in initiating or concluding a transaction.

The term "financial transaction" means (1) a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.  The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services.

Interstate commerce includes any transmission, transfer, or transportation of goods or services, both tangible and intangible, communications, and/or persons, between persons, places, or entities located in one state, including the District of Columbia, regardless of whether done for a business purpose or otherwise.

Foreign commerce means the same thing except it is between a person, place, or entity in the United States, any person, place, or entity in a foreign country.

In determining whether a person or institution is engaged in or whether a transaction affects interstate or foreign commerce, the involvement in interstate or foreign commerce can be minimal. Any involvement at all will satisfy this element.

    ii.   <u>Second Element of Concealment Money Laundering – Proceeds of Specified Unlawful Activity</u>

The second element of concealment money laundering is that the financial transactions must involve the proceeds of specified unlawful activity. The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity.

The term "specified unlawful activity" means any one of a variety of offenses described in the statute. In this case the Government has alleged that the financial transactions at issue involved the proceeds of the wire fraud offense charged in Count One of the Indictment. I instruct you, as a matter of law, that the charge in Count One, if proven beyond a reasonable doubt, meets the definition of specified unlawful activity. However, you must determine whether the funds involved in the financial transactions were the proceeds of that unlawful activity. And if you find that the Government has not proven Count One, then you cannot convict on Count Seven.

Relatedly, I instruct you that funds can only be laundered after the underlying crime is complete; otherwise, the funds cannot be considered the "proceeds" of the specified unlawful activity. In other words, the money laundering transaction – that is, the transaction designed to conceal the proceeds – must be separate and distinct from the wire fraud scheme that generated the proceeds.

iii. <u>Third Element of Concealment Money Laundering – Knowledge that Transactions Involved Unlawful Proceeds</u>

The third element of concealment money laundering is that the defendant knew that the financial transactions at issue involved the proceeds of some form, though not necessarily which form, of unlawful activity.

It is not necessary for the defendant to know that the proceeds came from the wire fraud offense alleged in Count One or that the defendant personally participated in the wire fraud offense. It is sufficient that the defendant knew that the proceeds came from some form of unlawful activity.

iv. <u>Fourth Element of Concealment Money Laundering – Knowledge that Transactions Were Designed to Conceal</u>

The fourth and final element of concealment money laundering concerns the purpose of the transaction. Specifically, the Government must prove beyond a reasonable doubt that the defendant conducted financial transactions with the knowledge that the transactions were designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity – namely, the wire fraud offense alleged in Count One. The terms I have just used have their everyday ordinary meanings.

If you find that the evidence establishes beyond a reasonable doubt that the defendant knew the purpose of a particular transaction in issue and that he knew at the time of the transaction that the transaction was designed to conceal or disguise the true origin of the proceeds of the wire fraud against FTX customers, then this element is satisfied.

However, if you find that the defendant knew of the transaction at issue, but did not know that it was designed to conceal or disguise the true origin of the proceeds of the wire fraud against FTX customers, and instead thought that the transaction was intended to further a

legitimate transaction, you must find that this element has not been satisfied and find the defendant not guilty.

Relatedly, I instruct you that the money laundering statute prohibits money *laundering*, not money *spending*. Thus, a design to conceal or disguise the source or nature of the proceeds is necessary. If there is no evidence that the defendant intended to conceal or disguise the proceeds of an unlawful activity, he may not be convicted for concealment money laundering.

That covers the elements of the first object of the money laundering conspiracy alleged in Count Seven; namely concealment money laundering. We now turn to the elements of the second object of the money laundering conspiracy – illegal monetary transactions.

### *Illegal Monetary Transactions*

The crime of conducting illegal monetary transactions has five elements:

<u>First</u>, that the defendant engaged in a monetary transaction in or affecting interstate or foreign commerce;

<u>Second</u>, that the monetary transaction involved criminally-derived property of a value greater than $10,000;

<u>Third</u>, that the property was derived from specified unlawful activity;

<u>Fourth</u>, that the defendant acted knowingly, that is, with knowledge that the transaction involved proceeds of a criminal offense;

<u>Fifth</u>, that the transaction took place in the United States.

We will consider each of these five elements in turn.

### i. First Element of Illegal Monetary Transactions – Financial Transaction

The first element that the Government must prove beyond a reasonable doubt is that the defendant conducted a financial transaction that affected interstate or foreign commerce.

I already instructed you on the meaning of the terms "financial transaction" and "interstate or foreign commerce." You should consider and apply those same instructions here as well.

### ii. Second Element of Illegal Monetary Transactions – Criminally Derived Property Worth Over $10,000

The second element that the Government must prove beyond a reasonable doubt is that the monetary transactions involved criminally derived property having a value in excess of $10,000.

The term "criminally-derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. I already instructed you on the meaning of the terms "proceeds" and you should apply those same instructions here. I instruct you, as a matter of law, that wire fraud is a criminal offense for purposes of this statute.

The Government is not required to prove that all of the property involved in the transaction was criminally-derived property. However, the government must prove that more than $10,000 of the property involved was criminally-derived property.[19]

---

[19] In light of the Second Circuit's decision in *United States v. Silver*, 864 F.3d 102 (2d Cir. 2017), we will not request an instruction on tracing the criminally-derived property. *See United States v. Rutgard*, 116 F.3d 1270, 1292-93 (9th Cir. 1997). However, we disagree with this decision and preserve this issue for appeal.

iii. Third Element of Illegal Monetary Transactions – Property Derived from Specified Unlawful Activity

iv. Fourth Element of Illegal Monetary Transactions – Knowledge

The third and fourth elements that the Government must prove beyond a reasonable doubt is that the property was derived from specified unlawful activity and that the defendant acted knowingly, that is, with knowledge that the transaction involved proceeds of a criminal offense.

I already instructed you on the meaning of the terms "specified unlawful activity" and "knowingly" and you should apply those same instructions here.

I instruct you that the Government is not required to prove that the defendant knew the particular offense from which the criminally-derived property was derived. However, the Government must prove beyond a reasonable doubt that the defendant knew that the transaction involved criminally-derived property which, I remind you, means any property constituting or derived from proceeds obtained from a criminal offense.

v. Fifth Element of Illegal Monetary Transactions – Transaction in the United States

The fifth and final element that the Government must prove beyond a reasonable doubt is that the agreed upon transaction took place in the United States

That covers the elements of the second object of the money laundering conspiracy alleged in Count Seven; namely illegal monetary transactions. If the Government proves beyond a reasonable doubt that such a conspiracy existed, the first element of the conspiracy has been proven. If, however, the Government has not proven beyond a reasonable doubt that such a conspiracy existed, the defendant may not be convicted on Count Seven.

2. <u>Second Element – Intent</u>

The second element of the money laundering conspiracy, which the Government must prove beyond a reasonable doubt, is that Mr. Bankman-Fried knowingly and willfully joined and participated in the alleged conspiracy at some point during its existence. I have already instructed you on these elements in my instructions on the wire fraud conspiracy charged in Count Two. You should consider and apply those same instructions here as well, including the complete defense of good faith.

## DEFENSE REQUEST NO. 12

### Venue[20]

With respect to any given count you are considering, the Government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of the charge occurred in the Southern District of New York. This is called establishing venue. The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties.

The Government does not have to prove that a completed crime was committed within the Southern District of New York, or that Mr. Bankman-Fried was ever in the Southern District of New York. It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District. The act itself may not be a criminal act. It could include, for example, processing or executing a securities trade within this District. And the act need not have been taken by Mr. Bankman-Fried, so long as the act was part of the crime that you find was committed by Mr. Bankman-Fried.

Unlike the elements of the offenses which must be proven beyond a reasonable doubt, the Government is only required to prove venue by a preponderance of the evidence. A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime you are considering occurred in this District.

---

[20] *United States v. Stewart*, No. 15 Cr. 287 (LTS) (S.D.N.Y. 2016), Trial transcript at 1620-21.

## DEFENSE REQUEST NO. 13

### Bias of Witnesses[21]

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witnesses may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony. You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

---

[21] Adapted from the charge of the Honorable J. Paul Oetken in *United States v. Danilovich*, 12-CR-171 (JPO), Trial transcript at 4770-71.

## DEFENSE REQUEST NO. 14

## Cooperating Witness Testimony[22]

You have heard testimony from witnesses who have pleaded guilty and entered into cooperation agreements with the Government. These witnesses testified that they hope that, as a result of their cooperation with the Government—including their testimony at this trial—that they will receive a lesser sentence.

You are not to draw any conclusions or inferences of any kind about the guilt of Mr. Bankman-Fried merely from the fact that certain witnesses at this trial entered into cooperation agreements with the Government and pleaded guilty to crimes that may be similar or related to the crimes with which Mr. Bankman-Fried is charged. The witnesses who decided to plead guilty and cooperate with the Government did so based on their evaluation of what was in their best interest. Their decision to plead guilty and to cooperate with the Government is not evidence that Mr. Bankman-Fried committed a crime. A defendant may not be found guilty merely because he associated with individuals who decided to plead guilty and enter into cooperation agreements with the Government.

The testimony of cooperating witnesses must be scrutinized with special care and caution. The fact that a witness has pleaded guilty to crimes and has entered into a cooperation agreement with the Government may be considered by you as bearing on the witness's credibility. It does not follow, of course, that simply because a person has admitted to committing crimes, and has entered into a cooperation agreement with the Government, that he is incapable of giving a truthful account of what happened. Moreover, it is no concern of yours

---

[22] Adapted from the charge of the Honorable Paul G. Gardephe in *United States v. Amanat*, 15-CR-536 (PGG), Trial transcript at 7145.

why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony.

The testimony of cooperating witnesses should be given such weight as it deserves in light of all the facts and circumstances before you, taking into account the witness's candor, the strength and accuracy of his recollection, his background, his demeanor, and the extent to which his testimony is or is not corroborated by other evidence in the case. As with other witnesses, you may consider whether a cooperating witness has an interest in the outcome of this case and, if so, whether that interest has affected his or her testimony.

In this regard, you should bear in mind that a witness who has pleaded guilty and entered into a cooperation agreement with the Government has an interest and motives different from those of other witnesses. In evaluating the testimony of such a witness, you should ask yourself whether the witness would benefit more by lying, or by telling the truth. Was the witness's testimony influenced in any way by a belief or hope that he would receive favorable treatment by testifying falsely, or did he believe that his interests would be best served by testifying truthfully? If you believe that a witness was motivated by hopes of avoiding a term of imprisonment, was that motivation one that would cause him to lie, or was it one that would cause him to tell the truth?

In sum, you should consider all of the evidence in deciding what weight, if any, to give to the testimony of a cooperating witness. If you find that the testimony of a cooperating witness was false, you should reject it. However, if—after a cautious and careful examination of the cooperating witness's testimony in light of all the evidence—you conclude that the cooperating witness told the truth, you should accept the testimony as credible and act upon it accordingly.

As with any witness, the issue of credibility need not be decided on an all-or-nothing basis. Even if you find that a witness testified falsely in one part, you may still accept his or her testimony in other parts, or you may disregard all of that witness's testimony. That is a determination entirely for you to make.

**<u>DEFENSE REQUEST NO. 15</u>**

**Expert Witnesses [If Applicable][23]**

You have heard testimony from a witness/certain witnesses who was/were proffered as (an) expert(s) in different areas.  An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept a witness's testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

---

[23] Modern Federal Jury Instructions, Instr. 7-21.

## DEFENSE REQUEST NO. 16

### Defendant's Testimony [If Applicable][24]

In a criminal case, the defendant never has a duty to testify or come forward with any evidence. The reason is that, as I have told you, the defendant is presumed innocent and the government at all times has the burden of proof beyond a reasonable doubt. But, if he chooses, the defendant also has the right to testify and to take the witness stand on his own behalf. In this case, Mr. Bankman-Fried decided to testify, like any other witness, and he was subject to cross-examination, like any other witness. You should examine and evaluate the testimony of Mr. Bankman-Fried just as you would the testimony of any witness.

---

[24] *See United States v. Solano*, 966 F.3d 184, 192-94 (2d Cir. 2020); *United States v. Gaines*, 457 F.3d 238, 249 n.9 (2d Cir. 2008).

## DEFENSE REQUEST NO. 17

### Defendant's Right Not To Testify [If Applicable]

Mr. Bankman-Fried did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the trial and never shifts to the defendant. A defendant is never required to prove that he or she is innocent.

You must not attach any significance to the fact that Mr. Bankman-Fried did not testify. You may not draw any inference against Mr. Bankman-Fried because he did not take the witness stand. You may not speculate as to why he did not testify, and you may not consider this against him in any way in your deliberations.

## DEFENSE REQUEST NO. 18

### Missing Witness Charge [If Applicable]

[Mr. Bankman-Fried respectfully requests that the jury be given a missing witness charge for any material witnesses not presented at trial, to be supplied following the close of trial, prior to the charging conference.]

## **DEFENSE REQUEST NO. 19**

### **Defense Theory of the Case[25]**

[Mr. Bankman-Fried respectfully requests that the jury be charged with the defense

theory of the case, to be supplied following the close of trial, prior to the charging conference.]

---

[25] *United States v. GAF Corp.*, 928 F.2d 1253, 1262 (2d Cir 1991) ("This Court has repeatedly recognized a criminal defendant's right to a jury charge which reflects the defense theory").

## CONCLUSION

Mr. Bankman-Fried respectfully requests that the Court include the foregoing in its instructions to the jury. Mr. Bankman-Fried also reserves the right to supplement or amend these requests to charge in response to the Government's requests, the materials to be produced to the defense, and the evidence presented at trial.

Dated: August 21, 2023
New York, New York

Respectfully submitted,

*/s/* Mark S. Cohen
Mark S. Cohen
Christian R. Everdell
David Lisner
Sri K. Kuehnlenz
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
Phone:  (212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com
dlisner@cohengresser.com
skuehnlenz@cohengresser.com

*Attorneys for Samuel Bankman-Fried*