

COHEN & GRESSER LLP

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

August 23, 2022

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *United States v. Samuel Bankman-Fried*, 22 Cr. 673 (LAK)

Dear Judge Kaplan:

  We write in response to the Court's order, dated August 21, 2023, directing the defense to respond to the Government's letter, dated August 18, 2023. ECF Nos. 212, 211. In its letter, the Government requested additional disclosures related to the defense's proposed advice-of-counsel defense or, in the alternative, precluding the defense from introducing such evidence at trial. ECF No. 211.

  As a preliminary matter, the defense does not believe the Government is entitled to any further information concerning the specific details and scope of the proposed defense, or the evidence the defense proposes to elicit concerning Mr. Bankman-Fried's reliance on the advice of counsel. *See United States v. Ray*, No. 20 Cr. 110 (LJL), 2021 WL 5493839, at *5 (S.D.N.Y. Nov. 22, 2021) ("[T]he government is not entitled to either the names of the attorneys whom [the defense] intends to call as witness or upon whose advice he intends to rely, and the government is not entitled at the pretrial stage to be informed of the charges to which [the defendant] intends to assert an advice-of-counsel defense"). This information is also not called for under Rule 12.2. Nevertheless, in the interest of avoiding further collateral litigation on this issue, the defense hereby provides the additional disclosures set forth below.

  As the Government and the Court are aware, the defense moved to compel the Government pursuant to Rule 16 to produce various records from Fenwick & West LLP ("Fenwick"), outside counsel for FTX and Alameda, or in the alternative for a Rule 17(c) subpoena to obtain those same records. ECF No. 151. The application was based on billing records from Fenwick that were produced in discovery, which showed that Fenwick had

The Honorable Lewis A. Kaplan
August 23, 2022
Page 2

provided legal advice to FTX and Alameda on numerous topics that are directly related to the conduct alleged in the Indictment, including but not limited to the following:

1. Data retention policies at FTX, including the use of auto-delete policies and ephemeral messaging applications;

2. The formation and incorporation of the North Dimension entities, and the banking relationship between Silvergate Bank and Alameda, North Dimension, and FTX;

3. Loans given to the founders and other executives of FTX and Alameda;

4. FTX customer agreements, including the FTX Terms of Service; and

5. Intercompany agreements between FTX and Alameda, including the Payment Agent Agreement;

*Id*. at 6-10.  The Government opposed this application, and the Court denied the requested relief.  ECF Nos. 156, 166.  As a result, the defense was unable to obtain the documents that would have reflected Fenwick's legal advice.  Indeed, it is galling that the Government is requesting specific documents from the defense when the Government helped ensure that we could not obtain these very documents.  The fact that the Government now asks the Court to preclude evidence on reliance of counsel is yet another attempt by the Government – like its 60-page motions *in limin*e submission – to deprive the defense of a defense.

Nevertheless, the defense intends to elicit evidence that Mr. Bankman-Fried was aware that Fenwick lawyers as well as in-house counsel for FTX, including Dan Friedberg, Can Sun, Ryne Miller, and others, were involved in reviewing and approving decisions related to these matters and others, which gave him assurance that he was acting in good faith.  Evidence of the defendant's reliance on counsel is relevant to the question of intent and is not limited to situations where the defense can establish that the defendant formally sought out the advice of counsel, received legal advice, and followed the advice given.  *See Howard v. SEC*, 376 F.3d 1136, 1147 (D.C. Cir. 2004) ("[R]eliance on the advice of counsel need not be a formal defense; it is simply evidence of good faith, a relevant consideration in evaluating a defendant's scienter."); *see also id*. ("[T]he reliance defense … is not really a defense at all but simply some evidence tending to support a defense based on due care or good faith.") (citation omitted); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (in evaluating a defense of good faith, "[defendant's] conversations with counsel regarding the legality of his schemes would have been directly relevant in determining the extent of his knowledge and, as a result, his intent."); Sand *et al*., Modern Federal Jury Instructions, Instr. 44-5 ("It may also be appropriate to instruct the jury that consulting counsel could be considered as evidence of good faith.").

The Honorable Lewis A. Kaplan
August 23, 2022
Page 3

*Howard* is particularly instructive here. In that case, the defendant was a senior executive at a registered broker-dealer who was accused of securities laws violations in connection with two private placement offerings. *Id*. at 1138-39. The defendant was able to elicit evidence that he aware that outside counsel had approved the first transactions and oversaw the closing in its offices and that in-house and outside counsel had approved the second transaction. *Id*. at 1147-48. The Court found that these facts constituted "powerful evidence" of the defendant's good faith. *Id*. at 1148.

Accordingly, Mr. Bankman-Fried's awareness that counsel was involved in the matters listed above and others is relevant to rebut the Government's claim that Mr. Bankman-Fried acted with criminal intent to defraud. The list above is non-exhaustive. The defense reserves the right to elicit similar evidence related to other matters in which Mr. Bankman-Fried was aware that in-house and outside counsel were involved, including following the receipt of the Government's disclosures of Jencks Act material and its exhibit list, as well as based on the evidence presented at trial.

We submit that these additional disclosures are more than sufficient to apprise the Government of the nature and scope of the reliance-of-counsel evidence the defense intends to elicit.

Sincerely,

 */s/ Mark S. Cohen*
Mark S. Cohen
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
(212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com