


Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

August 25, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Samuel Bankman-Fried*, S6 22 Cr. 673 (LAK)

Dear Judge Kaplan:

  On behalf of our client, Samuel Bankman-Fried, we write again to object to the Government's current plan to provide discovery access while Mr. Bankman-Fried is detained at the Metropolitan Detention Center (MDC). As we stated in our previous letter to the Court on August 18, 2023 (ECF No. 210), and state again here, the plan is plainly inadequate and violates Mr. Bankman-Fried's Sixth Amendment right to participate in preparing his defense and his right to receive effective assistance of counsel. We further object to the Government's production, just yesterday, of an additional **4 million pages** of discovery. The Government cannot be allowed to dump millions of pages on the defense less than six weeks before trial, especially when the Government has no plans whatsoever to produce the documents to Mr. Bankman-Fried in the MDC for his review. For the reasons already discussed in our motions *in limine*, ECF No. 206, the Government should be precluded from using any such evidence at trial.

  **The Current Discovery Plan Is Inadequate**

  The Government has already produced millions of pages of documents and terabytes of data in discovery, and apparently intends to produce millions more pages even at this late stage. Given Mr. Bankman-Fried's extensive and irreplaceable knowledge of the companies in question and the relevant facts, and his resulting ability to locate relevant documents quickly and efficiently, there is no substitute for his work on the defense. Before his bail was revoked, Mr. Bankman-Fried was spending 80-100 hours a week reviewing the voluminous discovery and creating detailed analyses that he could update constantly and share with his attorneys. To cite just one example, Mr. Bankman-Fried built a spreadsheet with millions of cells of data drawn from discovery material that can only be accessed with an internet connection, which Mr. Bankman-Fried and his attorneys were continually editing and building out.

As such, in order to meaningfully prepare his defense, Mr. Bankman-Fried needs constant access to an internet-enabled computer that allows him to review documents from discovery, look up relevant context for the evidence online, draft and edit work product analyzing the documents and data, and share these documents and analyses with his attorneys. The Government's current plan—to produce Mr. Bankman-Fried to the cell block at the 500 Pearl Street courthouse twice a week from 9am-3pm and give him a laptop with limited internet access to permit reviewing the discovery—comes nowhere close to this.

First, the plan, which only began this week, restricts Mr. Bankman-Fried's access to discovery from seven days a week/80-100 hours a week to (at most) two days a week/6 hours a day. This is a fraction of the amount of time Mr. Bankman-Fried needs to properly prepare his defense. Moreover, the access at the cell block is unreliable. The laptop has limited battery life and no power outlet in the cell block to charge it, and the internet connection is weak and was down for more than half of the two sessions thus far.

Second, the laptop does not permit Mr. Bankman-Fried to view, build, edit, or share work product with his attorneys. Nor can Mr. Bankman-Fried take back with him to the MDC any of the work product he creates at the cell block because the laptop must stay at the cell block.

Third, the laptop does not give Mr. Bankman-Fried access to the extensive work product that he has already created, which exists in his Google Docs folder, so he cannot build on work that he has already done.

Fourth, Mr. Bankman-Fried does not have access to *any* discovery or work product at the MDC and has not had any such access since he was detained two weeks ago. At the Government's invitation, we have been sending hard drives to Mr. Bankman-Fried with selected documents and work product for him to review at the MDC. But Mr. Bankman-Fried does not have a laptop at the MDC that he can use to review them. This means that there is almost nothing Mr. Bankman-Fried can do at the MDC to prepare for trial.[1]

The Government's solution, such as it is, is unacceptable and violates Mr. Bankman-Fried's Sixth Amendment rights. Nor does it satisfy the Court's expectation that Mr. Bankman-Fried would have "very liberal[]" access to discovery "nine, ten, eleven, twelve hours a day." Tr. 8/11/2023 Conf. at 40.

We do not believe that anything short of temporary release will properly address these problems and safeguard Mr. Bankman-Fried's right to participate in his own defense. At the very least, however, we respectfully request that the Court reconsider its previous decision and order the Marshals to produce Mr. Bankman-Fried to the proffer rooms at 500 Pearl Street five

---

[1] We asked the Government to provide a laptop at MDC that can accept external hard drives. On Wednesday, the Government indicated that it had raised this request with MDC, but we have not received any further information.

days a week, where defense counsel can provide him with an internet-enabled computer that will permit him to review, edit, and share documents and work product with his attorneys. Defense counsel will be present with Mr. Bankman-Fried the entire time and will take back the laptop at the end of the session.

### The Court Should Preclude Any Additional Discovery

Relatedly, the defense objects to yet another eleventh-hour discovery production from the Government—this time, over **4 million pages** of documents from the defendant's Google accounts—which we received just yesterday. Even if Mr. Bankman-Fried were out on bail and had unlimited time to review these documents, it would likely be impossible for him to finish reviewing them by the time of trial. This is yet another example of the Government dumping a huge volume of discovery on the defense months after the discovery deadlines that the Government represented to the Court. This is fundamentally unfair and should not be permitted. For the reasons set forth in our motions *in limine*, ECF No. 206, the Government should be precluded from using any such evidence at trial.

Respectfully submitted,

   /s/ Christian R. Everdell
Mark S. Cohen
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
(212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com

cc: All counsel of record (via ECF)