UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

RYAN SALAME,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER OF
FORFEITURE AS TO SUBSTITUTE
ASSETS/ MONEY JUDGMENT

S7 22 Cr. 673 (LAK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/23

WHEREAS, on or about September 7, 2023, RYAN SALAME (the "Defendant"), was charged in a two-count Superseding Information, S7 22 Cr. 673 (LAK) (the "Information"), with conspiracy to make unlawful political contributions and defraud the Federal Election Commission, in violation of Title 18, United States Code, Section 371 (Count One); and conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371 (Count Two);

WHEREAS, the Information included a forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the commission of the offense charged in Count Two of the Information;

WHEREAS, the Information also included a substitute asset provision providing notice that if, as a result of the Defendant's acts or omissions, forfeitable property is unable to be located or obtained, the United States will seek, pursuant to Title 18, United States Code, Sections

1

981(a)(1)(C) and 982(a)(1), Title 18, United States Code, Section 853(p); Title 28, United States Code, Section 2461, the forfeiture of any other property of the Defendant;

WHEREAS, on or about January 20, 2023, the Government filed a Forfeiture Bill of Particulars setting forth that certain property was subject to forfeiture to the United States as a result of the offenses described in the Indictment dated December 9, 2022 ("Forfeitable Property");

WHEREAS, on or about September 7, 2023, the Defendant pled guilty to Count Two of the Information, pursuant to an agreement with the United States, wherein the Defendant admitted the forfeiture allegation with respect to Count Two and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money equal to $1,555,186,143 in United States currency, representing property involved in the offense charged in Count Two of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,555,186,143 in United States currency, representing the amount of property involved in the offense charged in Count Two of the Information;

WHEREAS, the Defendant has completed a financial affidavit which was provided to the United States on or about September 7, 2023, and the Defendant has sworn, under penalty of perjury, that this affidavit is a true and accurate description of his current finances;

WHEREAS, the Defendant agrees to make a payment to the United States in the amount of $6,000,000 by the date of the Defendant's sentencing in this case (the "Payment"); and

WHEREAS, the Defendant consents to the forfeiture of all of his right, title and interest in the following assets of the Defendant as substitute assets to satisfy the outstanding forfeiture money judgment:

    a. The real property commonly described as 12 Housatonic Street, Lenox, MA 01240, described as follows:

Beginning at a point in the southerly line of Housatonic Street at a northwesterly corner of land formerly of William C. Schermerhorn, now of Lenox Library Association, thence along a westerly line of said Library land south 28° 40' west seventy two feet and nine inches to an angle in said line marked by an octagonal shaped monument buried in the ground, thence along said Library land north 61° 20' west one hundred feet to land of Frank C. Hagyard, thence north 28° 40 east seventy two feet and nine inches along said Hagyard land to said southerly line of said Housatonic Street, thence along said line of said street south 61° 20' east one hundred feet to the place of beginning;

    b. The real property commonly described as 8 Tucker Street, Lenox, MA 01240, described as follows:

A parcel of land as shown on survey plan captioned "MARY F. MISCH, Property located at 8 & 12 Tucker Street, Lenox, MA, drawn by Hill Engineers Architects and Planners, Scale 1" = 20', dated 11/19/2021" recorded in the Berkshire Middle District Registry of Deeds on December 6, 2021 in Plat S-83.

Being the same premises conveyed to the Grantor hereby by deed of Mary F. Misch dated December 2, 2021 and recorded December 7, 2021 in the Berkshire Middle District Registry of Deeds in Book 7077, Page 274;

    c. Ownership and equity interest in East Rood Farm Corporation; and

    d. 2021 Porsche 911 Turbo S with VIN number WP0AD2A94MS257710,

(a. through d., collectively, the "Substitute Assets");

WHEREAS, the Defendant agrees to execute all necessary documentation to transfer all of his right, title, and interest in the Substitute Assets to the United States by the date of the Defendant's sentencing in this case;

WHEREAS, the Defendant agrees not to assert an interest in the Forfeitable Property and will not file a claim, or assist others in asserting any claim, in the Forfeitable Property;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count Two of the Information cannot be located upon the exercise of due diligence; and

3

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Substitute Assets to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys, Samuel Raymond, Danielle Kudla, Thane Rehn, Nicolas Roos, and Danielle Sassoon of counsel, and the Defendant, and his counsel, Jason Linder, Esq., and Gina Parlovecchio, Esq that:

1. As a result of the offense charged in Count Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of $1,555,186,143 in United States currency (the "Money Judgment"), representing the amount of property involved in the offense charged in Count Two of the Information shall be entered against the Defendant.

2. Upon entry of this Consent Preliminary Order of Forfeiture as to Substitute Assets/Money Judgment, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to hold such property in its secure custody and control.

3. The Defendant shall make the Payment to the United States and execute all necessary documentation to effect the Government's forfeiture of the Substitute Assets before the date of the Defendant's sentencing. Upon receipt of the Payment and the entry of a final order of forfeiture for all of the Substitute Assets, provided there are no successful third-party petitions for the Substitute Assets, the United States shall accept the Payment and Substitute Assets in full

4

satisfaction of the Money Judgment. This paragraph will be deemed not operative, and the United States will be free to enforce the entirety of the outstanding Money Judgment, if any information in the financial affidavit completed by the Defendant was false or incomplete as of September 7, 2023, or if the Defendant in any way inhibits the Government's seizure, custody, or disposal of the Substitute Assets, including by failing to support any motion by the Government for interlocutory sale.

4. If the Defendant makes the Payment, executes all necessary documentation to effect the Government's forfeiture of the Substitute Assets before the date of the Defendant's sentencing, and the Court enters a final order of forfeiture for all of the Substitute Assets, the United States agrees not to take any action pursuant to Title 21, United States Code, Section 853(p), seeking the forfeiture of additional substitute assets of the Defendant. If the Defendant fails to make the Payment, execute all necessary documentation to effect the forfeiture by the Government by the date of sentencing, support any motion by the Government for interlocutory sale, or the Court does not enter a final order of forfeiture for all of the Substitute Assets, the United States may take action pursuant to Title 21, United States Code, Section 853(p) up to the entirety of the outstanding Money Judgment.

5. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Substitute

Assets must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

6. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Substitute Assets, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

7. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to Substitute Assets pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

9. Subject to the terms set forth above, pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of additional substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Substitute Assets/Money Judgment is final as to the Defendant, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

11. All payments on the outstanding Money Judgment, including the Payment, shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

12. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Substitute Assets/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

15. The signature page of this Consent Preliminary Order of Forfeiture as to Substitute Assets/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____  9/7/23
Danielle Kudla                        DATE
Samuel Raymond
Thane Rehn
Nicolas Roos
Danielle Sassoon
Assistant United States Attorneys
(212) 637-2304 / 6519 / 2354 / 2421 / 1115

RYAN SALAME

By: _____  9/7/23
RYAN SALAME                           DATE

By: _____  9/7/23
Jason Linder, Esq.                    DATE
Gina Parlovecchio, Esq.

SO ORDERED:

_____  9/7/23
HONORABLE LEWIS A. KAPLAN       DATE
UNITED STATES DISTRICT JUDGE