

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

September 8, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: *United States v. Samuel Bankman-Fried*, S6 22 Cr. 673 (LAK)

Dear Judge Kaplan:

On behalf of our client, Samuel Bankman-Fried, we respectfully submit this letter as a follow-up to our letter of September 5, 2023 (ECF No. 254) and in response to the Court's order, dated September 6, 2023 (ECF No. 255), requesting the defendant to identify any factual inaccuracies in the Government's September 5, 2023 letter concerning the defendant's access to discovery (ECF No. 253).

First, the defense believes that the description of Mr. Bankman-Fried's access to the internet-enabled laptop in the 500 Pearl Street cellblock is inaccurate. *See* ECF No. 253 at 2 ("[T]he defendant continues to have access to the internet-enabled laptop at least two days per week at the 500 Pearl Street cellblock."). Under the current plan, Mr. Bankman-Fried is supposed to be given access to an internet-enabled computer and a hard drive in the cellblock twice a week for four to five hours. Tr. 8/30/2023 Conf. at 25. Mr. Bankman-Fried was produced to the cellblock on Wednesday, September 6, which was the latest opportunity the defense had to observe whether the plan for access to the internet-enabled laptop would work as promised. As we feared, the current plan does not work in practice and Mr. Bankman-Fried is not, in fact, getting "access to [an] internet-enabled laptop." Among the problems we encountered Wednesday were the following:

- Mr. Bankman-Fried was not produced to the cell block at 9:00am, as expected. Instead, he did not arrive until approximately 11:00am. Defense counsel were informed by the one of the Marshals that the delay was because another inmate could not be transported with the rest of the inmates heading to the courthouse. Mr. Bankman-Fried was therefore transported to the courthouse on a later bus. This eliminated two hours of review time.

- When he arrived, Mr. Bankman-Fried was placed in a holding cell without his internet-enabled laptop and could not do any work, despite our understanding that he could use the laptop in the cell block even without his attorneys present.

- Mr. Bankman-Fried was brought up to the cellblock visiting rooms at approximately 11:30 at the request of counsel and was given the laptop and WiFi hotspot and hard drive. Mr. Bankman-Fried tried to access the discovery database. But the internet connection was so slow that it took 10 minutes for the home page to load. By 1:00pm – 1½ hours later – Mr. Bankman-Fried was only able to load <u>one</u> document from the database to review. Effectively, Mr. Bankman-Fried had no access to the internet for the entire 5-hour period.

- Mr. Bankman-Fried did not get back to the MDC until approximately 7:00pm, meaning that he spent an entire day getting access to a single document. That is one day he could not spend working at the MDC or conferring with his lawyers.

Despite the Government's efforts, there does not appear to be a way to solve the internet access problem in the cellblock. That means that Mr. Bankman-Fried has no way to review and search documents the discovery database or the AWS database before trial. The defendant cannot prepare for trial with these kinds of limitations.

<u>Second</u>, the defense believes that the Government's statement that Mr. Bankman-Fried can "review electronic discovery" at the MDC from "8:00am to 7:00pm" on weekdays in inaccurate. ECF No. 253 at 1. The defendant cannot review the full electronic discovery at the MDC because he does not have internet access there. He can only review selected discovery documents that his counsel give him that are not in a searchable database. With regard to the hours of access, although the Government promised 8:00am to 7:00pm, in practice, Mr. Bankman-Fried's hours in the MDC visitor room have been cut short, either because he has been brought down late or forced to return to his unit too early. At the defense's request, the Government included examples of this in its September 5 letter. *See id*. at 1.[1]

For these reasons and the reasons set forth in our prior letter, we believe that the current solution is untenable and we no longer have the time to see if the Government will be able to

---

[1] There is an additional problem with the visitor room access which we wish to raise with the Court. Even if Mr. Bankman-Fried is allowed to review discovery from 8:00am to 7:00pm, he is not allowed to take any food or water with him to the visitor room, nor can he be administered his medication. This means that, if Mr. Bankman-Fried wanted to make use of the full allotted time in the MDC visitor room, he would have to forgo food, water, and medicine for 11 hours straight.

devise a plan that works. Almost an entire month has passed since Mr. Bankman-Fried was remanded and we have lost that time to effectively prepare for trial. We therefore respectfully reiterate our request that the Court order Mr. Bankman-Fried's temporary release under 18 U.S.C. § 3142(i).

                                                    Respectfully submitted,

                                                   /s/ Mark S. Cohen
                                                 Mark S. Cohen
                                                 Christian R. Everdell
                                                 **COHEN & GRESSER LLP**
                                                 800 Third Avenue, 21st Floor
                                                 New York, New York  10022
                                                 (212) 957-7600
                                                 mcohen@cohengresser.com
                                                 ceverdell@cohengresser.com

cc:    All counsel of record (via ECF)