

COHEN & GRESSER LLP

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

## MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-12-2023

September 8, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *United States v. Samuel Bankman-Fried*, S6 22 Cr. 673 (LAK)

Dear Judge Kaplan:

   On behalf of our client, Samuel Bankman-Fried, we respectfully submit this letter as a follow-up to our letter of September 5, 2023 (ECF No. 254) and in response to the Court's order, dated September 6, 2023 (ECF No. 255), requesting the defendant to identify any factual inaccuracies in the Government's September 5, 2023 letter concerning the defendant's access to discovery (ECF No. 253).

   First, the defense believes that the description of Mr. Bankman-Fried's access to the internet-enabled laptop in the 500 Pearl Street cellblock is inaccurate. *See* ECF No. 253 at 2 ("[T]he defendant continues to have access to the internet-enabled laptop at least two days per week at the 500 Pearl Street cellblock."). Under the current plan, Mr. Bankman-Fried is supposed to be given access to an internet-enabled computer and a hard drive in the cellblock twice a week for four to five hours. Tr. 8/30/2023 Conf. at 25. Mr. Bankman-Fried was produced to the cellblock on Wednesday, September 6, which was the latest opportunity the defense had to observe whether the plan for access to the internet-enabled laptop would work as promised. As we feared, the current plan does not work in practice and Mr. Bankman-Fried is not, in fact, getting "access to [an] internet-enabled laptop." Among the problems we encountered Wednesday were the following:

- Mr. Bankman-Fried was not produced to the cell block at 9:00am, as expected. Instead, he did not arrive until approximately 11:00am. Defense counsel were informed by the one of the Marshals that the delay was because another inmate could not be transported with the rest of the inmates heading to the courthouse. Mr. Bankman-Fried was therefore transported to the courthouse on a later bus. This eliminated two hours of review time.

<u>Memorandum Endorsement</u>                    <u>United States v. Bankman-Fried, 22-cr-0673 (LAK)</u>

      Defendant here seeks to be released from pretrial detention pursuant to 18 U.S.C. 3142(i), implicitly arguing that the Court should find that "such release [is] necessary for preparation of [defendant's] defense" for the trial scheduled to begin on October 3, 2023. The defendant, however, has not provided sufficient basis for such a finding despite his relatively unsupported claims that he does not have unimpeded access to electronically stored discovery and other material (collectively, "ESI") while detained and a variety of other arguments.

      *First*, defendant largely ignores the fact that he had extensive access to most of the ESI for 7-1/2 months before his bail was revoked shortly before trial. He was indicted on December 9, 2022. The indictment was unsealed on December 13, and defendant was presented in this Court on December 22, 2022 following his extradition from the Bahamas. He immediately was released on bail and permitted to reside in his parents' home in Palo Alto, California, where he had extensive access to telephone and the Internet until his bail was revoked on August 11, 2023. Thus, whatever impediments defendant may have experienced in preparing for trial since August 11, he faced no such impediments during the roughly 7-1/2 months between his presentment to this Court and the revocation of his bail. Apart from the fact that the government – in order to comply with its obligation to produce Rule 16 discovery requested *by the defendant* promptly after receiving it from third parties – has continued to produce documents[1] in recent weeks, defendant had months in which to explore the discovery and make whatever other investigations he wished by electronic means. Tr., Aug. 30, 2023 [Dkt 249], at 11:9-12:6. There has been no persuasive showing that this did not permit him to prepare for trial except to the extent that some of the materials now available had not been produced by the government until recently. Moreover, the recently produced documents are text searchable indexed productions, the majority of which came from the defendant's own Google accounts and therefore were accessible to the defendant long before the government received those very same materials in a late production from Google. Tr., Aug. 30, 2023 [Dkt 249], at 12:1-12:16.

      *Second,* whatever time pressure defendant now claims to face given the imminence of the trial date and the claimed limitations on his access to ESI while incarcerated largely would be of his own making. When this case first came before the undersigned last January, both the government and the defendant sought a trial in September or October 2023. Tr., Jan. 3, 2023 [Dkt 38], at 8:22-9:3. The Court gave them what they asked for – an October 2 trial date (*id.* at 10:7-10), subsequently adjusted to October 3. And when the defendant began complaining that his recent incarceration made trial preparation by that date more difficult for him, the Court offered to consider any request by the defendant for a substantial adjournment of the trial to give him more time in which to prepare. Tr., Aug. 30, 2023 [Dkt 249], at 20:9-21:25. Yet defendant conspicuously failed to request any additional time.

      *Third,* the premise of defendant's position here is that he personally is entitled to review and consider every single piece of the discovery in this case, to generate unspecified work product in respect thereof, and so on. But the premise is incorrect. Defendant is represented by a substantial team of extremely able retained lawyers. He proposes to call at trial seven expert

---

[1]

      The Court includes ESI in the term "documents" for simplicity of expression.

witnesses. And no represented defendant, much less a defendant detained pretrial in order to protect the public, has a constitutional or other right to inspect every bit of discovery. *United States v. Ingram,* 2021 WL 4134828, at *3 (N.D. Cal. Sept. 10, 2021); *Mackey v. Hanson,* 2019 WL 5894306, at *8 (D. Colo. Nov.12, 2019) ("criminal defendants are not accorded an unqualified right to personally review all discovery materials"); *United States v. Thompson,* 2013 WL 1809659, at *5-6 (D. Me. Apr. 29, 2013) (there are no cases holding that the Constitution or Rule 11 "require[] that a defendant represented by a lawyer must personally see all the discovery . . . or even the discovery that [the defendant] asks to see") (alterations in original); *United States v. Faulkner,* 2011 WL 3962513, at *4 (N.D. Tex. Sept. 8, 2011); *Baker v. McKee,* 2009 WL 1269628 (E.D. Mich. Apr. 30, 2009) (criminal defendant has no independnet right to own copy of discoverable documents when represented by counsel); *see Rodriguez v. United States,* 2013 WL 3388223, at *6 (S.D.N.Y. July 8, 2013) ("[d]efense counsel is not required to present a defendant, for his review, with all discovery material that defense counsel acquires"); *Standard Criminal Discovery Order,* Case No. 3:20-MC-52, 2020 WL 1659564, at *4 (W.D.N.C. Mar. 23, 2000) (same).

   *Finally,* as the Court suggested in remarks on August 30, 2023 (Tr., Aug. 30, 2023 [Dkt 249], at 20:20-21:1), and as remains true today, the defendant has not made any detailed showing as to specific materials that he claims he has been unable to access personally and the reasons why any such personal inability actually would impede his defense. Generalities about millions of pages without connecting those dots simply is not persuasive. Defendant's team of lawyers is able to provide defendant with any materials that he would like to review on hard drives at the MDC. There has been no suggestion that counsel is incapable of running any searches across the Relativity or AWS databases that defendant may desire and then providing him with the results..

   For all of these reasons, defendant's repeated Section 3142(i) requests to be released for trial preparation purposes are denied. This ruling does not foreclose a further application on a more factually grounded and persuasive showing.

   SO ORDERED.

Dated:  September 12, 2023

                  Lewis A. Kaplan
               United States District Judge

2