N975salP

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,            New York, N.Y.

4            v.                         S7 22 Cr. 673 (LAK)

5  RYAN SALAME,

6            Defendant.

7  ------------------------------x

8                                       September 7, 2023
                                        3:15 p.m.
9

10 Before:

11                 HON. LEWIS A. KAPLAN,

12                                       U.S. District Judge

13

14                 APPEARANCES

15 DAMIAN WILLIAMS
        United States Attorney for the
16      Southern District of New York
   BY:  SAMUEL RAYMOND
17      NICOLAS T. ROOS
        DANIELLE SASSOON
18      DANIELLE KUDLA
        Assistant United States Attorneys
19
   MAYER BROWN, LLP
20      Attorney for Defendant
   BY:  JASON LINDER
21       GINA PARLOVECCHIO

22
   ALSO PRESENT:  JENNIFER BREITENBACH, Special Agent, FBI
23                CHRISTINA VENABLE, Pretrial Services Officer

24

25

N975salP

```
 1              (Case called)
 2              THE DEPUTY CLERK:  Government, are you ready?
 3              MR. RAYMOND:  Yes.
 4              THE DEPUTY CLERK:  Please put your appearances on the
 5     record.
 6              MR. RAYMOND:  Good afternoon, your Honor.  Sam
 7     Raymond, Nicholas Roos, Danielle Sassoon, Danielle Kudla for
 8     the government, joined at counsel's table by Special Agent
 9     Breitenbach of the FBI, and Pretrial Services Officer Christina
10     Venable.
11              THE COURT:  Good afternoon.
12              THE DEPUTY CLERK:  Defendant, are you ready?
13              MR. LINDER:  Yes.  Yes, we are.
14              THE COURT:  And who are you?
15              MR. LINDER:  Good afternoon, your Honor.  Jason Linder
16     and Gina Parlovecchio, from Mayer Brown, on behalf of the
17     defendant Ryan Salame.
18              THE COURT:  And you have a pending motion to be
19     admitted *pro hac vice*?
20              MR. LINDER:  Yes, your Honor.
21              THE COURT:  All right.  I will grant that.
22              OK, Andy.  I guess we need to deal also with one other
23     preliminary matter.
24              I direct the prosecution to comply with its
25     obligations under *Brady v. Maryland*, and its progeny, to
```

N975salP

disclose to the defense all information, whether admissible or
not, that's favorable to the defendant, material either to
guilt or to punishment, and known to the prosecution.  Possible
consequences for non-compliance may include dismissal of
individual charges or the entire case, exclusion of evidence,
and professional discipline or Court sanctions on the
responsible attorneys.

I will be entering a written order more fully
describing this obligation and the possible consequences of
failing to meet it, and I direct the prosecution to review and
comply with that order.

Mr. Raymond, does the prosecution confirm that it
understands its obligations and will fulfill them?

MR. RAYMOND:  Yes, your Honor.  Thank you.

THE COURT:  I understand that the defendant proposes
to enter a plea of guilty to superseding information
S7 22 Cr. 673; is that correct, counsel?

MR. LINDER:  Yes, your Honor.

THE COURT:  Thank you.

Andy, please swear the defendant.

THE DEPUTY CLERK:  Mr. Linder, have you received a
copy of the S7 superseder?

MR. LINDER:  Yes, we have.

THE DEPUTY CLERK:  Have you reviewed it with your
client?

N975salP

1              MR. LINDER:  Yes, we have.

2              THE DEPUTY CLERK:  Does he waive the public reading?

3              MR. LINDER:  He does.

4              THE DEPUTY CLERK:  How does he plead?

5              MR. LINDER:  He pleads not guilty.

6              THE COURT:  OK.  I take it -- your name is pronounced

7    Salame; is that right?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Mr. Salame, I understand you wish to enter

10   a plea of guilty; is that correct?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Be seated, please, this is not going to be

13   four minutes like across the street.  I imply no criticism.

14             Before I accept your plea, I'm going to ask you some

15   questions.  In order to establish to my satisfaction that you

16   wish to plead guilty and that you are guilty and not for any

17   other reason.  If you don't understand any of the questions or

18   at any time you wish to consult with your counsel, please let

19   me know and we will take care of whatever the problem is.  OK?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Do you understand that you are now under

22   oath and that if you answer any of my questions falsely, your

23   answers may later be used against you in a separate prosecution

24   for perjury or making a false statement?

25             THE DEFENDANT:  Yes, your Honor.

N975salP

1              THE COURT:  How old are you?

2              THE DEFENDANT:  I'm 30 years old, your Honor.

3              THE COURT:  Are you a citizen of the United States?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  How far did you get in school?

6              THE DEFENDANT:  Masters degree, your Honor.

7              THE COURT:  Are you under the care of a doctor or a

8    mental health professional, or been so within the last 30 days?

9              THE DEFENDANT:  No, your Honor.

10             THE COURT:  Have you ever been treated or hospitalized

11   for narcotics or any other addiction?

12             THE DEFENDANT:  No, your Honor.

13             THE COURT:  Have you been hospitalized in the past for

14   any medical or psychological or mental illness?

15             THE DEFENDANT:  No, your Honor.

16             THE COURT:  In the past 24 hours have you taken any

17   medicine, or pills, or narcotics, or drunk any alcohol?

18             THE DEFENDANT:  No, your Honor.

19             THE COURT:  Is your mind now clear?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Does either counsel have any doubt as to

22   the defendant's competence to plead?

23             Mr. Raymond?

24             MR. RAYMOND:  Not from the government, your Honor.

25             THE COURT:  Mr. Linder?

N975salP

1              MR. LINDER:  No, your Honor.

2              THE COURT:  On the basis of Mr. Salame's responses to

3      my questions, I find that he is fully competent to enter an

4      informed plea at this time.

5              Do you understand, Mr. Salame, that you have a

6      constitutional right to be charged by an indictment of a grand

7      jury but that you have waived that right and consented to being

8      charged by an information signed by the United States Attorney?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  You should have before you a document

11     marked Court Exhibit A, which I understand to be the waiver of

12     indictment.  Do you have that there?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Does it bear your signature?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Did you knowingly and voluntarily waive

17     your right to be indicted by a grand jury and agree to being

18     prosecuted on an information, signed only by the United States

19     Attorney?

20             THE DEFENDANT:  Yes, I do, your Honor.

21             THE COURT:  Have you had an adequate opportunity to

22     discuss your case with your attorneys?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Are you satisfied with your counsel and

25     their representation of you in this case?

N975salP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  I am now going to describe your rights

3     under the Constitution and laws.  Please, listen carefully.  At

4     the end I will ask if you have understood what I have said.  If

5     you have any questions, please raise them when I complete this

6     part of the remarks.

7          You are entitled to a speedy and public trial by jury

8     on the charge contained in the information against you.  If

9     there were a trial, you would be presumed innocent and the

10     government would be obliged to prove you guilty by competent

11     evidence and beyond a reasonable doubt before you could be

12     found guilty.  You would not have to prove that you are

13     innocent.  You would be entitled to be represented by a lawyer

14     at every stage of your case and if you couldn't afford a

15     lawyer, a lawyer would be provided for you.

16          The government would have to bring its witnesses in to

17     court, they would have to testify in your presence, your lawyer

18     could cross-examine the government's witnesses and object to

19     evidence offered by the government and offer evidence on your

20     own behalf.

21          You would have the right to the issuance of subpoenas,

22     which are type of compulsory process, to compel the attendance

23     of witnesses whom you wish to have testify in your defense.

24     While you have the right to testify if you chose to do so, you

25     would also have the right not to testify, and if you elected

N975salP

| | |
|---|---|
| 1 | not to testify, no inference of guilt could be drawn from that |
| 2 | fact. |
| 3 | You have the right to persist in your plea of not |
| 4 | guilty, even now, but if you plead guilty and I accept your |
| 5 | plea, there will be no further trial of any kind.  You will |
| 6 | waive your right to a trial and the other rights I have just |
| 7 | mentioned.  I will enter a judgment of guilty and sentence you |
| 8 | on the basis of your guilty plea after considering a |
| 9 | presentence report.  You will also have to waive your right not |
| 10 | to incriminate yourself because I will ask you questions about |
| 11 | what you did in order to satisfy myself that you are guilty as |
| 12 | charged. |
| 13 | Do you understand everything I have said so far? |
| 14 | THE DEFENDANT:  Yes, I do, your Honor. |
| 15 | THE COURT:  Do you have any questions about any of it? |
| 16 | THE DEFENDANT:  No, I do not, your Honor. |
| 17 | THE COURT:  Have you received a copy of the |
| 18 | information containing the charges against you? |
| 19 | THE DEFENDANT:  Yes, I have, your Honor. |
| 20 | THE COURT:  Have you discussed it fully with your |
| 21 | attorney? |
| 22 | THE DEFENDANT:  Yes, your Honor. |
| 23 | THE COURT:  Have you discussed fully the charges to |
| 24 | which you intend to plead guilty? |
| 25 | THE DEFENDANT:  Yes, I have, your Honor. |

N975salP

1          THE COURT:  Do you understand that you are charged in

2     Count One of the Information with conspiracy to make unlawful

3     political contributions and defraud the Federal Election

4     Commission on customers of FTX, in violation of 18 U.S. Code

5     Sections 371 and 52 U.S. Code Sections 30109, 30118, and 30122?

6          THE DEFENDANT:  Yes, I do, your Honor.

7          THE COURT:  Mr. Raymond, please state the elements of

8     the offense.

9          MR. RAYMOND:  Your Honor, Count One charges the

10     defendant with conspiring to violate the Federal Election

11     Campaign Act and to defraud the Federal Election Commission in

12     violation of Title 18 U.S. Code Section 371.  The elements of a

13     violation of Title 18 U.S.C. 371 are:  First, that two or more

14     persons entered into an unlawful agreement charged in Count

15     One; second, that the defendant knowingly and willfully became

16     a member of that alleged conspiracy; and third, that one of the

17     members of the conspiracy knowingly committed at least one

18     overt act in furtherance of the conspiracy.

19          The elements underlying the crime in Count One, the

20     first object of the conspiracy, is the object of making a

21     political contribution in the name of another person in

22     violation of Section 30122 of Title 52 of the U.S. Code.  The

23     elements of that offense are making one or more contributions

24     in the name of one or more persons other than the true source

25     of the funds, with the aggregate amount of such contributions

1    being $25,000 or more or in a calendar year, and doing so

2    knowingly and willfully.

3           The second object of the charged conspiracy in Count

4    One is the object of making a political contribution from a

5    corporation.  Under the federal election laws, corporations are

6    prohibited from making direct contributions to political

7    candidates.  It is unlawful for a corporation to make such a

8    contribution in violation of 52 U.S.C. 30118.  The elements of

9    this object are:  One, making one or more contributions to

10   political candidates; two, by a corporation; three, with the

11   aggregate amount of such contributions being $25,000 or more in

12   a calendar year; and four, that it was done knowingly and

13   willfully.

14          The third object of Count One, your Honor, is

15   conspiracy to defraud the Federal Election Commission.  The

16   elements of that object are:  First, that two or more persons

17   agreed to impair, impede, obstruct, or defeat, by fraudulent or

18   dishonest means, the lawful regulatory and/or enforcement

19   functions of an agency; second, that the defendant knowingly

20   became a member of that conspiracy; and third, that an overt

21   act was committed in furtherance of that conspiracy.

22          THE COURT:  OK.  Thank you.

23          Mr. Salame, do you understand the elements of the

24   charges just stated by Mr. Raymond?

25          THE DEFENDANT:  Yes, your Honor.

N975salP

1      THE COURT:  Do you understand that in order to convict

2  you on Count One, the government would have to prove each of

3  the essential elements of the crime of conspiracy under 18

4  U.S. Code 371 beyond a reasonable doubt?

5      THE DEFENDANT:  Yes, your Honor.

6      THE COURT:  Do you understand the government could do

7  that if it succeeded in proving beyond a reasonable doubt that

8  the conspiracy had as an object any one of the three

9  alternative objects alleged in the information?

10      THE DEFENDANT:  Yes, your Honor.

11      THE COURT:  Do you understand also that the government

12  would have to prove, by a preponderance of the evidence, that

13  the case is properly brought in this district?

14      THE DEFENDANT:  Yes, your Honor.

15      THE COURT:  Do you understand that the maximum

16  possible penalty for this crime is five years' imprisonment, a

17  fine of the greater of $250,000, twice the gross gain or twice

18  the gross loss to a person other than yourself, an order of

19  restitution, a mandatory special assessment of $100, and a

20  maximum term of supervised release of three years, and that if

21  you were released on supervision and violated the terms of that

22  release, you could be sent back to jail for up to two more

23  years without any credit for time served on supervision.

24      Do you understand that?

25      THE DEFENDANT:  Yes, your Honor.

N975salP

| 1 | THE COURT:  Do you understand that you are charged in |

```
 1              THE COURT:  Do you understand that you are charged in

 2    Count Two of the information with conspiracy to operate an

 3    unlicensed money transmitting business in violation of

 4    18 U.S. Code Section 371 and also Section 1960?

 5              THE DEFENDANT:  Yes, your Honor.

 6              THE COURT:  I'm going to ask the government to state

 7    the elements of Count Two.

 8              MR. RAYMOND:  Your Honor, the elements of Count Two,

 9    as it relates to 18 U.S.C. 371, are as I described before.  The

10    specific elements underlying Section 1960 of Title 18 of the

11    U.S. Code are that the defendant conspired with others to first

12    control, conduct, manage, supervise, direct, or own, all or

13    part of a money transmitting business; second, that the money

14    transmitting business affected interstate or foreign commerce;

15    and third, that the money transmitting business failed to

16    comply with the business registration requirements imposed

17    under federal law.

18              THE COURT:  Thank you, Mr. Raymond.

19              Mr. Salame, do you understand the elements of the

20    charges just stated?

21              THE DEFENDANT:  Yes, I do, your Honor.

22              THE COURT:  Do you understand that in order to convict

23    you on this count, the government would have to prove each of

24    the essential elements of 18 U.S. Code 371 beyond a reasonable

25    doubt?
```

N975salP

1            THE DEFENDANT:  Yes, your Honor.

2            THE COURT:  Do you understand that the maximum

3      possible penalties on Count Two are exactly the same as on

4      Count One?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  Do you understand that you will be

7      sentenced on each of the two counts?

8            THE DEFENDANT:  Yes, I do, your Honor.

9            THE COURT:  Do you understand that I may order you to

10     serve the sentences either concurrently or consecutively, and

11     that if you were convicted on -- well, you will be convicted on

12     both counts on the basis of your plea.  The sentence you

13     actually could be required to serve would be the total of the

14     maximum on each of the two counts, considered individually.

15           THE DEFENDANT:  Yes, I do, your Honor.

16           THE COURT:  So I take it that you understand that if

17     you were sentenced to the maximum possible term of imprisonment

18     on each count and to serve those terms consecutively, you could

19     be sentenced to up to 10 years in prison?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  Do you understand that upon entry of your

22     plea of guilty, you will be required to forfeit to the United

23     States any money or property that you received as a result of

24     the offenses or that was used to commit the offenses charged in

25     the information?

N975salP

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Now, I understand that there is a consent

3      preliminary order of forfeiture.  Has that been executed?

4              MR. RAYMOND:  Yes, your Honor.

5              THE COURT:  In the final form that you provided me

6      with; is that right?

7              MR. RAYMOND:  Yes, your Honor.

8              THE COURT:  Now, I'm not going to read the entire

9      forfeiture order into the record but it does bear your

10     signature; yes?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  And you read it before you signed it?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  And you consulted fully with your

15     attorneys before you signed it?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  And you understood it?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  And all your questions concerning it were

20     answered; is that right?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Just to focus on a couple of points, you

23     understand that the forfeiture order requires you to forfeit to

24     the United States a sum of money equal to $1,555,186,143, and

25     that you are consenting to the entry of that judgment, a

N975salP

1    judgment requiring that you pay that amount; is that right?

2                THE DEFENDANT:  Yes, your Honor.

3                THE COURT:  And you have agreed also, under the

4    consent preliminary order of forfeiture, to pay the United

5    States the amount of $6 million by the time you are sentenced,

6    and to forfeit all of your right, title, and interest in a

7    number of substitute assets to be applied towards satisfaction

8    of the forfeiture money judgment, namely two pieces of real

9    estate in Lenox, Massachusetts, any ownership and equity

10   interest you may have in East Rood Farm Corporation, and a 2021

11   Porsche automobile.

12               Do you understand all of that?

13               THE DEFENDANT:  Yes, I do, your Honor.

14               THE COURT:  And you understand, I'm sure, that under

15   the terms of the order of forfeiture and provided that there

16   are no successful third-party petitions for the substitute

17   assets, the United States has agreed to accept payment of the

18   $6 million and forfeiture of the substitute assets, which are

19   the real estate, the interest in the corporation, and the

20   automobile that I referred to before, in full satisfaction of

21   the money judgment to which I referred.

22               You understand that, right?

23               THE DEFENDANT:  Yes, I do, your Honor.

24               THE COURT:  It provides also that if any information

25   you provided in the financial affidavit you previously provided

N975salP

1   to the government was false or incomplete as of this moment, or

2   if you in any way inhibit the government's seizure, custody, or

3   disposal of the substitute assets, including by failing to

4   support any motion by the government for an interlocutory sale,

5   the government will be free to enforce the entirety of the

6   money judgment in excess of $1.5 billion?

7           Do you understand?

8           THE DEFENDANT:  Yes, I understand, your Honor.

9           THE COURT:  In addition, you have agreed to make

10  restitution to persons -- other than the victims of the

11  offense -- in the amount of $5,593,177.91, to the debtors of

12  FTX Trading Ltd. and its associated companies as defined in a

13  bankruptcy case called In Re:  FTX Trading Ltd.,

14  Docket no. 22-11068, pending in the Bankruptcy Court for the

15  District of Delaware.  That restitution shall be paid according

16  to a plan established by the Court.  You will be given credit

17  against that restitution amount for any payments to the debtors

18  of FTX Trading Ltd. that you make prior to sentencing, to the

19  extent verified by the government.

20          Do you understand that?

21          THE DEFENDANT:  Yes, I do, your Honor.

22          THE COURT:  You have told me earlier that you are a

23  U.S. citizen.  I'm obliged to advise you, however, that if for

24  any reason it turns out that you are not a U.S. citizen, a

25  finding that you are guilty of a felony offense -- and these

N975salP

1    are felonies to which you are pleading guilty -- that may have

2    a negative effect on your immigration status or any application

3    you may make in the future for permission to remain in or to

4    become a citizen of the United States.  You may be subject to

5    an order of removal or deportation as a result of this guilty

6    plea if you are not a U.S. citizen.

7            Do you understand that?

8            THE DEFENDANT:  Yes, I do, your Honor.

9            THE COURT:  OK.  I am now going to describe the

10   sentencing process.  I am reasonably confident that your

11   lawyers have done that but you need to hear it from me as well.

12           The law requires that the sentence in this case be

13   imposed in accordance with the Sentencing Reform Act and that

14   it take into account the U.S. Sentencing Guidelines.  The

15   guidelines require that the Court take into account the actual

16   conduct in which you engaged.  That conduct may be more

17   extensive than what is charged in the information to consider

18   the victims of your offense if there are any, the role that you

19   played, whether you have engaged in any obstruction of justice,

20   and whether you have accepted responsibility for your acts and

21   any criminal history that you might have.

22           The guidelines provide for a range of a minimum and a

23   maximum number of months' imprisonment.  You may, but you need

24   not be sentenced, within that range.  The Court must consider

25   the guideline range and other factors enumerated in the Speedy

N975salP

1   Trial Act but it is not bound by the Sentencing Guidelines.

2   The one thing you can be sure of is that the Court cannot

3   sentence you to more than the maximum that I just described to

4   you a few moments ago.

5         The probation office will be preparing a written

6   report setting forth an investigation that it will conduct into

7   your background and the offenses to which you are pleading

8   guilty.  It is only after it does that that it will state its

9   view of the applicable guideline range.

10        So, it is impossible to say for certain now what your

11  guideline range will be.  If anyone has tried to predict to you

12  what that range could be, that prediction could be wrong.

13  Whoever made the prediction may not have all the facts the

14  Court will have in the future.  In any case, the guideline

15  range isn't binding on the Court.  I emphasize to you again

16  that the only certainty you have concerning your sentence is

17  that it can't be more than that statutory maximum that I

18  previously described.

19        You will not be able to withdraw your guilty plea on

20  the ground that any prediction as to your sentence turns out to

21  be wrong.

22        Do you understand what I have just said?

23        THE DEFENDANT:  Yes, I do, your Honor.

24        THE COURT:  Has anyone offered you any inducements or

25  threatened you or anyone else, or forced you in any way to

N975salP

1      plead guilty?

2              THE DEFENDANT:  No, your Honor.

3              THE COURT:  Now, I understand that you have entered

4      into a plea agreement with the government, a copy of which

5      should be on the table in front of you and marked as Court

6      Exhibit B.

7              Do you have that there?

8              THE DEFENDANT:  Yes, I do, your Honor.

9              THE COURT:  Is that your plea agreement?

10              THE DEFENDANT:  Yes, your Honor.

11              THE COURT:  Does it bear your signature on the last

12      page?

13              THE DEFENDANT:  Yes, it does, your Honor.

14              THE COURT:  Did you enter into that agreement of your

15      own free will?

16              THE DEFENDANT:  Yes, your Honor.

17              THE COURT:  Did you do so only after reading it and

18      consulting fully with your attorneys?

19              THE DEFENDANT:  Yes, your Honor.

20              THE COURT:  Has anyone made any promises other than

21      whatever is set forth in the plea agreement that induced you to

22      plead guilty?

23              THE DEFENDANT:  No, your Honor.

24              THE COURT:  Has anyone made any promises or assurances

25      to you as to what your sentence will be?

N975salP

1          THE DEFENDANT:  No, your Honor.

2          THE COURT:  Now, there is at least one provision of

3    the plea agreement that I wish to call to your attention

4    specifically and I invite your attention to the third paragraph

5    on page 5.

6          Do you understand that by entering into this plea

7    agreement you are waiving the right to challenge, under the

8    statute of limitations, any of the charges against you, in

9    other words whether the government filed these charges within

10   the time period otherwise prescribed by the statutes?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Do you understand that by entering into

13   this agreement, you are giving up your right to withdraw the

14   plea or challenge your conviction on the ground that the

15   government failed to disclose evidence to you?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Do you understand that by entering into

18   this plea agreement you are giving up your right to withdraw

19   your plea or attack your conviction based on any immigration

20   consequences?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  Do you understand that by entering into

23   this plea agreement, you are giving up your right to appeal

24   from or to bring any collateral challenge to your conviction or

25   sentence, including but not limited to any appeal or any

N975salP

1    application under 28 U.S. Code 2255 or 2241, of any sentence

2    equal to or below the stipulated guideline sentence of 120

3    months of imprisonment?

4              THE DEFENDANT:  Yes, I understand, your Honor.

5              THE COURT:  Do you understand that by entering this

6    guilty plea the government agrees not to appeal any sentence

7    equal to or above the stipulated guideline sentence?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  OK.  Now, did you, as charged in Count One

10   of the Information, conspire with at least one other person to

11   defraud the United States, and willfully and knowingly to

12   violate the Federal Election Campaign Act?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Tell me please, in your own words, what

15   you did in connection with the acts charged in Count One and,

16   more specifically, what you did that in your mind makes you

17   guilty of that offense?

18             THE DEFENDANT:  Between the fall of 2021 and November

19   of 2022 mid-term elections, I made political contributions in

20   my name that were funded by transfers from the bank accounts of

21   an Alameda subsidiary.  During this time I made tens of

22   millions of dollars in campaign contributions to candidates for

23   public office and political action committees.  While at the

24   time these funds were categorized in both my own and Alameda's

25   ledgers as loans, I understood then that the loans would

N975salP

1    eventually be forgiven and I never intended to repay them.  I

2    understood throughout this process that the donations in

3    question were for the benefit of initiatives primarily

4    introduced to me by others, which were supported by Sam

5    Bankman-Fried.  I further understood that FEC reporting would

6    state that I, rather than Alameda, made these political

7    contributions.  At the time I knew it was prohibited by

8    campaign finance laws to make contributions in my name with

9    money that was not my own.

10           THE COURT:  Is the allocution on Count One

11   satisfactory to the government?

12           MR. RAYMOND:  Yes, your Honor.  We can proffer on

13   venue.

14           THE COURT:  Would you like to make an additional

15   proffer on Count One?

16           MR. RAYMOND:  Yes, your Honor.  We can proffer on

17   venue that were this case to proceed to trial, the government

18   would establish that some of the donations made to politicians,

19   the politicians were located in and represented the Southern

20   District of New York.

21           THE COURT:  Thank you.

22           Mr. Salame; is that correct what Mr. Raymond just

23   said?

24           THE DEFENDANT:  Yes, your Honor.

25           THE COURT:  All right.  Did you, as charged in the

N975salP

1  information, conspire to operate an unlicensed money

2  transmitting business in violation of federal law?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Tell me in your own words what you did

5  that, in your mind, makes you guilty of that offense.

6          THE DEFENDANT:  In late 2019 through 2021, while

7  acting in the role of Alameda's head of settlements, I, and

8  others at FTX and Alameda, used bank accounts owned and

9  operated by Alameda and a subsidiary of Alameda, to help

10  facilitate FTX customers' fiat transactions through a bank

11  primarily located in California, which were then manually

12  credited and debited on FTX customers' accounts by Alameda

13  personnel acting under my management.  I understood that

14  Alameda and FTX were for-profit businesses, and while at the

15  time I was unaware that licensure was required, it is now clear

16  to me that neither Alameda, nor its subsidiaries, properly

17  sought required registration or licensing that would allow

18  these entities to act as money service businesses.

19          THE COURT:  Thank you.

20          Is the allocution on Count Two satisfactory to the

21  government?

22          MR. RAYMOND:  Yes, it is, your Honor.

23          THE COURT:  Is there any additional proffer you care

24  to make?

25          MR. RAYMOND:  Yes, your Honor.

N975salP

1    The government would establish that wires from the

2    operation of the money transmitting business transferred

3    through the Southern District of New York, including to

4    customers of FTX then located in the Southern District of New

5    York.

6    THE COURT:  Mr. Salame, is what Mr. Raymond just said

7    accurate?

8    THE DEFENDANT:  To the best of my knowledge, yes, your

9    Honor.

10    THE COURT:  How do you now plead to the charges in

11    Count One and Count Two; guilty or not guilty?

12    THE DEFENDANT:  I plead guilty, your Honor.

13    THE COURT:  Are you pleading guilty because you are in

14    fact guilty of both of those crimes?

15    THE DEFENDANT:  Yes, your Honor.

16    THE COURT:  I accept the plea.  I will enter a

17    judgment of guilty because the defendant acknowledges that he

18    is guilty as charged in the information.  He knows that he has

19    a right to a trial, he knows what the maximum possible sentence

20    is, and he knows that the Court will take into account the

21    Sentencing Guidelines.  I find that the plea is voluntary and

22    supported by an independent basis in fact containing each of

23    the essential elements of the offense.

24    Now, what do you want to do about a sentencing date,

25    Mr. Raymond?

N975salP

1          MR. RAYMOND:  Your Honor, if you can give me one

2     moment, please?

3          THE COURT:  Yes.

4          (Counsel conferring)

5          MR. RAYMOND:  Your Honor, we would ask for the Court's

6     normal sentencing procedure, so I think that is usually four

7     months, so I think that takes us into January.

8          THE COURT:  OK.

9          Andy, give us a date, please.

10          THE DEPUTY CLERK:  Sure, Judge.  I am just looking at

11     our trial schedule, Judge.  How about January 10, 2024, a

12     Wednesday, at 3:00.

13          THE COURT:  Does that work for everyone?

14          MR. LINDER:  Your Honor, may I have just one moment?

15          THE COURT:  Sure.

16          (Counsel conferring)

17          MR. LINDER:  Yes, your Honor.

18          THE COURT:  OK.  Sentencing is set for January 10,

19     2024, at 3:00.

20          Now, is there an application with respect to bail?

21          MR. RAYMOND:  Yes, your Honor.

22          Can I ask one request with respect to the sentencing?

23     The government would respectfully request that it submit its

24     offense conduct to probation after the trial scheduled for Sam

25     Bankman-Fried to start on October 3.

N975salP

| | |
|---|---|
| 1 | THE COURT:  When do you expect that is going to be? |
| 2 | MR. RAYMOND:  I expect -- well, I think we expect |
| 3 | about six weeks, your Honor, so mid-November. |
| 4 | THE COURT:  Well, I hope you're right. |
| 5 | MR. RAYMOND:  So do we all, your Honor. |
| 6 | THE COURT:  That submission is to be made by the day |
| 7 | before Thanksgiving, whatever that turns out to be. |
| 8 | Andy, do you want to check? |
| 9 | THE DEPUTY CLERK:  Sure, Judge. |
| 10 | THE COURT:  Is it the 20th or the 21st? |
| 11 | THE DEPUTY CLERK:  It is the 20th, Judge. |
| 12 | THE COURT:  OK.  And we don't have enough turnaround |
| 13 | time after that to get this done on January 10th.  I imagine |
| 14 | the defense is going to want to have the presentence report and |
| 15 | maybe have something to say about it. |
| 16 | MR. LINDER:  Yes, your Honor; you imagine correctly. |
| 17 | THE COURT:  So we are going to have to change the |
| 18 | sentencing date. |
| 19 | THE DEPUTY CLERK:  How much further out, Judge? |
| 20 | THE COURT:  February?  March? |
| 21 | MR. RAYMOND:  I think that makes sense.  I think |
| 22 | defense counsel is requesting March, but I don't think the |
| 23 | government would have an objection to that. |
| 24 | THE DEPUTY CLERK:  Judge, Wednesday, March 6, at 3:00. |
| 25 | THE COURT:  March 6, 3:00? |

N975salP

1          MR. RAYMOND:  Yes, your Honor; that works for the
2     government.

3          THE COURT:  All right.  That will be the sentencing
4     date.  Any defense submission is due at least three weeks
5     before the sentencing date.

6          MR. LINDER:  Yes, your Honor.

7          THE DEPUTY CLERK:  Judge, I have a correction.  The
8     day before Thanksgiving is November 22nd.

9          THE COURT:  November 22nd is the date for the
10    government's submission to probation.

11         Now, bail?

12         MR. RAYMOND:  Yes, your Honor.

13         THE COURT:  You submitted a proposed order.

14         MR. RAYMOND:  Yes, and we would ask that the Court
15    enter that order.

16         THE COURT:  Is that satisfactory to both sides?

17         MR. LINDER:  Yes, your Honor.

18         THE COURT:  All right.  The defendant is continued --
19    I shouldn't say continued.  The defendant is ordered released
20    on bail -- it is not a pretrial release, Mr. Raymond -- and he
21    is released on the terms set forth in the order which include a
22    $1 million personal recognizance bond co-signed by two
23    financially responsible persons; surrender of passports and
24    travel documents; no new applications for passports or travel
25    documents; pretrial supervision as directed by pretrial

N975salP

1    services; and no possession of firearms or destructive devices.

2              OK.  Anything else, folks?

3              MR. RAYMOND:  Yes, your Honor.  Can I just ask the

4    Court to clarify when do you expect the government's

5    submission, not to probation, but to your Honor, on sentencing?

6    I think you set a three-week deadline for defense.

7              THE COURT:  Five.  Five weeks.

8              MR. RAYMOND:  Five weeks for the defense?

9              THE COURT:  No, no, no.  I said three weeks for the

10   defense before sentencing.

11             MR. RAYMOND:  Sure.

12             THE COURT:  Now, you want to make your submission

13   first or last?

14             MR. RAYMOND:  Last, your Honor.

15             THE COURT:  Last.  A week before sentencing.

16             MR. RAYMOND:  Thank you very much, your Honor.  I

17   appreciate the clarification.

18             THE COURT:  OK.  If there is nothing else, we stand

19   adjourned.

20                              o0o

21

22

23

24

25