

COHEN & GRESSER LLP

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

October 2, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:  *United States v. Samuel Bankman-Fried*, S5 22 Cr. 673 (LAK)

Dear Judge Kaplan:

    On behalf of our client, Samuel Bankman-Fried, we write to respectfully request clarification and reconsideration regarding certain portions of the Court's ruling on the parties' motions *in limine*, ECF No. 289. In particular, as discussed further below, we seek clarification as to (1) the Court's grant of the Government's request to preclude argument concerning whether FTX was regulated within the United States and FTX.US's compliance with applicable rules, ECF No. 289 at ¶ 15; (2) the Court's grant of the Government's request to preclude Mr. Bankman-Fried from offering evidence concerning recovery of assets in the FTX bankruptcy proceeding, *id.* ¶ 16; (3) the Court's grant of the Government's request to preclude evidence concerning Mr. Bankman-Fried's prior good acts, including charitable giving and philanthropy, to disprove his guilt of the crimes charged, *id.* ¶ 11; and (4) the Court's grant of the Government's request to admit evidence concerning the alleged illegal campaign finance scheme, *id.* ¶ 2.

1. *Ruling as to Argument Concerning Whether FTX was Regulated in the United States and FTX.US's Compliance with Applicable Rules*

    The Court granted the Government's request to preclude Mr. Bankman-Fried from arguing that "he is not guilty because FTX was not regulated in the United States and he followed the rules with respect to FTX US," on the basis that the "Defendant has not opposed this request[.]" ECF No. 289 at ¶ 15. However, we respectfully note that Mr. Bankman-Fried opposed the Government's request in his Memorandum of Law in Opposition to the Government's Motions *in Limine* ("Opposition Brief"), ECF No. 246, at 23-24.

    Specifically, Mr. Bankman-Fried argued:

The Honorable Lewis A. Kaplan
October 2, 2023
Page 2

> . . . [T]he Government asks the Court to preclude any argument that Mr. Bankman-Fried "is not guilty because FTX was not regulated within the United States and he followed the rules with respect to FTX US." ECF No. 204 at 53. The Government is mistaken.
>
> The status of regulation of cryptocurrency exchanges in the United States and elsewhere is relevant to both the actus reus and the mens rea underlying the Government's theory of fraud based on the alleged misappropriation of FTX customer funds. Specifically, the Government must prove that the funds were in fact misappropriated. The Government has not alleged that there are any laws or regulations prohibiting cryptocurrency exchanges from using funds originating in customer deposits for their own purposes—as is commonly done by financial institutions such as banks and digital payment platforms—or providing any relevant guidance as to what may be done with customer deposits. The apparent absence of relevant law or guidance bears directly on whether the alleged use of customer deposits would constitute misappropriation as opposed to a permissible business practice.
>
> The Government will also have to prove that Mr. Bankman-Fried acted with criminal intent. As further argued below, the apparent absence of clearly applicable laws or regulations, as well as evidence that pooling and reallocation of customer funds was common among cryptocurrency exchanges, supports the inference that Mr. Bankman-Fried did not believe that his conduct was unlawful or improper.
>
> The Government's contention that Mr. Bankman-Fried should be precluded from raising the fact that "he adopted more careful practices for FTX.US" is also wholly unsupported. Mr. Bankman-Fried is entitled to introduce evidence that he intended to comply with all applicable laws as shown by the fact that he ensured compliance with laws and regulations applicable to FTX.US, and that he similarly complied with all applicable laws in the Bahamas and other jurisdictions with regard to the operation of the relevant entities. Such behavior is consistent with and supports the fact that Mr. Bankman-Fried never intended to violate any laws and acted in good faith.

We therefore respectfully request reconsideration, or, in the alternative, clarification of the Court's ruling in light of Mr. Bankman-Fried's opposition to the Government's request.

2.  *Ruling as to Evidence Concerning Assets Recovered through the FTX Bankruptcy*

Likewise, in granting the Government's request to preclude Mr. Bankman-Fried "from offering evidence about the amount of assets that have been recovered through FTX's bankruptcy for purposes of suggesting to the jury that victims will be made whole, that the FTX Debtors' progress in securing and recovering estate assets somehow diminishes the scale of the fraud, or that, with more time, FTX could have satisfied customer withdrawals," the Court stated, "[t]he defense does not object to that request, which is hereby granted." ECF No. 289 ¶ 16 (citing ECF No. 246 at 28 n.7). However, we respectfully note that Mr. Bankman-Fried opposed this request, as footnote 7 of the Opposition Brief stated in relevant part:

> To the extent that the Government seeks to preclude evidence about the amount of assets that have been recovered through the bankruptcy proceedings for purposes of suggesting to the jury that victims will be made whole, the defense does not object to this request . . . However, should the Government introduce evidence relating to the bankruptcy, the defense should be permitted to rebut the prejudicial inferences such evidence would occasion, as set forth in Mr. Bankman-Fried's Motions *in Limine*. *See* [ECF No. 207] at 15-18.[1]

ECF No. 246 at 28 n.7. We also respectfully note that footnote 7 of the Opposition Brief did not address evidence that, as the Court stated, "with more time, FTX could have satisfied customer withdrawals." ECF No. 289 ¶ 16; ECF No. 246 at 28 n.7. We further note that the defense's Opposition Brief argued that evidence that "Mr. Bankman-Fried believed it was his primary legal obligation to ensure that customer withdrawals could be honored, that he believed this obligation could be fulfilled, and that he endeavored to ensure that this was true" would corroborate his good faith belief that his actions were lawful, ECF No. 246 at 28, and that the Court denied without prejudice the Government's motion "to the extent that the defendant seeks to introduce evidence and argument probative of his alleged good-faith belief that FTX and Alameda's handling of customer assets was permitted." ECF No. 289 ¶ 16.

In the portion of the Memorandum of Law in Support of Mr. Bankman-Fried's Motions *in Limine*, ECF No. 207, cited in footnote 7, Mr. Bankman-Fried argued that, it "cannot be said at this time that FTX customers will, in fact, lose money and not be made whole," and that, "should the Government claim that FTX customers will not be made whole, the defense would have to delve into the FTX Debtor Entities' mismanagement of the bankruptcy estate and selling off assets at a fraction of what they are worth, in order to rebut the improper but unavoidable inference that the company's current financial condition is the result of Mr. Bankman-Fried's prior conduct." ECF No. 207 at 11-14.

---

[1] The pin cite to ECF No. 207 at 15-18 referred to the page numbers in the ECF heading, rather than the numbering at the bottom of the page. The corresponding page numbers at the bottom of the page are 11-14.

The Honorable Lewis A. Kaplan
October 2, 2023
Page 4

We therefore respectfully request reconsideration, or, in the alternative, clarification of the Court's ruling in light of Mr. Bankman-Fried's opposition to the Government's request.

In addition, we respectfully request clarification in light of the Court's ruling that the Government may "explain to the jury its views of what allegedly happened" in respect of "the bankruptcy of FTX and Alameda and of the defendant's resignation as FTX's chief executive officer." ECF No. 289 at 14 ¶ 1. We assume that the defense will also be permitted to present its view of the same facts, and to rebut any evidence introduced by the Government relevant to these issues, particularly in light of the Court's ruling that these facts "are intertwined inextricably with the crimes alleged in the Indictment[.]" *Id.*

Finally, we seek further clarification in light of the Court's ruling permitting the Government to introduce evidence that "defendant selectively prioritized payments to certain creditors in the aftermath of FTX's collapse." ECF No. 289 at ¶ 5. As suggested in our Opposition Brief, Mr. Bankman-Fried should be permitted to rebut any such showing with evidence and argument of his own. ECF No. 246 at 28.

3.   *Ruling as to Prior Good Acts, Including Charitable Giving and Philanthropy*

We respectfully request clarification as to the scope of the Court's ruling that "the defense is precluded from referring to any alleged prior good acts by the defendant, including any charity or philanthropy, as indicative of his character or his guilt or innocence." ECF No. 289 at ¶ 11.

We note that the S6 Indictment includes an allegation concerning Mr. Bankman-Fried's charitable contributions, as follows:

> Even after SAMUEL BANKMAN-FRIED, a/k/a "SBF," the defendant, had misappropriated billions of dollars of FTX customer funds to repay Alameda's lenders, BANKMAN-FRIED continued to cause even greater amounts of FTX customer money to be used for discretionary investments, charitable contributions, and political donations, including by directing that Alameda continue to draw on its line of credit on FTX.

ECF No. 202 at ¶ 11. We further anticipate that the Government will seek to argue or introduce evidence concerning Mr. Bankman-Fried's motivations for founding FTX and related entities.

In light of this, we respectfully note our understanding that the Court's ruling, which refers to "prior good acts," ECF No. 289 at ¶ 11, does not preclude the defense from introducing evidence or argument as to charity or philanthropy to the extent relevant to the events at issue, including Mr. Bankman-Fried's conduct and motivations, so long as it is not offered as improper propensity or character evidence.

The Honorable Lewis A. Kaplan
October 2, 2023
Page 5

    4.    *Ruling as to Allegedly Illegal Campaign Finance Contributions*

Finally, we respectfully request clarification regarding the Court's ruling that the Government may introduce evidence of "defendant's alleged illegal campaign finance scheme." ECF No. 289 at ¶ 2. In particular, the Court ruled that "[p]roof that defendant routed political contributions through straw donors goes directly to the element of concealment for the charged money laundering count and is probative of defendant's criminal intent and knowledge of the wire fraud scheme." *Id.* However, the Court previously ruled that proposed testimony of Professor Bradley Smith, former chair of the Federal Election Commission, concerning the ban on straw donor contributions and other campaign finance issues, *see* ECF No. 236-5 at 2, "would be irrelevant to the issues at trial." ECF No. 287 at 2.

In light of these apparently inconsistent rulings, we therefore respectfully request clarification as to the extent to which the Government is permitted to argue and present evidence that the campaign contributions were illegal, as opposed to the fact that contributions were made. *See* ECF No. 246 at 9-12.

Further, in the event that the Court deems the legality of the campaign contributions to be relevant to the charges, we respectfully ask whether the Court would be willing to entertain a more specific disclosure from Professor Smith under Fed. R. Crim. P. 16.

                                            Respectfully submitted,

                                            /s/ Mark S. Cohen
                                            Mark S. Cohen
                                            Christian R. Everdell
                                            **COHEN & GRESSER LLP**
                                            800 Third Avenue, 21st Floor
                                            New York, New York  10022
                                            (212) 957-7600
                                            mcohen@cohengresser.com
                                            ceverdell@cohengresser.com

cc:    All counsel of record (via ECF)