

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 4, 2023

**By ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re:  *United States v. Samuel Bankman-Fried,* S6 22 Cr. 673 (LAK)

Dear Judge Kaplan:

  The Government respectfully submits this letter motion in response to the defendant's request for clarification and reconsideration, Dkt. No. 306, of the Court's Memorandum and Order on *In Limine* Motions, Dkt. No. 289.

  **I.**  **Evidence and Argument About Regulation in the United States or FTX.US's Compliance with Regulations Should Be Precluded**

  The defendant asks the Court to reconsider or clarify paragraph 15 of the Order, which precluded him from arguing that "he is not guilty because FTX was not regulated in the United States and he followed the rules with respect to FTX US." The Government previously moved to preclude such argument as irrelevant, and more prejudicial and confusing than probative under Federal Rule of Evidence 403. The defendant opposed the motion. *See* Def.'s Opp. to Gov't Motion *in Limine*, Dkt. No. 246 at 23-24. The defendant's opposition and his motion for reconsideration do not provide a basis for the Court to change its ruling.

  The defendant first argues that the existence of laws or regulations prohibiting the use of funds is relevant to whether "the funds were in fact misappropriated." To prove misappropriation, the Government must establish that the defendant fraudulently appropriated for his own use the money "entrusted to [his] care by another." *United States v. Altman*, 48 F.3d 96, 101 (2d Cir. 1995). While the existence of a law might be relevant to establish a statutory duty of care, the absence of regulation is not relevant to whether money was, in fact, entrusted to the defendant's care by his victims. And evidence or argument about the absence of regulation is only likely to confuse the jury into believing that there must be a regulation imposing a duty for misappropriation to have occurred. Indeed, the suggestion that there are not "any laws or regulations prohibiting cryptocurrency exchanges from using funds originating in customer deposits for their own purposes" is inaccurate. Dkt. No. 306 at 2. In fact, there are prohibitions on misappropriating customer assets—they are the very laws that the defendant has been charged for violating. And it would be highly misleading and inconsistent with the legal instructions that the Government

expects the Court to provide to the jury for the defense to suggest to the jury that an express prohibition on the use of customer funds in all instances by a cryptocurrency exchange is necessary for conviction on any count.

Additionally, the Government alleges that the defendant not just misappropriated customer money, but made material misrepresentations to customers. The putative "absence of clearly applicable laws or regulations" is irrelevant to whether the defendant made material misstatements or omissions. Accordingly, the existence or absence of regulation is not relevant to proof of the actus reus of the wire fraud charges.

The defendant also argues that such evidence is relevant to good faith and absence of bad intent because he is "entitled to introduce evidence that he intended to comply with all applicable laws as shown by the fact that he ensured compliance with laws and regulations applicable to FTX.US, and that he similarly complied with all applicable laws in the Bahamas and other jurisdictions with regard to the operation of the relevant entities." Dkt. 306 at 2. The Court already ruled that the defendant may introduce evidence "of his alleged good-faith belief that FTX and Alameda's handling of customer assets was permitted by law and under the Terms of Service." Dkt. 289 at 12. But the defendant's attempt to take this argument a step further is unsupported by law. It is settled law that "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions." *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990). The Government does not intend to argue that the defendant violated regulations applicable to FTX.US or laws in the Bahamas. Much in the same way the defendant would not be permitted to offer evidence that he pays his taxes or follows the traffic laws as evidence of his good faith, he is not permitted to offer evidence of his compliance with other regulations or laws as evidence of his general good faith.

Moreover, the fact that there were not specific regulations regarding the use of customer assets by cryptocurrency exchange is of vanishingly little probative value as to a good-faith defense or for any other purpose, but is likely to be misleading and unfairly prejudicial. Where a defendant violates the wire fraud statute by misappropriating assets entrusted to him, it is of no probative value that there was not also an express regulatory prohibition on the particular manner in which he accomplished the fraud. Evidence of general legal compliance is not relevant under Rule 401, and is inadmissible under Rule 403 as confusing and misleading.

Similarly, the defendant argues that "evidence that pooling and reallocation of customer funds was common among cryptocurrency exchanges" is relevant to his criminal intent. But, the Government's allegation in this case is not that the defendant's conduct was inconsistent with generalized norms in the crypto industry, but rather that the defendant, through his actions and words, induced customers to entrust their assets to him and then misappropriated those assets. For that reason, the Court already ruled, correctly, that "any relevance of the actions of other [exchanges] in any event would seem to depend upon the defendant's knowledge of those actions at the relevant time or times." Dkt. 289 at 9. Evidence of actions by other cryptocurrency exchanges becomes relevant only if the defendant can establish that he knew about practices of other exchanges *and* that he believed those exchanges were acting lawfully. The Court, therefore, appropriately deferred ruling on whether such evidence is in fact relevant to the defendant's good faith.

Finally, as the Court did with evidence of other exchanges' actions, if the defendant were to be permitted to inquire about regulations, the absence of regulations, or regulation of FTX.US, the Government respectfully submits that the defendant should be required to give notice to the Court prior to questioning a witness about it.

### II.     The Defendant's Motion Regarding the FTX Bankruptcy Should Be Denied

The defendant asks the Court to reconsider or clarify paragraph 16 of the Order as to the Government's Motion regarding evidence about the FTX bankruptcy because in footnote 7 of his opposition to the Government's Motions *in Limine*, he made limited oppositions to the Government's motion on this topic. This request should be denied.

Footnote 7 of the defendant's brief contended that, "should the Government introduce evidence relating to the bankruptcy, the defense should be permitted to rebut the prejudicial inferences such evidence would occasion." Dkt. 306 at 3. But the Court ruled that evidence of the bankruptcy is "inextricably intertwined with the crimes alleged in the Indictment," is "direct evidence of at least one of the criminal conspiracies," and "is admissible also to complete the story of the conspiracy." Dkt. 289 at 14-15. The defendant has not set forth a basis for why introduction of such plainly admissible evidence opens the door to an unspecified rebuttal by the defendant. Moreover, the question of whether or not customers will ultimately be made whole or not is irrelevant, as "it is immaterial as a matter of law whether the defendant intended to repay the misappropriated funds" or could have. *United States v. Bankman-Fried*, No. 22 Cr. 673 (LAK), 2023 WL 4194773, at *9 (S.D.N.Y. June 27, 2023).

The defendant also argues that he should be able to respond to the Government's evidence of the circumstances leading up to the bankruptcy, or the defendant's selective prioritization of payments to certain creditors. Because the defendant has not indicated what such responses are, and their admissibility depends on the relevance and admissibility of such evidence, the Court should defer ruling on this issue for now.

### III.    The Government Has No Objection to the Defendant Presenting Relevant and Admissible Evidence as to Charity or Philanthropy

The Government believes the Court's Order is clear, but for the avoidance of doubt, the Government has no objection to the defendant's presenting admissible evidence regarding charitable or philanthropic efforts, so long as the evidence is presented for a proper purpose, including not for propensity or character purposes. However, because the admissibility of evidence of the defendant's charity or philanthropy will turn on whether it is presented for a proper purpose, and not as proof of character, the defendant should be precluded from opening on the topic and should be required to raise it with the Court before introducing the topic with a witness.

## IV. The Court Should Deny Defendant's Request for Clarification or Reconsideration Regarding Campaign Finance Contributions

Finally, the defendant complains that the Court has imposed "inconsistent rulings" by allowing the Government to introduce evidence of his straw donor scheme but also precluding testimony from his proposed expert Professor Bradley Smith regarding the federal election laws. But there is no inconsistency, given the evidence the Government expects to elicit at trial, and the Court should not alter or reconsider its prior decisions.

First, while the Government will present evidence at trial that the defendant routed misappropriated customer funds to political campaigns through nominees or straw donors, the Government will not elicit evidence that such a straw donor scheme is itself unlawful under the election laws. Rather, the straw donor scheme will be used to establish that the defendant spent these funds in a manner inconsistent with his representations to customers, and took steps to conceal his disposition of these proceeds, thus proving that the money was misappropriated and then laundered, consistent with the charges in the Indictment.[1] As a result, there is no need for testimony regarding the election laws, and Professor Smith's testimony remains irrelevant.

Second, the Court did not only strike Professor Smith's testimony as irrelevant, but also because the defendant provided an inadequate disclosure statement, and the proposed testimony sought to instruct the jury on issues of law. There is no inconsistency between those bases for preclusion and the Court's ruling allowing the Government to introduce evidence about the defendant's straw donor scheme.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/ Samuel Raymond
Danielle R. Sassoon
Nicolas Roos
Danielle Kudla
Samuel Raymond
Thane Rehn
Assistant United States Attorneys
(212) 637-2354

Cc: Counsel of Record (via ECF)

---

[1] Because the Government does not intend to offer evidence that the defendant violated the campaign finance laws, absent agreement with the defendant, the Government intends to file a motion *in limine* seeking to preclude cross-examination of Nishad Singh for similar violations as irrelevant and unfairly prejudicial under Rules 401 and 403.