


Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

October 9, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Samuel Bankman-Fried*, S6 22 Cr. 673 (LAK)

Dear Judge Kaplan:

  On behalf of our client, Samuel Bankman-Fried, we respectfully submit this letter pursuant to the Court's order dated October 1, 2023 (ECF No. 305). In its order, the Court precluded the defense from eliciting evidence concerning the presence or involvement of attorneys absent prior notice to the Court and the Government outside of the presence of the jury. *Id.* at 9-10. We write to seek the Court's permission to elicit on cross-examination of Gary Wang evidence concerning the involvement of counsel in structuring the loans issued to Mr. Wang by Alameda Research.

  On direct examination, the Government questioned Mr. Wang about a series of personal loans worth approximately $200-$300 million that he received from Alameda to fund venture investments by FTX and to fund his purchase of a house in the Bahamas. Tr. at 324:25-326:17. In the course of that examination, the Government and Mr. Wang engaged in the following colloquy:

  Q: And who presented those loans to you?

  A: Either Sam or a round of lawyers at the company.

  Q: What did you do when you were presented with the loans?

  A: I signed the paperwork.

  Q: Why did you sign them?

  A: I was told to.

> Q: What did you believe the expectation was when you were presented with one of these loans?
>
> A: That I would sign it.

Tr. 325:17-25.

The Government's direct examination of Mr. Wang has already elicited that FTX attorneys were present and involved in structuring and executing the loans, and that Mr. Bankman-Fried was aware of their involvement. Accordingly, the defense seeks to cross-examine Mr. Wang further about his knowledge of the lawyers' involvement, including on the following topics:

- Which attorneys were involved in the loans?
- What was the nature of their involvement?
- What documents did they prepare?
- What were the terms of the loan and Mr. Wang's obligations under the loan?
- Whether Mr. Wang had any concerns about the loans at the time he signed them.

The defense may also seek to introduce the promissory notes memorializing the loans to Mr. Wang. Further, Mr. Wang previously described his interactions with the lawyers concerning the loans in his proffer sessions with the Government. FBI 302 reports provided to the defense in discovery indicate that Mr. Wang told the Government that he relied on the lawyers and "didn't think the loans were designed to hide the fact that money was coming from Alameda [and] didn't think the lawyers would tell him to sign something that was illegal." 3585-028 at 4.[1]

Mr. Wang's understanding of the lawyers' involvement in the loans is directly relevant to Mr. Bankman-Fried's good faith and lack of criminal intent. The Government has alleged as part of its theory of the money laundering conspiracy charged in Count Seven that Mr. Bankman-Fried "took steps to conceal that [] investments and expenditures were funded by transfers originating with Alameda, and therefore funded with FTX customer funds." S6 Indictment ¶ 8. The Indictment further alleges that Mr. Bankman-Fried accomplished this by borrowing over $1 billion from Alameda and overseeing "similar borrowing by other FTX executives." *Id*.

Mr. Wang's understanding that these were actual loans – structured by lawyers and memorialized in formal promissory notes that imposed real interest payment obligations – is

---

[1] Should the Court require, we can provide a copy of the 302 tomorrow.

relevant to rebut the inference that these were simply sham loans directed by Mr. Bankman-Fried to conceal the source of the funds.

Further, as set forth in the FBI 302, the fact that Mr. Wang had no reason to believe, based on the involvement of the lawyers, that the loans were illegal or were designed to conceal that Alameda was the source of the funds undercuts the Government's money laundering theory and corroborates Mr. Bankman-Fried's own understanding that the loans were not improper.

For these reasons, we respectfully request that the Court allow the defense to elicit the above-referenced evidence in its cross-examination of Mr. Wang.

Respectfully submitted,

*/s/ Christian R. Everdell*
Mark S. Cohen
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
(212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com

cc: All counsel of record (via ECF)