


Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

October 10, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *United States v. Samuel Bankman-Fried*, S6 22 Cr. 673 (LAK)

Dear Judge Kaplan:

On behalf of our client, Samuel Bankman-Fried, we submit this letter pursuant to the Court's order dated October 1, 2023. ECF No. 305. We respectfully request that the Court rule on this matter on Wednesday in advance of the defense's cross-examination of Caroline Ellison.

In its October 1 order, the Court precluded the defense from eliciting evidence concerning the presence or involvement of attorneys absent prior notice to the Court and the Government outside of the presence of the jury. *Id*. at 9-10. Based on our discussions with the Government and exhibits the Government has proposed using in its direct examination of Ms. Ellison, the defense anticipates that the Government will seek to elicit from Ms. Ellison that she was directed by Mr. Bankman-Fried to set auto-deletion on certain of her Signal and Slack messaging accounts. We therefore write to seek the Court's permission to elicit on cross-examination of Ms. Ellison evidence concerning the involvement of counsel in creating, reviewing, or approving auto-deletion policies at Alameda.

In particular, if auto-deletion is raised on direct, the defense will seek to cross-examine Ms. Ellison further about her knowledge of the involvement of Alameda or FTX lawyers in the creation of auto-deletion policies, including on the following topics:

- Which attorneys were involved in considering, reviewing, and approving auto-deletion policies applicable to Alameda?

- What was the nature of these attorneys' involvement?

- What policies or communications regarding auto-deletion did these attorneys prepare?

The lawyers' involvement in the creation of auto-deletion policies is directly relevant to Mr. Bankman-Fried's good faith and lack of criminal intent. *See* ECF No. 246 at 26-31. The Government has alleged that Mr. Bankman-Fried directed individuals at FTX and Alameda to set their messages to auto-delete to conceal wrongdoing, but whether Ms. Ellison understood that auto-deletion policies were instituted under the guidance of lawyers would be relevant to rebut the inference that these policies were instituted for improper purposes.

For these reasons, and because the Government has elicited and may continue to elicit testimony on the use of auto-deletion policies at Alameda and FTX, we respectfully request that the Court allow the defense to elicit the above-referenced evidence in its cross-examination of Ms. Ellison.

Respectfully submitted,

 /s/ Mark S. Cohen
Mark S. Cohen
Christian R. Everdell
S. Gale Dick
David F. Lisner
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York  10022
(212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com
sgdick@cohengresser.com
dlisner@cohengresser.com

cc: All counsel of record (via ECF)