UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                  :

UNITED STATES OF AMERICA         :

                  :        S6 22 Cr. 673 (LAK)

       v.             :

                  :

SAMUEL BANKMAN-FRIED,      :

                  :

            Defendant.    :
------------------------------------------------------------------x

# DEFENDANT SAMUEL BANKMAN-FRIED'S
## AMENDED PROPOSED REQUESTS TO CHARGE

Mark S. Cohen
Christian R. Everdell
David Lisner
Sri K. Kuehnlenz
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
Phone:  (212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com
dlisner@cohengresser.com
skuehnlenz@cohengresser.com

*Attorneys for Samuel Bankman-Fried*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 4

DEFENSE REQUEST NO. 1 General Requests .......................................................... 5

DEFENSE REQUEST NO. 2 Crimes Defined by Statute Only.................................... 6

DEFENSE REQUEST NO. 3 The Indictment.............................................................. 7

DEFENSE REQUEST NO. 4 Summary of Indictment................................................ 8

DEFENSE REQUEST NO. 5 Count One: Wire Fraud on FTX Customers................................. 10

DEFENSE REQUEST NO. 6 Count Three: Wire Fraud on Lenders of Alameda Research ....... 16

DEFENSE REQUEST NO. 7 Count Two: Conspiracy to Commit Wire Fraud on FTX
Customers .................................................................................................. 19

DEFENSE REQUEST NO. 8 Count Four: Conspiracy to Commit Wire Fraud on Lenders
of Alameda Research .................................................................................. 23

DEFENSE REQUEST NO. 9 Count Five: Conspiracy to Commit Securities Fraud on
Investors in FTX ......................................................................................... 25

DEFENSE REQUEST NO. 10 Count Six: Conspiracy to Commit Commodities Fraud on
FTX Customers ........................................................................................... 30

DEFENSE REQUEST NO. 11 Count Seven: Conspiracy to Commit Money Laundering ......... 35

DEFENSE REQUEST NO. 12 Venue........................................................................ 44

DEFENSE REQUEST NO. 13 Law Enforcement Witnesses .................................... 45

DEFENSE REQUEST NO. 14 Non-Prosecution Agreements.................................... 46

DEFENSE REQUEST NO. 15 Cooperating Witness Testimony ............................... 47

DEFENSE REQUEST NO. 16 Immunized Witnesses................................................ 50

DEFENSE REQUEST NO. 17 Other Acts Evidence ................................................. 51

DEFENSE REQUEST NO. 18 Coconspirator Statements ......................................... 52

DEFENSE REQUEST NO. 19 Expert Witness[es]..................................................... 53

DEFENSE REQUEST NO. 20 Use of Charts and Summaries ................................... 54

DEFENSE REQUEST NO. 21 Defendant's Right Not To Testify [If Applicable] ..................... 55

DEFENSE REQUEST NO. 22 Defendant's Testimony [If Applicable]..................................... 56

DEFENSE REQUEST NO. 23 Missing Witness Charge [If Applicable] .................................. 57

DEFENSE REQUEST NO. 24 Involvement of Counsel............................................................ 58

DEFENSE REQUEST NO. 25 Defense Theory of the Case...................................................... 59

CONCLUSION....................................................................................................................... 60

# INTRODUCTION

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Mr. Samuel Bankman-Fried through his undersigned attorneys respectfully requests that the Court include the following in its charge to the jury.

The proposed instructions are principally based on and adapted from those contained in the Modern Federal Jury Instructions and those given in the following cases: *United States v. LaGuardia*, No. 19 Cr. 893 (LAK), ECF No. 93 (S.D.N.Y. Dec. 16, 2020); *United States v. Blaszczak*, No. 17 Cr. 357 (LAK), ECF No. 331 (S.D.N.Y. May 16, 2018); *United States v. Adelekan*, No. 19 CR. 291 (LAP), ECF No. 397 (S.D.N.Y. Oct. 26, 2021). Additional citations for certain specific instructions are provided in the footnotes.

The defense respectfully reserves the right to supplement or amend these requests to charge in response to the Government's amended requests, any proposed charges by the Court, and further evidence presented at trial.

**<u>DEFENSE REQUEST NO. 1</u>**
**General Requests**

Mr. Bankman-Fried respectfully requests this Court's standard instructions on:

1. Role of the Court

2. Role of the Jury

3. Statements of Court and Counsel are Not Evidence.

4. Duty of Impartiality

5. Presumption of Innocence and Burden of Proof

6. Reasonable Doubt

7. Improper Considerations

8. Sympathy

9. Direct and Circumstantial Evidence

10. Witness Credibility

11. Selection of Foreperson

12. Right to See Exhibits and Hear Testimony and Communications with the Court; and

13. Verdict, Need for Unanimity, and Duty to Consult

**<u>DEFENSE REQUEST NO. 2</u>**
**Crimes Defined by Statute Only[1]**

In our system, we only have crimes that are defined by statute.  The fact that you may think something is morally wrong or unfair, is truly of no interest whatsoever.  It is also not relevant whether you believe certain conduct should have been regulated even though it was not regulated at the time.  Statutes define our crimes, and from time to time I will talk to you about the individual statutes and how they break down into elements so that you can consider the elements that the government must prove.  Some vague feeling or belief that something wrong has been done, or that some law should have prevented it, is insufficient to convict anyone of any charge whatsoever.  A witness's stated feeling or belief as to what the law should or should not have prohibited is not sufficient to convict anyone of any charge.  You are to break it down to the elements, assess whether there is proof beyond a reasonable doubt as to each of those elements, and then, with that determination made, you can render a unanimous verdict.

---

[1] Adapted from the charge of the Honorable J. Paul Oetken in *United States v. Danilovich*, 12-CR-171 (S.D.N.Y. Nov. 13, 2013).

## DEFENSE REQUEST NO. 3
### The Indictment[2]

The defendant in this matter, Samuel Bankman-Fried, has been formally charged in what is called an Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of the defendant's guilt. It creates no presumption, and it permits no inference that the defendant is guilty. You are to give no weight to the fact that an Indictment has been returned against the defendant.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.

---

[2] Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Blaszczak*, No. 17 Cr. 357 (S.D.N.Y. May 16, 2018); and the charge of the Honorable Lewis A. Kaplan in *United States v. LaGuardia*, No. 19 Cr. 893 (S.D.N.Y. Dec. 16, 2020).

**DEFENSE REQUEST NO. 4**
**Summary of Indictment[3]**

The Indictment contains seven counts or "charges."

Count One of the Indictment charges that, from at least in or about 2019, up to and including in or about November 2022, the defendant committed wire fraud on customers of FTX.

Count Two of the Indictment charges that, from at least in or about 2019 up to and including in or about November 2022, the defendant participated in a conspiracy to commit wire fraud on customers of FTX.

Count Three of the Indictment charges that, from at least in or about June 2022, up to and including in or about November 2022, the defendant committed wire fraud on lenders to Alameda Research.

Count Four of the Indictment charges that, from at least in or about June 2022, up to and including in or about November 2022, the defendant participated in a conspiracy to commit wire fraud on lenders to Alameda Research.

Count Five of the Indictment charges that, from at least in or about 2019, up to and including in or about November 2022, the defendant participated in a conspiracy to commit securities fraud on investors in FTX.

Count Six of the Indictment charges that, from at least in or about 2019, up to and including in or about November 2022, the defendant participated in a conspiracy to commit

---

[3] Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Blaszczak*, No. 17 Cr. 357 (S.D.N.Y. May 16, 2018); and the charge of the Honorable Lewis A. Kaplan in *United States v. LaGuardia*, No. 19 Cr. 893 (S.D.N.Y. Dec. 16, 2020); and the charge of the Honorable Loretta A. Preska in *United States v. Adelekan*, No. 19 CR. 291 (S.D.N.Y. Oct. 26, 2021).

commodities fraud on customers of FTX in Connection with Purchases and Sales of Cryptocurrency and Swaps.

Count Seven of the Indictment charges that, from at least in or about 2020, up to and including in or about November 2022, the defendant participated in a conspiracy to commit money laundering.

That is a brief summary of the counts in the Indictment. By pleading not guilty to these counts, Mr. Bankman-Fried has denied that he committed the charged offenses. The government must show beyond a reasonable doubt that Mr. Bankman-Fried is guilty with respect to each count. You must consider each count separately, and you must return a separate verdict of guilty or not guilty on each count. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

<u>**DEFENSE REQUEST NO. 5**</u>
**Count One: Wire Fraud on FTX Customers[4]**

A. <u>Summary of the Indictment</u>

Count One charges Mr. Bankman-Fried with wire fraud on customers of FTX in violation

of Title 18, United States Code, Section 1343 and 2. Specifically, Count One charges that from

in or about 2019, up to and including in or about November 2022, Mr. Bankman-Fried engaged

in a scheme to defraud customers of FTX by misappropriating those customers' deposits to pay

expenses and debts of Alameda, to make investments, and for other purposes.

B. <u>Elements of Wire Fraud</u>

Before Mr. Bankman-Fried can be convicted of wire fraud, the Government must prove

each of the following elements beyond a reasonable doubt:

<u>First</u>, that there was a scheme or artifice to defraud or to obtain money or property by

means of materially false and fraudulent pretenses, representations, or promises;

---

[4] Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. LaGuardia*, No.
19 Cr. 893 (S.D.N.Y. Dec. 16, 2020); and the charge of the Honorable Loretta A. Preska in
*United States v. Adelekan*, No. 19 CR. 291 (S.D.N.Y. October 26, 2021).

<u>Materiality</u>. *See United States v. Calderon*, 944 F.3d 72, 85 (2d Cir. 2019).

<u>Scheme to Defraud – Property</u>. *See Ciminelli v. United States*, 598 U.S. ---, 143 S. Ct. 1121
(2023).

<u>Scheme to Defraud – Effect of contract on legal relationship</u>. *See Carpenter v. United States*,
484 U.S. 19, 27, 108 S. Ct. 316, 321 (1987) (definition of misappropriation); *United States v.
Chestman*, 947 F.2d 551, 567 (1991) (misappropriation theory requires a fiduciary or similar
relationship of trust and confidence, which cannot be imposed unilaterally by entrusting someone
with confidences); *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 75 (2d Cir. 2017) ("Courts routinely
uphold clickwrap agreements for the principal reason that the user has affirmatively assented to
the terms of agreement by clicking 'I agree.'") (citation omitted).

<u>Intent – Good Faith</u>. *See United States v. Ferguson*, 676 F.3d 260, 280 (2d Cir. 2011); *see also
United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991); *United States v. Tagliaferri*, No.
13 Cr. 115 (RA) (S.D.N.Y. 2014), Trial Tr. at 83-85.

Second, that Mr. Bankman-Fried knowingly participated in the scheme or artifice to defraud with knowledge of its fraudulent nature and with specific intent to defraud;

Third, that in executing the scheme, Mr. Bankman-Fried used or caused the use of interstate or international wires.

1. First Element – Scheme or Artifice to Defraud

The first element that the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud FTX customers of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme to defraud" is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

"Fraud" is a term that includes all possible means by which a person seeks to gain an unfair advantage over a victim by intentional misrepresentation or false pretenses.

A representation is "false" if it was untrue when made and was known to be untrue at the time by the person making it or causing it to be made.  A representation is "fraudulent" if it is made with an intent to deceive.

The false or fraudulent representation must relate to a "material" fact.  A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.  That means that if you find a particular representation to have been false or misleading, you must determine whether it was material by asking whether the misrepresentation would actually have mattered in a meaningful way to a rational decisionmaker to whom the statement was addressed.  Materiality of the information is judged as of the time the information was disclosed.

The purpose of the scheme to defraud must be to obtain money or property.  Hence, you must determine what property, if any, the scheme was allegedly designed to obtain from FTX

customers.   The term "property" includes traditional property interests.  Property does not include intangible interests such as the right to control the use of one's assets, nor does it include potentially valuable economic information that a person might consider valuable in deciding how to use his or her assets.

A "scheme to defraud" also includes a scheme to fraudulently misappropriate or embezzle property belonging to another.  Before you can find a scheme to fraudulently misappropriate or embezzle property you must find that there has been an improper taking of a property interest.  Count One alleges that Mr. Bankman-Fried engaged in a scheme to defraud FTX customers by misappropriating or embezzling FTX customer deposits for Alameda's use in investments and for other purposes  You have heard evidence that customers funded their FTX accounts by making currency, or "fiat," deposits to Alameda banks accounts or by depositing cryptocurrency and similar assets to FTX,  You have also heard evidence about various ways in which these customer deposits were used by Alameda for investments and other purposes.

To obtain a conviction for wire fraud in the form of misappropriation as charged in Count One, the Government must prove beyond a reasonable doubt that the customers of FTX were improperly deprived of a property interest by virtue of the use by Alameda or FTX of the customer deposits.  If you find that the Government has not proven beyond a reasonable doubt that there has been a deprivation of a property interest, you must acquit the Defendant regardless of whether the Defendant or others thought or believed they were depriving the customers of a property interest. If you find that the Government has proven the deprivation of a property interest, in order to convict, you must further find beyond a reasonable doubt that the Government has proven that Mr. Bankman Fried acted knowingly, willfully, and with a specific

intent to deprive the customers of a property interest by causing Alameda to violate its legal obligation not to use of the funds in such a manner.

That obligation cannot be based solely on the subjective expectations of FTX customers. Rather there must be the objective deprivation of a property interest. You heard testimony that in order to open an account on FTX, customers were required to accept the Terms of Service by clicking a box on the FTX app or website. The Terms of Service could provide proof of a property interest if the Government has so proven that the Terms of Service created a property interest and has further proven that the property interest created has been deprived of by the Defendant. In determining whether the Terms of Service have created a property interest and that the property interest has been taken, you should take into account that. The Terms of Service constituted a contract between FTX and its customers, and you must consider what that contract said and didn't say regarding the legal relationship between FTX and its customers.

The Terms of Service specify that they are to be governed by and construed in accordance with English law and, therefore, the Government must have proven beyond a reasonable doubt that under English law the Terms of Service created a property interest and the property interest was taken by the Defendant.

In all events, Government must prove beyond a reasonable doubt the nature of the property interest created and how it was taken by the Defendant and that the Defendant intended to take such property interest.

## 2. Second Element – Intent

The second element that the Government must prove beyond a reasonable doubt is that Mr. Bankman-Fried participated in the scheme to defraud knowingly and willfully, and with specific intent to defraud.

To act "knowingly" means to act voluntarily and deliberately, and not because of ignorance, mistake, accident, or carelessness.

To act "willfully" means to act with knowledge that one's conduct is unlawful, and with the intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

To act with "specific intent to defraud" goes further and means that the defendant acted with the specific intent to deceive FTX customers for the purpose of depriving them of a property interest which is something of value. While the Government need not prove that FTX customers were actually harmed, it must prove beyond a reasonable doubt that when Mr. Bankman-Fried participated in the alleged wire fraud, he did so for the purpose of causing financial loss to those customers.

Because the Government must prove beyond a reasonable doubt that Mr. Bankman-Fried had the specific intent to defraud FTX customers, it follows that good faith on part of Mr. Bankman-Fried is a complete defense to that charge. In fact, good faith is a complete defense to all of the counts in the Indictment, so you should consider this instruction about good faith in determining whether the Government has proven each of the other counts of the indictment beyond a reasonable doubt.

Good faith is an honest belief by the defendant that his conduct was not unlawful. If Mr. Bankman-Fried believed in good faith that he was acting properly, even if he was mistaken in that belief and even if others were ultimately harmed, he cannot be found guilty. An honest mistake in judgment or an honest error in management or even carelessness or recklessness do not rise to the level of criminal intent. The burden is on the Government to prove fraudulent

intent and bad faith beyond a reasonable doubt. Mr. Bankman-Fried has no burden to prove his good faith or lack of fraudulent intent.

In evaluating whether Mr. Bankman-Fried acted in good faith, you may consider whether Mr. Bankman-Fried had any discussions with counsel, or understood that counsel had been consulted, concerning the propriety or legality of conduct that the Government claims was part of the scheme to defraud.

### 3. Third Element – Use of Interstate or International Wires

The third element that the Government must prove beyond a reasonable doubt is that the defendant used or caused to be used an interstate wire communication in furtherance of the scheme to defraud. Wire communications include phone calls, emails, and text messages, as well as wire transfers of funds. The wire communication must pass between two or more states, or it must pass between the United States and a foreign country. A wire communication need not itself contain a false or fraudulent representation in order to satisfy this element. It must, however, further or assist in carrying out the scheme to defraud.

With respect to the use of the wires, the Government must establish beyond a reasonable doubt the particular use charged in the Indictment – *i.e.*, phone calls, emails, text messages, or wire transfers – and you must agree that the particular use furthered the scheme to defraud. However, the Government does not have to prove that the wires were used on the exact date charged in the indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

<u>**DEFENSE REQUEST NO. 6**</u>
**Count Three: Wire Fraud on Lenders of Alameda Research**[5]

A. <u>Summary of the Indictment</u>

I will skip over Count Two for the moment and discuss Count Three. Count Three

charges Mr. Bankman-Fried with wire fraud on lenders of Alameda Research in violation of

Title 18, United States Code, Sections 1343 and 2. Specifically, Count Three charges that from

in or about June 2022, up to and including November 2022, Mr. Bankman-Fried engaged in a

scheme to defraud lenders of Alameda Research by providing false and misleading information

to those lenders regarding Alameda's financial condition so that the lenders would not recall

loans and would extend new loans.

B. <u>Elements of Wire Fraud</u>

Like Count One, Count Three charges wire fraud. The elements of Count Three are the

same as Count One, which I just described to you. You should consider and apply those same

instructions here.

Whereas Count One alleges a scheme to defraud customers of FTX, Count Three alleges

a scheme to defraud lenders of Alameda Research.

All of the instructions I previously gave you as to the required proof of the existence of a

property interest which property interest was improperly taken, applies here as well. If the

---

[5] Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. LaGuardia*, No. 19 Cr. 893 (S.D.N.Y. Dec. 16, 2020); and the charge of the Honorable Loretta A. Preska in *United States v. Adelekan*, No. 19 CR. 291 (S.D.N.Y. Oct. 26, 2021).

<u>Materiality</u>. *See United States v. Calderon*, 944 F.3d 72, 85 (2d Cir. 2019).

<u>Scheme to Defraud – Property</u>. *See Ciminelli v. United States*, 598 U.S. ---, 143 S. Ct. 1121 (2023).

<u>Intent – Good Faith</u>. *United States v. Ferguson*, 676 F.3d 260, 280 (2d Cir. 2011).

Government has not proven beyond a reasonable doubt that there was an improper taking by Mr. Bankman-Fried of a property interest, you must acquit Mr. Bankman-Fried of the claim that he improperly misled lenders as the claim of lender fraud is based on failure to disclose the improper borrowing by Alameda. Further, if Mr. Bankman-Fried believed that the financial statements provided to the lenders was consistent with the balance sheet required by the lenders, then you must acquit the Defendant of this charge. As I previously instructed you, the false or fraudulent representation must relate to a "material" fact. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. Hence, a misrepresentation would be material if the Alameda lenders took action or failed to take action based on it.

Count Three alleges that Alameda's lenders were given false or misleading information so that they would not recall loans and would extend new loans. As I previously instructed you, property does not include intangible interests such as the right to control the use of one's assets, nor does it include potentially valuable economic information that a person might consider valuable in deciding how to use his or her assets. If you find that Alameda's lenders were deprived only of the right to control their assets or access to potentially valuable economic information, that is insufficient to convict on Count Three.

Finally, as I previously instructed you, good faith on the part of Mr. Bankman-Fried is a complete defense to this charge. If the Government has not proven beyond a reasonable doubt that Mr. Bankman-Fried did not believe in good faith that he was acting properly at the time of the events alleged in the Indictment, even if he was mistaken in that belief and even if others were injured by his conduct, he cannot be found guilty.

**DEFENSE REQUEST NO. 7**
**Count Two: Conspiracy to Commit Wire Fraud on FTX Customers[6]**

A. Summary of the Indictment

Now let me jump back to Count Two. Count Two charges Mr. Bankman-Fried with conspiracy to commit wire fraud on FTX customers in violation of Title 18, United States Code, Section 1349. Specifically, Count Two charges that from in or about 2019, up to and including in or about November 2022, Mr. Bankman-Fried willfully and knowingly agreed with others to defraud customers of FTX by misappropriating those customers' deposits and using those deposits to pay expenses and debts of Alameda, and to make investments, and for other purposes.

B. The Elements of Conspiracy to Commit Wire Fraud on FTX Customers

Whereas Count One alleges a substantive wire fraud offense against FTX customers, Count Two alleges a conspiracy to commit wire fraud against FTX customers. Let me explain what a conspiracy is.

A conspiracy is a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The unlawful purpose is sometimes called the "object" of the conspiracy. The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the violation of any specific federal laws, which the law refers to as "substantive crimes."

---

[6] Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. LaGuardia*, No. 19 Cr. 893 (S.D.N.Y. Dec. 16, 2020); the charge of the Honorable Loretta A. Preska in *United States v. Adelekan*, No. 19 CR. 291 (S.D.N.Y. Oct. 26, 2021); and the charge of the Honorable Lewis A. Kaplan in *United States v. Blaszczak*, No. 17 Cr. 357 (S.D.N.Y. May 16, 2018); *see also* Sand, Modern Federal Jury Instructions, Instr. 19-6.

Existence of Conspiracy – "Essential Nature". *See United States v. Ulbricht*, 31 F.Supp.3d 540, 551 (S.D.N.Y. 2014) (citing cases); *United States v. Rosenblatt*, 554 F.2d 36, 38 (2d Cir. 1977) (same).

Before Mr. Bankman-Fried can be convicted of conspiracy to commit wire fraud as alleged in Count Two, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that a conspiracy existed between two or more people to commit wire fraud on FTX customers; and

<u>Second,</u> that Mr. Bankman-Fried knowingly and willfully joined and participated in the alleged conspiracy at some point during its existence.

1. <u>First Element – Existence of Conspiracy</u>

Starting with the first element, the Government must prove beyond a reasonable doubt the existence of the charged conspiracy. As I just mentioned, a conspiracy is an agreement, or an understanding, by two or more persons to accomplish an unlawful objective by working together.

It is not necessary for you to find that the agreement was ever expressed orally or in writing, but the Government does have to prove that there was a mutual understanding between at least two people to violate the law.

A meeting of the minds is required for there to be an agreement. The Government must therefore prove that the co-conspirators agreed to the same object, or unlawful purpose, of the conspiracy. In other words, you must find that the defendant and his co-conspirators agreed to commit the same offense. While the co-conspirators need not agree to every detail, they must agree to the "essential nature" of the plan.

The Indictment alleges that the conspiracy in Count Two lasted from in or about 2019 through up to and including in or about November 2022. It is not necessary for the Government to prove that the conspiracy lasted throughout the entire period alleged, but only that it existed for some period within that time frame.

Count Two alleges that the object of the conspiracy was to commit wire fraud on customers of FTX. As I previously instructed you, the crime of wire fraud has three elements:

First, that there was a scheme or artifice to defraud or to obtain money or property by means of materially false and fraudulent pretenses, representations, or promises;

Second, that Mr. Bankman-Fried knowingly participated in the scheme or artifice to defraud with knowledge of its fraudulent nature and with specific intent to defraud;

Third, that in executing the scheme, Mr. Bankman-Fried used or caused the use of interstate or international wires.

The same instructions I gave you with respect to the law and the elements of wire fraud apply to Count Two as well and you should follow those instructions here.

If the Government proves beyond a reasonable doubt that a conspiracy to commit wire fraud on FTX customers existed, the first element of the conspiracy has been proven. If, however, the Government has not proven beyond a reasonable doubt that such a conspiracy existed, the defendant may not be convicted on Count Two.

2. Second Element – Intent

Moving to the second element, the Government must prove beyond a reasonable doubt that Mr. Bankman-Fried knowingly and willfully joined and participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective. I have already instructed you about what "knowingly" and "willfully" mean. But to reiterate, to act "knowingly" means to act consciously and voluntarily, rather than by mistake or accident. To act "willfully" means to act deliberately and with purpose to do something that the law forbids.

In deciding whether Mr. Bankman-Fried was a member of the conspiracy, you should ask: Did he participate in the conspiracy with knowledge of its unlawful fraudulent purpose and with the specific intention of furthering the objective of wire fraud? You may not conclude that

Mr. Bankman-Fried acted willfully to join the conspiracy unless you conclude that he acted with the knowledge and specific intent to defraud, as is required to establish a violation of the wire fraud law, along with his agreement to the commission of acts by himself or by his coconspirators that would violate the wire fraud law.

It is not necessary that Mr. Bankman-Fried be fully informed of all the details of the conspiracy, or all of its participants. However, I caution you that mere association between Mr. Bankman-Fried and a conspirator does not make Mr. Bankman-Fried a member of the conspiracy, even if he knows that the conspiracy exists. In other words, knowledge and association are not enough; Mr. Bankman-Fried must have intentionally participated in the conspiracy with the purpose of helping to achieve its unlawful object.

It is important to note that Mr. Bankman-Fried's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

As I previously instructed you, good faith is a complete defense to this charge. The instructions I previously gave you with respect to good faith apply to this count as well. If you find that Mr. Bankman-Fried acted in good faith, he cannot be convicted on Count Two.

**DEFENSE REQUEST NO. 8**

**Count Four: Conspiracy to Commit Wire Fraud on Lenders of Alameda Research[7]**

A.  Summary of the Indictment

Count Four charges Mr. Bankman-Fried with conspiracy to commit wire fraud on Alameda's lenders in violation of Title 18, United States Code, Section 1349.  Specifically, Count Four charges that from in or about June 2022, up to and including in or about November 2022, Mr. Bankman-Fried willfully and knowingly agreed with others to defraud lenders to Alameda by providing false and misleading information to those lenders regarding Alameda's financial condition so that lenders would not recall loans and would extend new loans.

B.  Elements of Conspiracy to Commit Wire Fraud on Alameda's Lenders

Before Mr. Bankman-Fried can be convicted of conspiracy to commit wire fraud as charged in Count Four, the Government must prove each of the following elements beyond a reasonable doubt:

First, that a conspiracy existed between two or more people to commit wire fraud on Alameda's lenders; and

Second, that Mr. Bankman-Fried knowingly and willfully joined and participated in the alleged conspiracy at some point during its existence.

The instructions I just gave you about the law of conspiracy with respect to Count Two apply equally to Count Four.  Similarly, the instructions I gave you about wire fraud with respect to Count One apply equally to Count Four.  In determining whether the government has met its burden with respect to each element of Count Four, you should follow these instructions,

---

[7] Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. LaGuardia*, No. 19 Cr. 893 (S.D.N.Y. Dec. 16, 2020); the charge of the Honorable Loretta A. Preska in *United States v. Adelekan*, No. 19 CR. 291 (S.D.N.Y. Oct. 26, 2021); and the charge of the Honorable Lewis A. Kaplan in *United States v. Blaszczak*, No. 17 Cr. 357 (S.D.N.Y. May 16, 2018).

including the instructions on the complete defense of good faith.  If you find that Mr. Bankman-Fried acted in good faith, he cannot be convicted on Count Four.

**DEFENSE REQUEST NO. 9**

**Count Five: Conspiracy to Commit Securities Fraud on Investors in FTX[8]**

A. <u>Summary of the Indictment</u>

Count Five charges Mr. Bankman-Fried with conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 371. Specifically, Count Five charges that from in or about 2019, up to and including in or about November 2022, Mr. Bankman-Fried willfully and knowingly agreed to engage in a scheme to defraud investors in FTX by providing false and misleading information to those investors regarding FTX's financial condition and the relationship between FTX and Alameda. Count Five further charges that in furtherance of that conspiracy, Mr. Bankman-Fried communicated with FTX investors in a manner that contained materially false information about FTX's financial condition.

B. <u>Elements of Conspiracy to Commit Securities Fraud</u>

Like Counts Two and Four, which I just discussed, Count Five alleges a conspiracy – in this case, conspiracy to commit securities fraud on investors in FTX. The elements of this conspiracy are similar the wire fraud conspiracies alleged in Counts Two and Four, except the securities fraud conspiracy alleged in Count Five adds an additional element – an overt act requirement – which I will discuss in a moment.

---

[8] Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. LaGuardia*, No. 19 Cr. 893 (S.D.N.Y. Dec. 16, 2020); and the charge of the Honorable Lewis A. Kaplan in *United States v. Blaszczak*, No. 17 Cr. 357 (S.D.N.Y. May 16, 2018).

<u>Materiality</u>. *See United States v. Litvak*, 889 F.3d 56, 69 (2d Cir. 2018).

<u>Intent – Willfully</u>. *United States v. Peltz*, 433 F.2d 48, 55 (2d Cir. 1970).

Accordingly, before Mr. Bankman-Fried can be convicted of conspiracy to commit securities fraud as charged in Count Five, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that a conspiracy existed between two or more people to commit securities fraud on investors in FTX;

Second, that Mr. Bankman-Fried knowingly and willfully joined and participated in the alleged conspiracy at some point during its existence; and

Third, that Mr. Bankman-Fried or one of his co-conspirators committed an overt act in furtherance of the conspiracy.

1. First Element – Existence of Conspiracy

Starting with the first element, the Government must prove beyond a reasonable doubt the existence of the charged conspiracy. As I previously instructed you, a conspiracy is an agreement, or an understanding, by two or more persons to accomplish an unlawful objective by working together.

Count Five alleges that the object of the conspiracy was to commit securities fraud on investors in FTX. The crime of securities fraud has three elements:

First, that in connection with the purchase or sale of a security, a defendant did any one of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue or misleading statement of material fact; or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

Second, that in so doing the defendant acted willfully, knowingly, and with the intent to defraud; and

Third, that the defendant knowingly used, or caused to be used, any means or instruments of interstate transportation or interstate communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.

We will consider these three elements in turn.

i. First Element of Securities Fraud – Fraudulent Act

With respect to the first element of securities fraud, the Government does not have to prove that the co-conspirators agreed to do all three types of unlawful conduct in connection with the purchase or sale of securities. Proof of any one will suffice. However, you must be unanimous as to which of the three types of unlawful conduct, if any, was proven.

I have already instructed you on what constitutes "a scheme or artifice to defraud" and an "untrue or misleading statement" in my instructions on the wire fraud offense charged in Count One. You should consider and apply those same instructions here as well.

The Government must also prove beyond a reasonable doubt that the defendant's alleged fraudulent conduct was "in connection with the purchase or sale" of a security. This requirement is satisfied if you find that there was some nexus or relationship between the allegedly fraudulent conduct and the sale or purchase of securities. On the other hand, if you find the alleged fraudulent conduct was not in connection with the purchase or sale of a security, you cannot convict the defendant on Count Five.

The Government must also prove beyond a reasonable doubt that the information disclosed to the investors was "material." The "materiality" standard is an objective one that centers on the views of a hypothetical, reasonable investor in the marketplace at issue, and not the idiosyncratic views of an individual investor. If the information would be important to a reasonable investor in deciding whether to buy or sell the stock at issue, it is "material" information. Put another way, there must be a substantial likelihood that the fact would have

been viewed by the reasonable investor as having significantly altered the total mix of information then available. Materiality of the information is judged as of the time the information was disclosed. For the information to be material, it must have been conveyed to the investors before the investment decisions were being considered.

ii. <u>Second Element of Securities Fraud – Intent</u>

The second element of securities fraud that the Government must prove beyond a reasonable doubt is that the defendant acted willfully, knowingly, and with the intent to defraud. I have already instructed you on the meaning of the terms "knowingly" and "intent to defraud" in my instructions on the wire fraud offense charged in Count One. "Willfully" means knowingly acting in violation of the securities laws. You should consider and apply those same instructions here as well, including the complete defense of good faith.

iii. <u>Third Element of Securities Fraud – Means of Interstate Commerce</u>

There is a third and final element of securities fraud that the Government must prove beyond a reasonable doubt; namely, that the defendant knowingly used or caused to be used the mails or the means or instrumentalities of interstate commerce in furtherance of the scheme to defraud or fraudulent conduct. If you find that the scope of the scheme to defraud did not include the use of the mails or the means or instrumentalities of interstate commerce, this element has not been satisfied.

The use of the term "mails" is self-explanatory. It includes the U.S. Mail, Federal Express, and other commercial mail couriers. The term "instrumentality of interstate commerce" means instruments, devices, and means of conducting trade, commerce, transportation, or communication between any two states or between the United States and another country. Telephone calls made by a caller in one state to somebody in another state, or from the United States to a foreign country, or vice-versa, are examples of using an instrumentality of interstate

commerce. Other examples include, but are not limited to, emails, text messages, and wire transfers.

That covers the elements of the object of the conspiracy alleged in Count Five; namely securities fraud on investors in FTX. If the Government proves beyond a reasonable doubt that such a conspiracy existed, the first element of the conspiracy has been proven.

## 2. Second Element – Intent

The second element of the securities fraud conspiracy, which the Government must prove beyond a reasonable doubt, is that Mr. Bankman-Fried knowingly and willfully joined and participated in the alleged conspiracy at some point during its existence. I have already instructed you on these elements in my instructions on the wire fraud conspiracy charged in Count Two. You should consider and apply those same instructions here as well.

## 3. Third Element – Overt Act

The third and final element of the securities fraud conspiracy, which the Government must prove beyond a reasonable doubt, is that Mr. Bankman-Fried or some other member of the same conspiracy knowingly committed at least one overt act in furtherance of the conspiracy. In other words, there must have been something more than an agreement, some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy. The overt act element, to put it another way, is a requirement that any agreement in relation to Count Five went beyond the mere talking stage, the mere agreement stage.

An overt act is any act intended to help achieve the object of the conspiracy. While an overt act, itself, need not be a criminal act, it must contribute to the goals of the conspiracy.

**Count Six: Conspiracy to Commit Commodities Fraud on FTX Customers[9]**

A.  Summary of the Indictment

Count Six charges Mr. Bankman-Fried with conspiracy to commit commodities fraud in

violation of Title 18, United States Code, Section 371.  Specifically, Count Six charges that from

in or about 2019, up to and including in or about November 2022, Mr. Bankman-Fried willfully

and knowingly agreed with others to commit commodities fraud, in violation of Title 7, United

States Code, Sections 9(1) and 13(a)(5), and Title 17, Code of Federal Regulations, Section

180.1, by agreeing with others to defraud customers of FTX trading cryptocurrencies, futures,

options, swaps, and derivatives by misappropriating those customers' deposits and using those

deposits to pay expenses and debts of Alameda, and to make investments, and for other purposes.

Count Six further charges that in furtherance of that conspiracy, Mr. Bankman-Fried and others

misappropriated FTX customer deposits in order to satisfy loan obligations owed by Alameda.

B.  Elements of Conspiracy to Commit Commodities Fraud

---

[9] Adapted from the charge of the Honorable Jeffrey A. Meyer in *United States v. Flotron*, No. 17
Cr. 220 (D. Ct. May 8, 2018).

"In Connection With."  *See Sec. and Exch. Comm'n v. Zandford*, 535 U.S. 813, 824-25, 122 S.
Ct. 1899, 1905-06 (2002); *United States v. O'Hagan*, 521 U.S. 642, 656-57, 117 S. Ct. 2199,
2209-10 (1997); *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25, 37 (2d Cir.
2005) *vacated on other grounds* 547 U.S. 71, 126 S. Ct. 1503 (2006); CFTC Commentary, 17
C.F.R. § 180.1, at 41405-06.

Extraterritorial Application of the Commodities Exchange Act.  *Prime Int'l Trading, Ltd. v. BP
P.L.C.*, 937 F.3d 94, 107-08 (2d Cir. 2019); *Laydon v. Cooperative Rabobank U.A.*, 55 F.4th 86,
97 (2d Cir. 2022); 7 U.S.C. § 2(i).

Depending on the Government's proof at trial, the defense reserves the right to request
instructions on the legal definition of "swap," "commodity," "registered entity," or any other
relevant terms or phrases defined in the Commodities Exchange Act and associated regulations.

Before Mr. Bankman-Fried can be convicted of conspiracy to commit commodities fraud as charged in Count Six, the Government must prove each of the following elements beyond a reasonable doubt:

First, that a conspiracy existed between two or more people to commit commodities fraud on customers of FTX;

Second, that Mr. Bankman-Fried knowingly and willfully joined and participated in the alleged conspiracy at some point during its existence; and

Third, that Mr. Bankman-Fried or one of his co-conspirators committed an overt act in furtherance of the conspiracy.

## 1. First Element – Existence of Conspiracy

Starting with the first element, the Government must prove beyond a reasonable doubt the existence of the charged conspiracy. Count Six charges that there was an agreement or understanding between two or more people to commit commodities fraud on customers of FTX. The crime of commodities fraud has two elements:

First, that in connection with a swap, or a contract of sale of a commodity in interstate commerce, or a contract for future delivery on or subject to the rules of a registered entity, as those concepts are defined in the Commodities Exchange Act, a defendant did any one of the following:

(1) used or employed a manipulative device, scheme or artifice to defraud, or

(2) made an untrue or misleading statement of material fact; or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a person;

Second, that in so doing the defendant acted willfully, knowingly, and with the intent to defraud.

In my instructions on the wire fraud offense charged in Count One, I already instructed you on what constitutes "a scheme or artifice to defraud" and an "untrue or misleading statement" and a "material fact," as well as the meaning of the terms "knowingly," "willfully," and "intent to defraud." You should consider and apply those same instructions here as well, including the complete defense of good faith.

Let me now discuss the "in connection with" requirement for Count Six. The phrase "in connection with" is not limitless and does not convert every instance of alleged fraudulent conduct that happens to involve commodities into a violation of the federal commodities fraud laws. For purposes of Count Six, the Government must prove beyond a reasonable doubt a fraud that is "integral"—and not merely incidental—to a purchase or sale of a commodity, or integral to a swap. Here, the Indictment alleges that the defendant defrauded FTX customers who were "trading or intending to trade cryptocurrencies, futures, options, swaps, and derivatives" by misappropriating their customer deposits. I instruct you that the "in connection with" requirement would not be satisfied if the alleged misappropriation was complete before any actual or contemplated commodities transaction took place. This requirement also would not be satisfied solely by evidence that a defendant embezzles assets, including commodities, from a client's account, even if that client account is used to trade commodities. Finally, the "in connection requirement" would not be satisfied by evidence that a defendant misappropriated a customer's funds and used them to trade commodities.

The Government must prove one additional factor beyond a reasonable doubt with respect to the object of the conspiracy charged in Count Six. As a matter of law, the Commodities Exchange Act does not apply to conduct that is extraterritorial. There is one exception, which I will come back to in a moment. Outside of that exception, the Government

must prove that the allegedly deceptive or manipulative conduct in connection with a commodities transaction took place inside the United States. If the Government does not prove this beyond a reasonable doubt, the statute does not apply and Mr. Bankman-Fried cannot be found guilty of a conspiracy to violate it. This must be the result even if you find that some fraudulent or manipulative conduct took pace inside the United States, as long as the conduct relating to this object of the conspiracy was predominantly foreign.

As I said, there is a partial exception to the general rule that the Commodities Exchange Act does not apply to extraterritorial conduct. The exception relates to a type of commodity called a swap. The prohibition in the Commodities Exchange Act on commodities fraud does apply to fraudulent or manipulative activities outside the United States if those activities have a direct and significant connection with activities in, or effect on, commerce of the United States. Accordingly, you may not find Mr. Bankman-Fried guilty under this provision of the Commodities Exchange Act unless the Government proves beyond a shadow of a doubt that an object of the alleged conspiracy was to commit commodities fraud relating to swaps through conduct which took place outside of the United States but which had a direct and significant connection or effect on commerce of the United States.

That covers the elements of the object of the conspiracy alleged in Count Six; namely commodities fraud on customers of FTX. If the Government proves beyond a reasonable doubt that such a conspiracy existed, the first element of the conspiracy has been proven.

2. <u>Second Element – Intent</u>

The second element of the commodities fraud conspiracy, which the Government must prove beyond a reasonable doubt, is that Mr. Bankman-Fried knowingly and willfully joined and participated in the alleged conspiracy at some point during its existence. I have already

instructed you on these elements in my instructions on the wire fraud conspiracy charged in Count Two. You should consider and apply those same instructions here as well.

      3.  <u>Third Element – Overt Act</u>

The third and final element of the commodities fraud conspiracy, which the Government must prove beyond a reasonable doubt, is that Mr. Bankman-Fried or some other member of the same conspiracy knowingly committed at least one overt act in furtherance of the conspiracy. I have already instructed you on the overt act element in my instructions on the securities fraud conspiracy charged in Count Five. You should consider and apply those same instructions here as well.

**<u>DEFENSE REQUEST NO. 11</u>**
**Count Seven: Conspiracy to Commit Money Laundering[10]**

A.  <u>Summary of the Indictment</u>

Count Seven charges Mr. Bankman-Fried with conspiracy to commit money laundering

in violation of Title 18 of the United States Code, Section 1956(h).  Specifically, Count Seven

charges that from in or about 2020, up to and including in or about November 2022, Mr.

Bankman-Fried willfully and knowingly agreed with others to commit money laundering in two

ways:

> <u>First</u>, by conducting financial transactions involving the proceeds of the wire fraud
> offense charged in Count One knowing that the transactions were designed in
> whole or in part to disguise the nature, location, source, ownership, or control of
> the proceeds of the unlawful activity in violation of Title 18, United States Code,
> Section 1956(a)(1)(B)(i).

> <u>Second</u>, by engaging in monetary transactions in an amount greater than $10,000
> representing the proceeds of wire fraud offense charged in Count One, in violation
> of Title 18, United States Code, Section 1957.

B.  <u>Elements of Conspiracy to Commit Money Laundering</u>

Before Mr. Bankman-Fried can be convicted of conspiracy to commit money laundering

as charged in Count Seven, the Government must prove each of the following elements beyond a

reasonable doubt:

> <u>First</u>, that a conspiracy existed between two or more people to commit money laundering;

and

> <u>Second</u>, that Mr. Bankman-Fried knowingly and willfully joined and participated in the

alleged conspiracy at some point during its existence.

---

[10] Adapted from the charge of the Honorable Loretta A. Preska in *United States v. Adelekan*, No.
19 CR. 291 (S.D.N.Y. Oct. 26, 2021); *see also* Sand, Modern Federal Jury Instructions, Instr.
50A-10.

1. First Element – Existence of Conspiracy

Starting with the first element, the Government must prove beyond a reasonable doubt the existence of the charged conspiracy. As I mentioned before, Count Seven charges that there was an agreement or understanding between two or more people to commit money laundering in two different ways, which I will call "concealment money laundering" and "illegal monetary transactions." These are the two objects of the conspiracy charged in Count Seven.

The Government does not need to prove that Mr. Bankman-Fried agreed to accomplish both types of money laundering; an agreement to accomplish either one of the objects is sufficient. You must, however, be unanimous that the Government has proven beyond a reasonable doubt at least one of the two alleged objectives of the conspiracy. You must also be unanimous as to which of the two types has been proven.

*Concealment Money Laundering*

The crime of concealment money laundering has four elements:

First, that the defendant conducted, or attempted to conduct, a financial transaction, which must in some way or degree have affected interstate or foreign commerce;

Second, that the financial transaction at issue involved the proceeds of specified unlawful activity, which here is alleged to have been a wire fraud offense charged in Count One;

Third, that the defendant knew that the financial transaction involved the proceeds of some form of unlawful activity; and

Fourth, that the defendant knew that the transaction was designed, in whole or in part, either to disguise the nature, location, source, ownership, or control of the proceeds of the unlawful activity.

We will consider these four elements in turn.

i. First Element of Concealment Money Laundering – Financial Transaction

The first element of concealment money laundering that the Government must prove beyond a reasonable doubt is that the defendant conducted a financial transaction that affected interstate or foreign commerce.

The term "conducts" includes the action of initiating, concluding, or participating in initiating or concluding a transaction.

The term "financial transaction" means (1) a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means. The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services.

Interstate commerce includes any transmission, transfer, or transportation of goods or services, both tangible and intangible, communications, and/or persons, between persons, places, or entities located in one state, including the District of Columbia, regardless of whether done for a business purpose or otherwise.

Foreign commerce means the same thing except it is between a person, place, or entity in the United States, any person, place, or entity in a foreign country.

In determining whether a person or institution is engaged in or whether a transaction affects interstate or foreign commerce, the involvement in interstate or foreign commerce can be minimal. Any involvement at all will satisfy this element.

    ii.   <u>Second Element of Concealment Money Laundering – Proceeds of Specified Unlawful Activity</u>

The second element of concealment money laundering is that the financial transactions must involve the proceeds of specified unlawful activity. The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity.

The term "specified unlawful activity" means any one of a variety of offenses described in the statute. In this case the Government has alleged that the financial transactions at issue involved the proceeds of the wire fraud offense charged in Count One of the Indictment. I instruct you, as a matter of law, that the charge in Count One, if proven beyond a reasonable doubt, meets the definition of specified unlawful activity. However, you must determine whether the funds involved in the financial transactions were the proceeds of that unlawful activity. And if you find that the Government has not proven Count One, then you cannot convict on Count Seven.

Relatedly, I instruct you that funds can only be laundered after the underlying crime is complete; otherwise, the funds cannot be considered the "proceeds" of the specified unlawful activity. In other words, the money laundering transaction – that is, the transaction designed to conceal the proceeds – must be separate and distinct from the wire fraud scheme that generated the proceeds.

### iii. Third Element of Concealment Money Laundering – Knowledge that Transactions Involved Unlawful Proceeds

The third element of concealment money laundering is that the defendant knew that the financial transactions at issue involved the proceeds of some form, though not necessarily which form, of unlawful activity.

It is not necessary for the defendant to know that the proceeds came from the wire fraud offense alleged in Count One or that the defendant personally participated in the wire fraud offense. It is sufficient that the defendant knew that the proceeds came from some form of unlawful activity.

### iv. Fourth Element of Concealment Money Laundering – Knowledge that Transactions Were Designed to Conceal

The fourth and final element of concealment money laundering concerns the purpose of the transaction. Specifically, the Government must prove beyond a reasonable doubt that the defendant conducted financial transactions with the knowledge that the transactions were designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity – namely, the wire fraud offense alleged in Count One. The terms I have just used have their everyday ordinary meanings.

If you find that the evidence establishes beyond a reasonable doubt that the defendant knew the purpose of a particular transaction in issue and that he knew at the time of the transaction that the transaction was designed to conceal or disguise the true origin of the proceeds of the wire fraud against FTX customers, then this element is satisfied.

However, if you find that the defendant knew of the transaction at issue, but did not know that it was designed to conceal or disguise the true origin of the proceeds of the wire fraud against FTX customers, and instead thought that the transaction was intended to further a

legitimate transaction, you must find that this element has not been satisfied and find the defendant not guilty.

Relatedly, I instruct you that the money laundering statute prohibits money *laundering*, not money *spending*. Thus, a design to conceal or disguise the source or nature of the proceeds is necessary. If there is no evidence that the defendant intended to conceal or disguise the proceeds of an unlawful activity, he may not be convicted for concealment money laundering.

That covers the elements of the first object of the money laundering conspiracy alleged in Count Seven; namely concealment money laundering. We now turn to the elements of the second object of the money laundering conspiracy – illegal monetary transactions.

### *Illegal Monetary Transactions*

The crime of conducting illegal monetary transactions has five elements:

First, that the defendant engaged in a monetary transaction in or affecting interstate or foreign commerce;

Second, that the monetary transaction involved criminally-derived property of a value greater than $10,000;

Third, that the property was actually derived from specified unlawful activity;

Fourth, that the defendant acted knowingly, that is, with knowledge that the transaction involved proceeds of a criminal offense;

Fifth, that the transaction took place in the United States.

We will consider each of these five elements in turn.

i. <u>First Element of Illegal Monetary Transactions – Financial Transaction</u>

The first element that the Government must prove beyond a reasonable doubt is that the defendant conducted a financial transaction that affected interstate or foreign commerce.

I already instructed you on the meaning of the terms "financial transaction" and "interstate or foreign commerce." You should consider and apply those same instructions here as well.

ii. <u>Second Element of Illegal Monetary Transactions – Criminally Derived Property Worth Over $10,000</u>

The second element that the Government must prove beyond a reasonable doubt is that the monetary transactions involved criminally derived property having a value in excess of $10,000.

The term "criminally-derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. I already instructed you on the meaning of the terms "proceeds" and you should apply those same instructions here. I instruct you, as a matter of law, that wire fraud is a criminal offense for purposes of this statute.

The Government is not required to prove that all of the property involved in the transaction was criminally-derived property. However, the government must prove that more than $10,000 of the property involved was criminally-derived property.[11]

---

[11] In light of the Second Circuit's decision in *United States v. Silver*, 864 F.3d 102 (2d Cir. 2017), we will not request an instruction on tracing the criminally-derived property. *See United States v. Rutgard*, 116 F.3d 1270, 1292-93 (9th Cir. 1997). However, we disagree with this decision and preserve this issue for appeal.

iii. <u>Third Element of Illegal Monetary Transactions – Property Derived from Specified Unlawful Activity</u>

iv. <u>Fourth Element of Illegal Monetary Transactions – Knowledge</u>

The third and fourth elements that the Government must prove beyond a reasonable doubt is that the property was derived from specified unlawful activity and that the defendant acted knowingly, that is, with knowledge that the transaction involved proceeds of a criminal offense.

I already instructed you on the meaning of the terms "specified unlawful activity" and "knowingly" and you should apply those same instructions here.

I instruct you that the Government is not required to prove that the defendant knew the particular offense from which the criminally-derived property was derived. However, the Government must prove beyond a reasonable doubt that the defendant knew that the transaction involved criminally-derived property which, I remind you, means any property constituting or derived from proceeds obtained from a criminal offense.

v. <u>Fifth Element of Illegal Monetary Transactions – Transaction in the United States</u>

The fifth and final element that the Government must prove beyond a reasonable doubt is that the agreed upon transaction took place in the United States.

That covers the elements of the second object of the money laundering conspiracy alleged in Count Seven; namely illegal monetary transactions. If the Government proves beyond a reasonable doubt that such a conspiracy existed, the first element of the conspiracy has been proven. If, however, the Government has not proven beyond a reasonable doubt that such a conspiracy existed, the defendant may not be convicted on Count Seven.

2. <u>Second Element – Intent</u>

The second element of the money laundering conspiracy, which the Government must prove beyond a reasonable doubt, is that Mr. Bankman-Fried knowingly and willfully joined and participated in the alleged conspiracy at some point during its existence.  I have already instructed you on these elements in my instructions on the wire fraud conspiracy charged in Count Two.  You should consider and apply those same instructions here as well, including the complete defense of good faith.

## DEFENSE REQUEST NO. 12
### Venue[12]

With respect to any given count you are considering, the Government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of the charge occurred in the Southern District of New York. This is called establishing venue. The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties.

The Government does not have to prove that a completed crime was committed within the Southern District of New York, or that Mr. Bankman-Fried was ever in the Southern District of New York. It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District. The act itself may not be a criminal act. It could include, for example, processing or executing a securities trade within this District. And the act need not have been taken by Mr. Bankman-Fried, so long as the act was part of the crime that you find was committed by Mr. Bankman-Fried.

Unlike the elements of the offenses which must be proven beyond a reasonable doubt, the Government is only required to prove venue by a preponderance of the evidence. A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime you are considering occurred in this District.

---

[12] Adapted from the charge of the Honorable Laura Taylor Swain in *United States v. Stewart*, No. 15 Cr. 287 (S.D.N.Y. Aug. 9, 2016).

## DEFENSE REQUEST NO. 13
### Law Enforcement Witnesses[13]

You have heard the testimony of law enforcement witnesses and other Government employees.  The fact that a witness may be employed by the federal Government as a law enforcement agent or employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  As with all other witnesses, it is up to you to decide, after reviewing all the evidence, what weight to give the testimony of law enforcement witnesses.

---

[13] Adapted from the charge of the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (S.D.N.Y. Feb. 1, 2022); and the Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124 (S.D.N.Y. Sept. 24, 2018).

You have heard testimony from at least one witness who entered into a non-prosecution agreement with the Government arising out of facts that are at issue in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant from the fact that a witness entered into such an agreement, even involving similar conduct. The decision of that witness to enter into that agreement and of the Government to enter into that agreement was a personal decision on the part of the Government and an exercise of the Government's lawful discretion in the case of the Government. The testimony of a witness who has entered into a non-prosecution agreement with the Government should be examined with great care. You should scrutinize such testimony closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests. If you believe the testimony to be true, you may give it any weight you believe it deserves.

---

[14] Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Dumitru*, 18 Cr. 243 (S.D.N.Y. Nov. 6, 2018); and the charge of the Honorable J. Paul Oetken in *United States v. Danilovich*, 12 Cr. 171 (S.D.N.Y. Nov. 13, 2013).

**DEFENSE REQUEST NO. 15**
**Cooperating Witness Testimony[15]**

You have heard testimony from witnesses who have pleaded guilty and entered into cooperation agreements with the Government. These witnesses testified that they hope that, as a result of their cooperation with the Government—including their testimony at this trial—that they will receive a lesser sentence.

You are not to draw any conclusions or inferences of any kind about the guilt of Mr. Bankman-Fried merely from the fact that certain witnesses at this trial entered into cooperation agreements with the Government and pleaded guilty to crimes that may be similar or related to the crimes with which Mr. Bankman-Fried is charged.  The witnesses who decided to plead guilty and cooperate with the Government did so based on their evaluation of what was in their best interest.  Their decision to plead guilty and to cooperate with the Government is not evidence that Mr. Bankman-Fried committed a crime.  A defendant may not be found guilty merely because he associated with individuals who decided to plead guilty and enter into cooperation agreements with the Government.

The testimony of cooperating witnesses must be scrutinized with special care and caution.  The fact that a witness has pleaded guilty to crimes and has entered into a cooperation agreement with the Government may be considered by you as bearing on the witness's credibility.  It does not follow, of course, that simply because a person has admitted to committing crimes, and has entered into a cooperation agreement with the Government, that he is incapable of giving a truthful account of what happened.  Moreover, it is no concern of yours

---

[15] Adapted from the charge of the Honorable Paul G. Gardephe in *United States v. Amanat*, 15-CR-536 (S.D.N.Y. Dec. 22, 2017).

why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony.

The testimony of cooperating witnesses should be given such weight as it deserves in light of all the facts and circumstances before you, taking into account the witness's candor, the strength and accuracy of his recollection, his background, his demeanor, and the extent to which his testimony is or is not corroborated by other evidence in the case. As with other witnesses, you may consider whether a cooperating witness has an interest in the outcome of this case and, if so, whether that interest has affected his or her testimony.

In this regard, you should bear in mind that a witness who has pleaded guilty and entered into a cooperation agreement with the Government has an interest and motives different from those of other witnesses. In evaluating the testimony of such a witness, you should ask yourself whether the witness would benefit more by lying, or by telling the truth. Was the witness's testimony influenced in any way by a belief or hope that he would receive favorable treatment by testifying falsely, or did he believe that his interests would be best served by testifying truthfully? If you believe that a witness was motivated by hopes of avoiding a term of imprisonment, was that motivation one that would cause him to lie, or was it one that would cause him to tell the truth?

In sum, you should consider all of the evidence in deciding what weight, if any, to give to the testimony of a cooperating witness. If you find that the testimony of a cooperating witness was false, you should reject it. However, if—after a cautious and careful examination of the cooperating witness's testimony in light of all the evidence—you conclude that the cooperating witness told the truth, you should accept the testimony as credible and act upon it accordingly.

As with any witness, the issue of credibility need not be decided on an all-or-nothing basis.  Even if you find that a witness testified falsely in one part, you may still accept his or her testimony in other parts, or you may disregard all of that witness's testimony.  That is a determination entirely for you to make.

# DEFENSE REQUEST NO. 16
## Immunized Witnesses[16]

You have heard the testimony of witnesses who have testified under a grant of immunity from this Court, called formal immunity. The testimony of such a witness may not be used against such witnesses in any criminal case except in a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this Court. You are instructed that the Government is entitled to call as a witness a person who has been granted immunity by order of this Court.

However, the testimony of a witness who has been granted immunity by the Court should be examined with great care. You should scrutinize such testimony closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests. If you believe the testimony to be true, you may give it any weight you believe it deserves.

---

[16] Adapted from the charge of the Honorable J. Paul Oetken in *United States v. Danilovich*, 12 Cr. 171 (S.D.N.Y. Nov. 13, 2013).

**DEFENSE REQUEST NO. 17**
**Other Acts Evidence**[17]

You have also heard evidence that the defendant, on earlier occasions, engaged in a variety of crimes or other misconduct that are not charged in this indictment. The defendant is not on trial for committing those other acts.  Accordingly, you may not consider the evidence about other uncharged bad acts or evidence of prior incarceration or crimes as a substitute for proof that the defendant committed the crimes with which he is charged in this case. Nor may you consider this evidence as proof that the defendant has a criminal propensity or bad character. This evidence was admitted for far more limited purposes, and you may consider it for those purposes only. And I've instructed you previously about those purposes.

---

[17] Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Jones*, 17 Cr. 791 (S.D.N.Y. Dec. 16, 2019).

## DEFENSE REQUEST NO. 18
### Coconspirator Statements[18]

Certain evidence was admitted during trial concerning acts and statements of others because such acts were committed and such statements were made by a person who, the Government claims, was also a co-conspirator of the defendant. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent of the other conspirators in carrying out the conspiracy. In determining the factual issues before you, you may consider against the defendant any acts or statements made by any of the people that you find, under the standards I have already described, to have been co-conspirators, even though such acts or statements were not made in his presence, or were made without his knowledge.

---

[18] Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (S.D.N.Y. Oct. 22, 2018).

**DEFENSE REQUEST NO. 19**
**Expert Witness[es][19]**

You have heard testimony from [a witness / certain witnesses] who [was/were] proffered as [an] expert[s] in [different areas] [a particular area]. An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept a witness's testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

---

[19] Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-21, and from the charge of the Honorable J. Paul Oetken in *United Sates v. Middendorf*, No. 18 Cr. 36 (S.D.N.Y. Feb. 1, 2022).

**<u>DEFENSE REQUEST NO. 20</u>**
**Use of Charts and Summaries[20]**

There is evidence before you in the form of charts and summaries.  Those exhibits

purport to summarize the underlying evidence that was used to prepare them.  I admitted these

charts and summaries into evidence in place of or in addition to the underlying documents that

they represent in order to save time and avoid unnecessary inconvenience.  They are no better

than the documents upon which they are based.  Therefore, you are to give no greater

consideration to these charts or summaries than you would give to the evidence upohn which

they are based.  It is for you to decide whether they correctly present the information contained

in the testimony and in the exhibits on which they were based.

---

[20] Adapted from the charges of the Honorable Lewis A. Kaplan in *United States v. Dumitru*, 18 Cr. 243 (S.D.N.Y. Nov. 6, 2018); and the Honorable Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (S.D.N.Y. Feb. 1, 2022).

**<u>DEFENSE REQUEST NO. 21</u>**
**Defendant's Right Not To Testify [If Applicable][21]**

Mr. Bankman-Fried did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the trial and never shifts to the defendant. A defendant is never required to prove that he or she is innocent.

You must not attach any significance to the fact that Mr. Bankman-Fried did not testify. You may not draw any inference against Mr. Bankman-Fried because he did not take the witness stand. You may not speculate as to why he did not testify, and you may not consider this against him in any way in your deliberations.

---

[21] Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-21.

**DEFENSE REQUEST NO. 22**
**Defendant's Testimony [If Applicable][22]**

In a criminal case, the defendant never has a duty to testify or come forward with any evidence. The reason is that, as I have told you, the defendant is presumed innocent and the government at all times has the burden of proof beyond a reasonable doubt. But, if he chooses, the defendant also has the right to testify and to take the witness stand on his own behalf. In this case, Mr. Bankman-Fried decided to testify, like any other witness, and he was subject to cross-examination, like any other witness. You should examine and evaluate the testimony of Mr. Bankman-Fried just as you would the testimony of any witness.

Finally, bear in mind that Mr. Bankman-Fried has been required to be present throughout the trial. His presence in the courtroom during the testimony of other witnesses should not affect your examination or evaluation of his testimony in any way.

---

[22] *See United States v. Solano*, 966 F.3d 184, 192-94 (2d Cir. 2020); *United States v. Gaines*, 457 F.3d 238, 249 n.9 (2d Cir. 2008).

**<u>DEFENSE REQUEST NO. 23</u>**
**Missing Witness Charge [If Applicable]**[23]

You have heard evidence about a witness who has not been called to testify.  The defense has argued that the witness could have given material testimony in this case and that the government was in the best position to produce this witness.

If you find that this uncalled witness could have bene called by the government and would have given important new testimony, and that the  government was in the best position to call him, but failed to do so, you are permitted, but you are not required, to infer that the testimony of the uncalled witness would have been unfavorable to the government.

---

[23] Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-5.

**Involvement of Counsel**[24]

You have heard evidence that FTX and Alameda Research had lawyers.  You have also heard evidence that Mr. Bankman-Fried was aware that FTX and Alameda Research's lawyers were involved in certain actions and decisions.  A lawyer's involvement with an individual or entity does not itself constitute a defense to any charge in this case.  The defense has not claimed, and cannot claim, that the defendant's conduct was lawful because he acted in good faith on the advice of a lawyer.

However, in considering whether or not Mr. Bankman-Fried acted in good faith, you may consider whether a lawyer's presence, involvement, or advice known to Mr. Bankman-Fried gave him comfort that he was acting properly.

---

[24] Adapted from the charge of the Honorable Edgardo Ramos in *United States v. Milton*, No. 21 Cr. 478 (S.D.N.Y. Sept. 12, 2022); and the Honorable Analisa Torres in *United States v. Shea*, No. 20 Cr. 412 (S.D.N.Y. May 23, 2022); *see also United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991); *United States v. Tagliaferri*, No. 13 Cr. 115 (RA) (S.D.N.Y. 2014), Trial Tr. at 83-85.

**<u>DEFENSE REQUEST NO. 25</u>**
**Defense Theory of the Case**[25]

[Mr. Bankman-Fried respectfully requests that the jury be charged with the defense theory of the case, to be supplied following the close of trial, prior to the charging conference.]

---

[25] *United States v. GAF Corp.*, 928 F.2d 1253, 1262 (2d Cir 1991) ("This Court has repeatedly recognized a criminal defendant's right to a jury charge which reflects the defense theory").

**CONCLUSION**

Mr. Bankman-Fried respectfully requests that the Court include the foregoing in its

instructions to the jury. Mr. Bankman-Fried also reserves the right to supplement or amend these

requests to charge in response to the Government's amended requests and the evidence presented

at trial.

Dated: October 19, 2023
     New York, New York

              Respectfully submitted,

              */s/* Mark S. Cohen
              Mark S. Cohen
              Christian R. Everdell
              David Lisner
              Sri K. Kuehnlenz
              **COHEN & GRESSER LLP**
              800 Third Avenue, 21st Floor
              New York, New York 10022
              Phone:  (212) 957-7600
              mcohen@cohengresser.com
              ceverdell@cohengresser.com
              dlisner@cohengresser.com
              skuehnlenz@cohengresser.com

              *Attorneys for Samuel Bankman-Fried*