

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 29, 2023

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *United States v. Samuel Bankman-Fried*, S5 22 Cr. 673 (LAK)

Dear Judge Kaplan:

      The Government respectfully submits this letter to provide notice to the Court and the defendant that it does not plan to proceed with a second trial in the above-captioned matter. As explained below, much of the evidence that would be offered in a second trial was already offered in the first trial and can be considered by the Court at the defendant's March 2024 sentencing. Given that practical reality, and the strong public interest in a prompt resolution of this matter, the Government intends to proceed to sentencing on the counts for which the defendant was convicted at trial.

      On December 9, 2022, a grand jury returned indictment 22 Cr. 673 (the "Original Indictment") in eight counts. (Dkt. 1 ¶¶ 16-20). Counts One through Seven charged the defendant with two counts of conspiracy to commit wire fraud, two counts of wire fraud, conspiracy to commit commodities fraud, conspiracy to commit securities fraud, and conspiracy to commit money laundering. Count Eight of the Original Indictment charged the defendant with conspiracy to make unlawful campaign contributions. The defendant was extradited by The Bahamas in December 2022, but in July 2023, The Bahamas informed the United States that it had not included Count Eight in the counts for which it had extradited the defendant, and that The Bahamas did not consent to trial on Count Eight. Thus, the Government was prevented from proceeding to trial on Count Eight due to its binding treaty obligations with The Bahamas. At trial, however, the Government offered evidence of the defendant's scheme to make unlawful campaign contributions, both as direct evidence of the other seven counts and pursuant to Federal Rule of Evidence 404(b). The defendant was convicted on all counts. And because the Government also proved that the defendant engaged in a scheme to make unlawful campaign contributions, the Court may consider this scheme as relevant conduct at the defendant's sentencing.

      On March 28, 2023, the grand jury returned Superseding Indictment S5 22 Cr. 673, which included five additional counts (the "Additional Counts"). The Additional Counts charged the

defendant with conspiracy to bribe foreign officials, conspiracy to commit bank fraud, conspiracy to operate an unlicensed money transmitting business, and substantive securities fraud and commodities fraud. At the trial, the Government introduced evidence of the defendant's conduct underlying the Additional Counts, either as direct evidence or pursuant to Rule 404(b). The evidence at trial, including witness testimony and documentary evidence, proved that the defendant engaged in a conspiracy to bribe Chinese officials, that he made false statements to a United States bank to induce it to open a bank account that he used in furtherance of his other fraudulent schemes, that he conspired to operate an unlicensed money transmitting business, and that he committed substantive securities fraud and commodities fraud. The Court may also consider evidence of the defendant's commission of these crimes at his sentencing.

After obtaining the Superseding Indictment, the United States sent a request to The Bahamas for a waiver of the rule of specialty to permit trial on the Additional Counts. However, the defendant moved to intervene in the extradition process in The Bahamas, delaying the process. Accordingly, the Government consented to the Court's severance of the Additional Counts and proceeded to trial on the seven counts for which the defendant was originally extradited. To date, The Bahamas has not agreed to waive the rule of specialty, and the Government does not have a timeline for when The Bahamas may respond to its request. Nonetheless, as described above, the Government proved at trial the conduct underlying the Additional Counts. Indeed, trial on the Additional Counts would feature much of the same evidence that was presented at the initial trial. And, importantly, a second trial would not affect the United States Sentencing Guidelines range for the defendant, because the Court can already consider all of this conduct as relevant conduct when sentencing him for the counts that he was found guilty of at the initial trial.

Accordingly, the Government does not intend to proceed to trial on the Additional Counts. Proceeding with sentencing in March 2024 without the delay that would be caused by a second trial would advance the public's interest in a timely and just resolution of the case, as "delay in sentencing may leave the defendant, as well as the victim, in limbo concerning the consequences of conviction." *United States v. Ray*, 578 F.3d 184, 198 (2d Cir. 2009). The interest in avoiding delay weighs particularly heavily here, where the judgment will likely include orders of forfeiture and restitution for the victims of the defendant's crimes. The Government has concluded that the public interest in a prompt resolution of this matter outweighs the interest in holding a separate trial.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: /s/ Thane Rehn
    Danielle R. Sassoon
    Nicolas Roos
    Samuel Raymond
    Thane Rehn
    Danielle Kudla
    Assistant United States Attorneys

(212) 637-2354

GLENN S. LEON
Chief, Fraud Section
Criminal Division

by: /s/ Jil Simon
Jil Simon
*Trial Attorney*

Cc: Defense Counsel (by ECF)