UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA,

– against –

SAMUEL BANKMAN-FRIED,

                     Defendant.

------------------------------------------------------x

S6 22 CR 00673 (LAK)

**DECLARATION OF CHRISTAN R. EVERDELL IN SUPPORT OF MOTION TO WITHDRAW AS CO-COUNSEL**

I, **CHRISTIAN R. EVERDELL**, declare as follows:

1. I am a partner at the law firm Cohen & Gresser LLP ("C&G"), co-counsel for defendant Samuel Bankman-Fried. I am fully familiar with the facts set forth herein and respectfully submit this declaration pursuant to Local Civil Rule 1.4, Local Criminal Rule 1.1(b) (making Local Civil Rule 1.4 applicable to criminal proceedings), and Local Criminal Rule 1.2, in support of C&G's motion to withdraw as co-counsel for defendant Samuel Bankman-Fried in the above-captioned matter.

2. On or about November 21, 2022, Mr. Bankman-Fried retained C&G to represent him in connection with criminal and regulatory investigations related to FTX and Alameda Research.

3. In or around early January 2024, Mr. Bankman-Fried retained Mukasey Young LLP ("the Mukasey Firm") to represent him as co-counsel in the above-captioned matter. On January 9, 2024, Marc Mukasey and Torrey Young appeared as counsel of record for Mr. Bankman-Fried in this matter.

4. Since being retained, the Mukasey Firm has served as Mr. Bankman-Fried's primary counsel in this matter. From early January 2024, up to and including February 2024,

C&G worked with the Mukasey Firm as co-counsel for Mr. Bankman-Fried to assist the Mukasey Firm and facilitate the transition.

5. As set forth in Mr. Bankman-Fried's declaration, dated February 16, 2024, Mr. Bankman-Fried indicated that he wished to discharge C&G from representing him in this matter and to proceed with the Mukasey Firm as his sole counsel of record.

6. Pursuant to Rule 1.16(b)(3) of the New York Rules of Professional Conduct, as adopted by the Appellate Division of the New York State Supreme Court, "a lawyer shall withdraw from the representation of a client when … the lawyer is discharged." 22 NYCRR Part 1200 (Rules of Professional Conduct), Rule 1.16(b)(3). Because these rules apply to attorneys practicing in the Southern District of New York, C&G must withdraw as counsel. *See* Local Civil Rule 1.5(b)(5) (attorneys practicing in the district courts are subject to the New York State Rules of Professional Conduct); Local Criminal Rule 1.1(b) (making Local Civil Rule 1.5 applicable to criminal proceedings).

7. On February 21, 2024, the Court held a *Curcio* hearing, wherein Mr. Bankman-Fried waived potential conflicts in connection with the Mukasey Firm's representation of him in this matter. Accordingly, C&G now seeks to withdraw as counsel of record.

8. I have discussed this motion to withdraw with Mr. Bankman-Fried and he consents to C&G's withdrawal from this matter.

9. I have also conferred with Mr. Mukasey about the upcoming deadlines related to Mr. Bankman-Fried's sentencing, including the defendant's sentencing submission, due on February 27, 2024, and the sentencing hearing scheduled for March 28, 2024. Mr. Mukasey has confirmed that he is prepared to handle the upcoming submissions according to the current

schedule, and that he has undertaken this representation on the understanding that the sentencing date is firm.

10. C&G is not asserting any liens in this matter and will continue to share its files with the Mukasey Firm upon request.

11. C&G has served a copy of this declaration, Mr. Bankman-Fried's declaration, and its notice of motion to withdraw on Mr. Bankman-Fried via the Mukasey Firm.

I declare under a penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct.

Dated: February 23, 2024
New York, New York

Respectfully submitted,

**COHEN & GRESSER LLP**

Christian R. Everdell
800 Third Avenue, 21st Floor
New York, NY 10022
Phone: (212) 957-7600
Fax: (212) 957-4514
ceverdell@cohengresser.com

*Attorneys for Defendant Samuel Bankman-Fried*