UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

_____

UNITED STATES

                Plaintiff,

                                                Docket No: 0208 1:22CR00673-001

      v.

SAMUEL BANKMAN-FRIED
                Defendant.
_____

DECLARATION OF SHANNON RACE

I, Shannon Race, declare under penalty of perjury that the following statements are true:

**BACKGROUND OF DECLARANT**

1. I am an independent consultant and expert on Bureau of Prisons policies and procedures. I was employed by the Department of Justice, Federal Bureau of Prisons (BOP), from October 1995 through January 2021 when I retired in good standing.

2. I worked in numerous positions throughout my career with the BOP, including assignments at institutions of FCI Safford, USP Florence, ADX Florence and FCIs I and II at Victorville. However, most of my experience was at the BOP's Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas where I was a key member of the activation team starting in 2005. DSCC, as its title implies, is the central location for all the designation decisions and sentence computations for every federal inmate. In my experience at DSCC, I focused on inmate sentence computations in the positions of Legal Instruments Examiner, Computation and Classification Technician,

1

Computation and Classification Specialist, Management Analyst, and Operations Manager. A copy of my resume which includes my relevant work experience is attached to this report as Exhibit A.

**SCOPE OF REPORT**

3. I was contacted by the law firm Mukasey Young LLP, who represents defendant Samuel Bankman-Fried. Mr. Bankman-Fried is scheduled to be sentenced on March 28, 2024, in the Southern District of New York. Mukasey Young requested that I provide a security classification, a recommendation on a designation that would adequately provide the needed programming while providing sufficient security, and my thoughts on a possible judicial recommendation at time of sentencing due to the specific challenges associated with a young, first-time offender in federal prison as it relates to his security classification.

4. In preparation for my declaration, I reviewed the Presentence Investigation Report prepared in this case. Based on the Presentence Report, I calculated a preliminary security classification assessment utilizing the BOP's Program Statement 5100.08, Inmate Security Designation and Custody Classification. An initial security classification and designation will be completed by the BOP following sentencing if a sentence of imprisonment is imposed. It is impossible to state with certainty Mr. Bankman-Fried's security level absent additional information available post sentencing including the Statement of Reasons and the USM-129.

   **EXECUTIVE SUMMARY**

5. From the material I have reviewed, Mr. Bankman-Fried was initially taken into custody in the Bahamas on December 12, 2022, and then made an initial appearance in the

2

Southern District of New York on December 22, 2022. After the appearance, he was subsequently released on bond. On August 11, 2023, he was remanded into custody and has remained so. He is currently being held at MDC Brooklyn.

6. I conducted a calculation of Mr. Bankman-Fried's security classification (Exhibit B) and determined that he would score 7 security points, which by itself is minimum security. However, he will likely have a Public Safety Factor (PSF) of sentence length and depending on the actual time remaining, he will be placed in a higher security level facility, i.e., greater than 10 years, low; greater than 20 years, medium; and greater than 30 years, high.

## SECURITY CLASSIFICATION

7. There are five security levels utilized by the BOP to classify federal prisons. Those security levels include Minimum, Low, Medium, High, and Administrative. Sentenced inmates are usually designated to federal prisons which are commensurate with their security levels. Pre-trial/pre-sentence detention facilities and federal medical prisons are classified as Administrative and are comprised of inmates of all security levels.

8. Following sentencing, inmates are initially classified and designated for service of their sentence by staff assigned at the Designations and Sentence Computation Center (DSCC), in Grand Prairie, Texas. The documents utilized by the DSCC during the initial classification are the Presentence Investigation Report, Judgment in a Criminal Case to include the Statement of Reasons, disciplinary records from prior or current commitment, and any additional relevant documents from various law enforcement agencies.

9. Several factors are considered when an inmate is initially classified. Some of the factors that impact classification include age, pending charges/detainers, seriousness of current offense, history of violence and escape, sentence length, and voluntary surrender status. Each of these areas have a corresponding point value, which is then totaled, to determine an inmate's overall security level.

10. DSCC staff also use Management Variables (MGTV) and Public Safety Factors (PSF) to account for additional security considerations, not captured in the other categories. The MGTV's and PSF's are used to justify an inmate's designation to an institution which is not commensurate with his numeric security point total. There are specific factors, which if applicable to an inmate, would indicate a need for increased security to protect society. In most cases, the PSF's impact the inmate's security level, causing an increase, which overrides the security point score. The PSF's for male offenders include Disruptive Group, Greatest Severity Offense, Sex Offender, Threat to Government Officials, Deportable Alien, Sentence Length, Serious Escape, Prison Disturbance, Juvenile Violence, and Serious Telephone Abuse.

11. The one PSF that may be applicable in this case is the PSF for Sentence Length. Once sentenced, the time remaining to be served will influence the security level Mr. Bankman-Fried will be housed. Mr. Bankman-Fried will have approximately 240 days of jail credit upon sentencing, 11 days between his initial arrest in Bahamas until his release on bond (December 12, 2022 – December 22, 2022) and 230 days from his remand until the day prior to sentencing (August 11, 2023 – March 27, 2024). The BOP will also calculate his Good Conduct Time, 54 days per year of the sentence imposed. The sentence imposed less his jail credit, less his Good Conduct Time will yield the

4

number of months remaining to serve of the overall sentence. If there are more than 10 years remaining, a PSF would be applied to place Mr. Bankman-Fried at a low security prison. With more than 20 years remaining, a PSF would be applied to place Mr. Bankman-Fried at a medium security prison. For a sentence of more than 30 years remaining or Life, a PSF would be applied to place Mr. Bankman-Fried at a high security penitentiary.

12. In an effort to assist the Court in understanding how the PSF for Sentence Length may be applied by the BOP, I calculated the maximum sentence that could be imposed which would trigger a move to a higher security classification. The following chart highlights the impact the sentence imposed and time remaining will have on the security level Mr. Bankman-Fried will be designated:

| Sentenced Imposed (Months) | Jail Credit (Days) | Good Conduct Time (Days) | Sentence Remaining | Security Level |
|---|---|---|---|---|
| **150 months** | 241 days | 675 days | 120 months (10 years) | Low |
| **291 months** | 241 days | 1,310 days | 240 months (20 years) | Medium |
| **432 months** | 241 days | 1,944 days | 360 months (30 years) | High |

13. If a PSF is applicable, it is automatically applied, however, the BOP has the discretion to utilize Management Variables that can either increase or decrease security classification if they determine a need for either greater or lesser security is warranted. In my experience, the BOP considers several factors in applying a Management Variable to place an inmate in a facility they feel will most appropriately meet an inmate's security and safety needs. A key factor in this review, are judicial recommendations. Every judicial recommendation is carefully reviewed and ultimately monitored for

5

compliance or non-compliance; therefore, a recommendation from the court to house a defendant in a Medium security facility if possible would definitely increase the BOP's consideration of applying a Management Variable if necessary.  However, the BOP typically places an incoming inmate into a facility commensurate with their security classification based on the information provided at initial designation and will re-assess the inmate over time to see whether an adjustment to a lower security facility is appropriate.

14. Custody Classification reviews are conducted annually by an inmate's case manager. Many of the same factors utilized to score the initial security classification, are used when scoring an inmate's custody level. Additional criteria utilized in the Custody Classification are percentage of time served, drug/alcohol abuse history, type and frequency of misconduct reports, responsibility demonstrated during the period of incarceration, and family/community ties. The outcome of the Custody Classification is used to determine if an inmate warrants a transfer to a lesser or greater security prison, or whether the current institution is appropriate to address his security needs and concerns.  Mr. Bankman-Fried has the potential to move down in security classification based on his successful programming and adherence to the rules of the institution.  It should be noted that Life sentences prohibit placement at a minimum security (camp).

15. The BOP attempts to place inmates within 500 miles of their home address, listed as Stanford, California in Mr. Bankman-Fried's presentence report.  The following institutions are in the BOP's Western Region by security level:

6

| Security Level | Location |
|---|---|
| Low | FCI Terminal Island - San Pedro, CA |
| Low | FCI Lompoc – Lompoc, CA |
| Low | FCI Safford – Safford, AZ |
| Medium | FCI Mendota – Mendota, CA |
| Medium | FCI Herlong – Herlong, CA |
| Medium | FCI Phoenix – Phoenix, AZ |
| Medium | FCI Sheridan – Sheridan, OR |
| Medium | FCI Tucson – Tucson, AZ |
| Medium | FCI Victorville – Victorville, CA |
| High | USP Tucson – Tucson, AZ |
| High | USP Victorville – Victorville, CA |
| High | USP Atwater – Atwater, CA |

## **CONCLUSION**

16. Mr. Bankman-Fried has no previous criminal history. His time in custody awaiting sentencing is not reflective of what his experience will be in general population at a medium or high security federal prison. The BOP attempts to place inmates at the lowest security level possible but that placement is based on BOP policy. However, the Court's decision on sentence length and any recommendations the court is willing to make on the Judgment will have a significant role in the BOP's initial security classification and institution designation process.

17. The BOP's institutions are classified as minimum, low, medium and high. High security prisons typically house those inmates who have either an instant offense of violence or a history of violence and due for the need of providing stricter control for security and

7

safety, cost more to house offenders. I do have concerns over the safety of Mr. Bankman-Fried if he were initially classified as a high security inmate and placed in a U.S. Penitentiary. Mr. Bankman-Fried has no history of violence, his instant offense is not one that the BOP considers violent, he has no criminal history involving past incarceration and his physical mannerisms and stature pose a risk for him adjusting in a higher security institution. In my opinion, a low security prison could safely house a defendant like Mr. Bankman-Fried while meeting society's need for justice and cost effectiveness.

18. To assist the BOP in determining an appropriate security level for Mr. Bankman-Fried, I would respectfully ask that if the sentence imposed results in a term remaining of over 20 years, the Court make a judicial recommendation for a Lesser Security Management Variable to promote a lower security designation.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Date: Feb 26, 2024

*Shannon L. Race*
Shannon L. Race (Feb 26, 2024 13:35 CST)
Shannon L. Race

8

# EXHIBIT A

## SHANNON RACE
Shannon@Prisonology.com
617-858-5008

**Summary**
During my 25-year career with the Federal Bureau of Prisons, I developed strong verbal and non-verbal skills to include the preparation of litigation summaries, correspondence for the courts, and administrative remedies.  I created and maintained lines of communication between the courts, United States Marshals, and the Bureau of Prisons.  In addition, I am considered a subject matter expert in inmate sentence computation, designations and primary custody.

**Skills**
- Subject Matter Expert in the classification/designation and transportation of federal prisoners to include federal statutes, policies, and procedures
- Working knowledge of SENTRY, MPAC, NCIC, PACER, eDesignate, CAPTURE
- Strong written and verbal communication skills
- Working knowledge of the Policies and Procedures of the Bureau of Prisons to include inmate designations and transfers
- Preparation of various forms of correspondence to include memorandums, letters to the court, administrative remedies, litigation summaries and declarations

**Area of Experience**
Inmate sentence computations, designations, movement/transportation and housing of prisoners, monitoring data and reports, reviewing reports and various data for accuracy and specific information, compiling and reporting statistics/trends, troubleshooting discrepancies and professional preparation of written correspondence.

**Professional History**

Federal Bureau of Prisons: FCI Safford, Arizona; USP Florence, CO; ADX Florence, CO; FCI I and II Victorville, CA; and Designation and Sentence Computation Center, Grand Prairie, TX, Operations Manager
October 1995 to January 2021
- Held numerous positions throughout my career of increasing responsibility to include supervisory jobs
- Utilized strong verbal and non-verbal communications skills and maintained a professional demeanor
- Activation of the Designation and Sentence Computation Center (DSCC) where I helped develop the implementation of various programs and policies that would shape the future of the Designation and Sentence Computation Center for the Bureau of Prisons.

9

- Instrumental in the introduction of eDesignate (E-DES), providing training to BOP staff and guidance to the United States Marshal service on the policies and procedures of the Bureau of Prisons
- Subject matter expert in the area of sentence computations, the designation of inmates in my courts of jurisdiction and oversaw all matters concerning juvenile offenders, military offenders and treaty transfers
- I provided advice and guidance on how the Bureau of Prisons and the United States Marshal's Service could work together to develop a program that benefitted both agencies, increasing the effectiveness of electronic communication to improve inmate transportation, designations and transfers

# EXHIBIT B

| BP-337 INMATE LOAD AND SECURITY DESIGNATION FORM | | | FEDERAL BUREAU OF PRISONS | |
|---|---|---|---|---|
| **INMATE LOAD DATA** | | | | |
| 1. REGISTER NUMBER: 17828-509 | | | | |
| 2. LAST NAME **Bankman-Fried** | 3. FIRST NAME **Samuel** | | 4. MIDDLE | 5. SUFFIX |
| 6. RACE B/W/A/I    7. SEX M/F | 8. ETHNIC ORIGIN O/H | | 9. DATE OF BIRTH 3-05-1992 | |
| 10. OFFENSE/SENTENCE | | | | |
| 11. FBI NUMBER | | | 12. SSN NUMBER | |
| 13. STATE OF BIRTH | 14. OR COUNTRY OF BIRTH | | 15. CITIZENSHIP | |
| 16. ADDRESS-STREET | | | | |
| 17. CITY | 18. STATE | 19. ZIP | 20. OR FOREIGN COUNTRY | |
| 21. HEIGHT FT ___ IN ___ | 22. WEIGHT ___ LBS | 23. HAIR:BA/BK/BD/BN/GY/RD/SD/WH | 24. EYE: BK/BL/BN/GY/GN/HL/MN/PK/SC | |
| 25. ARS ASSIGNMENT:    A-Admin   or | | | | |
| **SECURITY DESIGNATION DATA** | | | | |
| 1. JUDGE | 2. REC FACILITY | 3. REC PROGRAM | 4. USM OFFICE | |
| 5. VOLUNTARY SURRENDER STATUS   **0** = NO   **(-3)** = YES<br>IF YES, MUST INDICATE: 5a. V/S DATE: _____  5b. V/S LOCATION: _____ | | | | 0 |
| 6. MONTHS TO RELEASE _____ | | | | |
| 7. SEVERITY OF CURRENT OFFENSE   **0** = LOWEST   **3** = MODERATE   **7** = GREATEST<br>**1** = LOW MODERATE   **5** = HIGH | | | | 3 |
| 8. CRIMINAL HISTORY POINTS: __0__   **0** = 0-1   **4** = 4-6   **8** = 10-12<br>**2** = 2-3   **6** = 7-9   **10** = 13+<br>8a. Source Document Date: _____  8a. SOURCE OF DOCUMENTED __X__ - PSR or ____ - NCIC | | | | 0 |
| 9. HISTORY OF VIOLENCE   NONE   >15 YEARS   10-15 YEARS   5-10 YEARS   <5 YEARS<br>MINOR    0    1    1    3    5<br>SERIOUS  0    2    4    6    7 | | | | 0 |
| 10. HISTORY OF ESCAPE OR ATTEMPTS   NONE   >15 YEARS   >10 YEARS   5-10 YEARS   <5 YEARS<br>MINOR    0    1    1    2    3<br>SERIOUS  0    3 (S)   3(S)   3(S)   3(S) | | | | 0 |
| 11. TYPE OF DETAINER   **0** = NONE   **3** = MODERATE   **7** = GREATEST<br>**1** = LOWEST/LOW MODERATE   **5** = HIGH | | | | 0 |
| 12. AGE   **0** = 55 AND OVER   **4** = 25 THRU 35<br>**2** = 36 THRU 54.   **8** = 24 OR LESS | | | | 4 |
| 13. EDUCATION LEVEL   **0** = Verified High School Degree or GED<br>**1** = Enrolled in and making satisfactory progress in GED Program<br>**2** = No verified High School Degree/GED and not participating in GED Program<br>13a. HIGHEST GRADE COMPLETED _____ | | | | 0 |
| 14. DRUG/ALCOHOL ABUSE   **0** = Never/>5 Years   **1** = <5 Years   U = Unknown | | | | 0 |
| 15. TOTAL | | | | 7 |
| 16. PUBLIC SAFETY FACTORS   **A**-NONE   **I**-SENTENCE LENGTH (males only)<br>**B**-DISRUPTIVE GROUP (males only)   **K**-VIOLENT BEHAVIOR (females only)<br>**C**-GREATEST SEVERITY OFFENSE (males only)   **L**-SERIOUS ESCAPE<br>**F**-SEX OFFENDER   **M**-PRISON DISTURBANCE<br>**G**-THREAT TO GOVERNMENT OFFICIALS   **N**-JUVENILE VIOLENCE<br>**H**-DEPORTABLE ALIEN   **O**-SERIOUS TELEPHONE ABUSE | | | | |
| 17. REMARKS | | | | |

11