UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x
                                   :
UNITED STATES OF AMERICA           :
                                   :    PRELIMINARY ORDER OF
        - v. -                     :    FORFEITURE / MONEY JUDGMENT
                                   :
SAMUEL BANKMAN-FRIED,              :    S6 22 Cr. 673 (LAK)
        a/k/a "SBF"                :
                Defendant.         :
                                   :
---------------------------------- x

WHEREAS, on or about August 14, 2023, SAMUEL BANKMAN-FRIED (the "Defendant"), was charged in a seven-count Superseding Indictment, S6 22 Cr. 673 (LAK) (the "Indictment"), with wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Counts One and Three); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Counts Two and Four); conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count Five); conspiracy to commit commodities fraud, in violation of Title 18, United States Code, Section 371 (Count Six); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Seven);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of offenses charged in Counts One through Four of the Indictment and the following specific property:

   a) 55,273,469 shares of the stock of Robinhood Markets Inc. from Account Number 499-30500 at ED&F Man Capital Markets, Inc., a/k/a "Marex," formerly held in the name of "Emergent Fidelity Technologies," seized by the Government on or about January 4, 2023 (the "Robinhood Shares");

b) $20,746,713.67 in United States currency formerly on deposit in Account Numbers 499-30500 and 429-30500 at ED&F Man Capital Markets, Inc., a/k/a "Marex," held in the name of "Emergent Fidelity Technologies," seized by the Government on or about January 4, 2023;

c) $49,999,500 in United States currency formerly on deposit in Account Number 9000-1924-02685 at Farmington State Bank d/b/a "Moonstone Bank" held in the name of "FTX Digital Markets," seized by the Government on or about January 4, 2023;

d) $5,322,385.32 in United States currency formerly held on deposit in Account Number 0000005090042549 at Silvergate Bank held in the name of "FTX Digital Markets," seized by the Government on or about January 11, 2023;

e) $719,359.65 in United States currency formerly on deposit in Account Number 0000005090042556 at Silvergate Bank held in the name of "FTX Digital Markets," seized by the Government on or about January 11, 2023;

f) $1,071.83 in United States currency formerly on deposit in Account Number 0000005090042564 at Silvergate Bank held in the name of "FTX Digital Markets," seized by the Government on or about January 11, 2023;

g) $94,570,490.63 in United States currency formerly on deposit in Account Number 0000005091010037 at Silvergate Bank held in the name of "FTX Digital Markets," seized by the Government on or about January 19, 2023;

h) Any and all monies, assets, and funds contained in Binance account number 94086678;

i) Any and all monies, assets, and funds contained in Binance.us account number 35000066; and

j) Any and all monies, assets, and funds contained in Binance.us account number 35155204

((b) through (j), collectively, the "Indictment Property");

WHEREAS, the Indictment included a forfeiture allegation as to Count Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission the offense charged in Count Five of the Indictment, including but not limited to a sum of money in

2

United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Five of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Seven of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Seven of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in Count Seven of the Indictment, including the Indictment Property and the Robinhood Shares;

WHEREAS, on or about September 1, 2023, the Court entered an interlocutory sale order authorizing the Government to sell the Robinhood Shares;

WHEREAS, on or about September 1, 2023, pursuant to the Court's interlocutory sale order, the Government sold the Robinhood Shares and realized a total of $605,694,411.59 from the sale of the Robinhood Shares (the "Robinhood Share Proceeds");

WHEREAS, on or about November 2, 2023, the Defendant was found guilty, following a jury trial, of Counts One through Seven of the Indictment;

WHEREAS, the Government has identified additional property, which is set forth in **Exhibit A** attached hereto (collectively with the Indictment Property and the Robinhood Shares Proceeds, the "Specific Property"), that (i) constitutes proceeds of the offenses charged in Counts One through Five of the Indictment; and/or (ii) is property involved in the offense charged in Count Seven of the Indictment;

WHEREAS, the Government asserts that $11,020,000,000 in United States currency represents (i) the amount of proceeds traceable to the commission of the offenses charged in Counts One through Five of the Indictment that the Defendant personally obtained; and (ii) the property involved in Count Seven of the Indictment;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $11,020,000,000 in United States currency, for which the Defendant is jointly and severally liable with co-defendants Caroline Ellison, Gary Wang, and Nishad Singh (the "Co-Defendants") up to the amount of forfeiture money judgments that may be entered against the Co-Defendants in this case, as well as any other co-conspirators ("Co-Conspirators") up to the amount of forfeiture money judgments that may be entered against the Co-Conspirators for the conduct charged in Counts One through Five and Seven of the Indictment, representing (i) the amount of proceeds traceable to the commission of the offenses charged in Counts One through Five of the Indictment that the Defendant, the Co-Defendants, or the Co-Conspirators, personally obtained and/or controlled and (ii) the property involved in Count Seven of the Indictment;

WHEREAS, the Government seeks to forfeit all right, title and interest of the Defendant in the Specific Property as (i) proceeds traceable to the commission of the offenses charged in Count One through Five of the Indictment, that the Defendant personally obtained and/or controlled; and/or (ii) property involved in the offense charged in Count Seven of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), 32.2(b)(6), and 32.2(c) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession, consistent with Federal Rule of Criminal Procedure 32.2, and to notify any person who reasonably appears to be a potential claimant of their interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Five and Seven of the Indictment, to which the Defendant was found guilty, a money judgment in the amount of $11,020,000,000 in United States currency (the "Money Judgment"), for which the Defendant is

4

jointly and severally liable with the Co-Defendants and with any other Co-Conspirators up to the amount of forfeiture money judgments that may ultimately be entered against the Co-Defendants and Co-Conspirators for the conduct charged in Counts One through Five and Seven One of the Indictment, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One through Five and Seven of the Indictment, to which the defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, SAMUEL BANKMAN-FRIED, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance & Money Laundering Unit, 26 Federal Plaza, New York, New York 10278, and shall indicate the Defendant's name and case number.

5. The United States Marshals Service (or its designee) is hereby authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to Rule 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to specific property pursuant to Title 21, United States Code, Section 853(n) and consistent with Federal Rule of Criminal Procedure 32.2, in which all interests

will be addressed. All specific property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
March 28, 2024

SO ORDERED:

_____
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE