UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
UNITED STATES OF AMERICA,

          Plaintiff,

 -against-

SAMUEL BANKMAN-FRIED
a/k/a "SBF",

          Defendant.

------------------------------------------------------- X

CASE NO. 22-cr- 673 (LAK)

**PETITION FOR HEARING TO ADJUDICATE THIRD-PARTY CLAIMS OF EMERGENT FIDELITY TECHNOLOGIES LTD WITH RESPECT TO THE EMERGENT ASSETS THAT ARE SUBJECT TO A PRELIMINARY ORDER OF FORFEITURE**

### VERIFIED PETITION FOR HEARING TO ADJUDICATE THIRD-PARTY CLAIMS OF EMERGENT FIDELITY TECHNOLOGIES LTD WITH RESPECT TO THE EMERGENT ASSETS THAT ARE SUBJECT TO <u>A PRELIMINARY ORDER OF FORFEITURE</u>

Petitioner Emergent Fidelity Technologies Ltd. ("Emergent" or "Petitioner"), by and through counsel, hereby petitions this Court under 21 U.S.C. § 853(n)(3), for a hearing to adjudicate the validity of its right, title and interest asserted herein with respect to (i) 55,273,469 shares of stock of Robinhood Markets Inc. ("Robinhood," and the shares therein, the "Robinhood Shares") and (ii) approximately $20,746,713.67 in United States currency that was held with the Robinhood Shares in a brokerage account owned by Emergent (the "Emergent Cash"), which are collectively subject of the Preliminary Order of Forfeiture entered by this Court on March 29, 2024 in the above captioned matter (the "Preliminary Forfeiture Order"). *See* ECF No. 423. Emergent received personal notice of the forfeiture by electronic mail on May 15, 2024. Thus, this petition is timely as it is being filed within 35 days of receipt of notice as set forth for the filing of claims in the Preliminary Forfeiture Order, paragraph 7, and within 30 days pursuant to 21 U.S.C. § 853(n)(2).

**BACKGROUND**

1.　　On or around January 4, 2023, the government seized the Robinhood Shares and the Emergent Cash, as identified in the government's Forfeiture Bill of Particulars.  *See* ECF No. 49 at 1.

2.　　On or around September 1, 2023, the Court authorized the government to sell the Robinhood Shares.  *See* Interlocutory Sale Order, ECF No. 242.  Soon after, pursuant to the Interlocutory Sale Order, the government sold the Robinhood Shares for $605,694,411.59 (the "Robinhood Share Proceeds").  *See* Preliminary Forfeiture Order at 3.  Pursuant to the Interlocutory Sale Order, "[t]he net proceeds realized from the sale of the Robinhood Shares, and any and all income or interest accrued thereon, shall be the substitute *res* for the Robinhood Shares[,]" which "shall be treated in all respects as though they are the Robinhood Shares, with all claims, interests, and defenses applicable to the Robinhood Shares or claims by third parties." Interlocutory Sale Order at 3-4.

3.　　The Robinhood Shares, the Robinhood Share Proceeds, and the Emergent Cash (collectively, the "Emergent Assets") are identified as "Specific Property" within the Preliminary Forfeiture Order forfeited by Defendant Samuel Bankman-Fried (the "Defendant").  Preliminary Forfeiture Order at 3, 5.

4.　　Emergent is the present recordholder of the Robinhood Shares, and owner of the Emergent Cash.  And for the reasons set forth below, and as will be demonstrated at an ancillary hearing on these issues, because Emergent's ownership of the Emergent Assets predates the time when any property interest in the Emergent Assets vested in the United States—to the extent the United States ever obtained an interest in the Emergent Assets—Emergent held superior title to

the Defendant, as set forth in 21 U.S.C. § 853(n)(6)(A).  In the alternative, Emergent is a bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(B) of the Emergent Assets.

## EMERGENT'S THIRD PARTY PETITION

A. **Emergent's Title in the Emergent Assets**

5. In or about April 2022, Alameda Research Ltd. and/or Alameda Research LLC (collectively "Alameda"), purchased approximately 56,273,469 shares of stock in Robinhood through an account held at ED&F Man Capital Markets (now known as Marex).

6. Emergent was incorporated on or around April 22, 2022.

7. In or around May 12-13, 2022, Alameda transferred the 56,273,469 shares to Emergent's account at Marex (the "Emergent Account").

8. On May 23 and May 24, 2022, a total of $20,000,000 cash was deposited into the Emergent Account from a third-party bank account that was held in Emergent's name.

9. In or around July 7-28, 2022, Emergent purchased an additional 5,000,000 shares of stock in Robinhood for $42,273,580, which appears to have included margin loan proceeds lent by Marex.

10. From November 9 to 14, 2022, Emergent sold approximately 6,000,000 of the shares held in the Emergent Account, yielding proceeds of $62,668,116.98, some of which apparently went to paying off the Marex margin loan.

11. On November 8, 2022, $28,895,830 was transferred from the Emergent Account to another account at Marex in Alameda's name.

12. After these transactions, approximately 55,273,469 Robinhood Shares and $20,746,713.67 in Emergent Cash remained in the Emergent Account.

13. Since these assets were transferred into the Emergent Account and/or purchased or realized by Emergent, Emergent—not the Defendant or any other individual shareholder—has

maintained exclusive and continuous ownership over them. Although the Defendant had an ownership interest in Emergent, at no time did the Defendant own the Robinhood Shares or the Emergent Cash. *See Pacheco v. Serendensky*, 393 F.3d 348, 349 (2d Cir. 2004) ("[W]e conclude that a criminal defendant can only be made to forfeit what was his in the first place."); *United States v. Gilbert*, 244 F.3d 888, 918, 922-23 (11th Cir. 2001) (explaining that "where property subject to criminal forfeiture [the Bell Gardens Bicycle Club] was owned by a joint venture between two partnerships rather than by the criminal defendant, the "Government holds nothing by virtue of the order of forfeiture against" the defendant); *United States v. Wyly*, 193 F.3d 289, 304 (5th Cir. 1999) (holding that shares of a corporation "are not the 'corporation itself,' nor are they [the corporation's] assets or property").

14. To the contrary, in various proceedings in Antigua, Emergent has litigated to protect its ownership interests in the Emergent Assets against legal challenges brought by the Defendant.

### B. The Government Seizure of the Emergent Assets

15. The government initiated the underlying prosecution in December 2022. The sixth superseding indictment (the "Superseding Indictment") charged the Defendant with multiple counts of wire fraud, securities fraud, and conspiracy to commit money laundering, among other charges. *See* Sixth Superseding Indictment, ECF No. 202.

16. The Superseding Indictment also included a forfeiture allegation, which identified the Emergent Assets as specific property "traceable to the commission" of the offenses. *Id.* at ¶ 38(a)-(b).

17. On December 30, 2022, the Honorable Katharine H. Parker, United States Magistrate Judge for the Southern District of New York, issued a Warrant of Seizure for the Robinhood Shares, based on a showing of probable cause that the Robinhood Shares were subject

to forfeiture. *See* Interlocutory Sale Order at 2. Pursuant to this Warrant, the Robinhood Shares and the Emergent Cash were transferred to the control of the United States Marshals Service.

18. On September 1, 2023, the Court issued an Interlocutory Sale Order authorizing the government to enter into a stock purchase agreement with Robinhood to sell back the Robinhood Shares due to concerns about market volatility and risk of change in the value of the Robinhood Shares. *See* Interlocutory Sale Order.

19. Soon after, on or around September 1, 2023, the government sold the Robinhood Shares to Robinhood for $605,694,411.59, constituting the Robinhood Share Proceeds. *See* Preliminary Forfeiture Order at 3. As set forth in the Interlocutory Sale Order, "[i]n any forfeiture proceedings, the net proceeds from the sale of the Robinhood Shares (the "Substitute *Res*") shall be treated in all respects as though they are the Robinhood Shares, with all claims, interests, and defenses applicable to the Robinhood Shares or claims by third parties, to apply instead to the Substitute *Res* and any and all claims to, or secured by, or interests in, the Robinhood Shares shall be paid, if at all, from the Substitute *Res*." Interlocutory Sale Order at ¶ 4.

C. **Emergent Has Superior Title to the Emergent Assets**

20. Emergent—not the Defendant—has been the actual and beneficial owner of the Emergent Account, which has held the Robinhood Shares since May 2022 and the Emergent Cash since November 2022. Emergent has never been alleged to have had any involvement in the criminal conduct committed by the Defendant that forms the basis of forfeiture in this case. Rather, like FTX, Emergent has worked cooperatively with the government to preserve the assets against potential dissipation by the Defendant.

21. To the extent the government's position is that the Emergent Assets are proceeds of or otherwise traceable to the Defendant's crimes proven at trial, it is the government's burden to establish that nexus, and Emergent is entitled to an ancillary hearing to challenge the

government's tracing analysis. Indeed, according to Government Exhibit 1032, admitted at trial, the government only attempted to trace $292 million of the Robinhood Shares to the Defendant's criminal conduct.

22. Thus, Emergent itself has superior title to its assets, which consist only of the Emergent Assets, and the government is not entitled to forfeit property, over which the Defendant never successfully obtained control.

### D. Alternatively, Emergent Is a Bona Fide Purchaser for Value

23. On November 17, 2022—before the government initiated any proceedings against the Defendant—an FTX customer filed an *ex parte* claim in Antiguan court against Emergent. The Antiguan court granted a freezing injunction and appointed Angela Barkhouse and Toni Shukla, as Interim Joint Receivers (the "Receivers") over Emergent's assets and the Defendant's equity and/or debt interests in Emergent.[1]

24. On December 5, 2022, the Antiguan court appointed the Receivers as Joint Provisional Liquidators ("Emergent Liquidators") in order to, among other things, protect Emergent's assets and wind down the company.[2] On December 12, 2022, the Defendant made an urgent application requesting a stay of the appointment. That application, as well as additional applications contesting the Emergent Liquidators' liquidation proposals, have been successfully opposed by the Emergent Liquidators and dismissed.

---

[1] It was subsequently reported that the Defendant had sought to liquidate the Robinhood Shares from the Emergent Account at around this time.

[2] The Receivers promptly contacted representatives from Marex and requested that Marex not accept any instruction to dispose of any of the assets held in the Emergent Account by any third party. Marex agreed that it would hold any such assets in place pending the order of a court of competent jurisdiction following the Receivers' appointment as provisional liquidators.

25. The Emergent estate is therefore under the control of the Emergent Liquidators, not the Defendant. It has incurred significant expense—in furtherance of its court-appointed fiduciary duties—to preserve the Emergent Assets against the Defendant's efforts to obtain control of them. At the time the Emergent estate—under the Emergent Liquidators' control and under the supervision of the Antiguan court—took control over the Emergent Assets, it was reasonably without cause to believe that the property was subject to forfeiture. Accordingly, Emergent is a bona fide purchaser for value of the Emergent Assets.

## CONCLUSION

26. Emergent therefore asserts its interest in the Emergent Assets under 21 U.S.C. § 853(n) as having superior right, title, or interest to the property, and/or as a bona fide purchaser for value of the right, title, or interest in the property. Emergent reserves all of its right in connection with this petition, including the right to amend and/or supplement this petition in all respects, and the right to respond to and challenge any other party that purports to assert an interest in the Emergent Assets.

## PRAYER FOR RELIEF

WHEREFORE, Emergent respectfully requests that the Court:

(1) hold a hearing to adjudicate the validity of Emergent's claim of legal right, title and interests with respect to the value of the Emergent Assets;

(2) issue an order amending the Preliminary Order of Forfeiture/Money Judgment to recognize that Emergent has established the grounds for having superior, vested legal rights and the status of bona fide purchaser for value under 21 U.S.C. §§ 853(n)(6)(A), (B) with respect to the Robinhood Shares; and

(3) grant any such other relief that the Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br><br>June 13, 2024 | MORGAN, LEWIS & BOCKIUS LLP<br><br>By: _____<br>Daniel B. Tehrani, Bar No. 4422945<br>daniel.tehrani@morganlewis.com<br>101 Park Avenue<br>New York, NY  10178-0060<br>+1.212.309.6000<br>+1.212.309.6001<br><br>Attorneys for Emergent Fidelity Technologies Ltd. |

**VERIFICATION**

Emergent Fidelity Technologies Ltd., pursuant to 28 U.S.C. § 1746, declares under penalty of perjury under the laws of the United States of America that the Verified Petition For Hearing to Adjudicate Third-Party Claims of Emergent Fidelity Technologies Ltd with Respect to The Emergent Assets is true and correct, to the best of its knowledge, information, and belief.

Executed: June 13, 2024

_____
Angela Barkhouse
Joint Liquidator
Authorized Representative