# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE



**JUDGE JOHN T. DORSEY**　　　　　　　　　　　　　**824 N. MARKET STREET**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**WILMINGTON, DELAWARE**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**(302) 533-3169**

May 2, 2024

Plaintiff's and Defendants' counsel via CM/ECF

　　Re:  Onusz et al. v. West Realm Shires Inc. *et al.*, Adv. No. 22-50513 (JTD)

Dear Counsel,

　　This letter is my ruling on the Motions to Sever Claims filed by Caroline Ellison, Nishad Singh, and Zixiao ("Gary") Wang (together, "**FTX Executive Defendants**").[1]

　　After FTX Trading Ltd. ("**FTX**") filed for chapter 11 bankruptcy in November 2022, four FTX customers ("**Plaintiffs**") filed this adversary proceeding against a combination of the FTX Executive Defendants and the Debtors ("**Debtor-Defendants**").[2]  The Plaintiffs seek (1) declaratory relief against the Debtor-Defendants and (2) damages under various common law causes of action against the Debtor-Defendants and the FTX Executive Defendants, including breach of contract, breach of fiduciary duty, negligence, and conversion.[3]  The common law causes of action are jointly pled against the Debtor-Defendants and the FTX Executive Defendants.[4]

　　In June 2023, the Judicial Panel on Multidistrict Litigation consolidated certain class action cases pending against the FTX Executive Defendants into an FTX multidistrict litigation ("**MDL**").  *In re FTX Cryptocurrency Exch. Collapse Litig.*, No. MDL 3076, 2023 WL 3829242 (U.S. Jud. Pan. Mult. Lit. June 5, 2023).  The FTX Executive Defendants subsequently filed the Motions to Sever in this Court, arguing that the claims against them should instead be transferred to and tried before the MDL.[5]  The FTX Executive Defendants contend that severance here would promote judicial economy because the MDL is already hearing similar claims against them.[6]  In addition to these Motions to Sever, the FTX

---

[1] Defendant Caroline Ellison's Motion to Sever the Claims Against Her, Adv. D.I. 80; Defendant Nishad Singh's Motion to Sever the Claims Against Him, Adv. D.I. 87; Defendant Zixiao Wang's Motion to Sever the Claims Against Him, Adv. D.I. 92 (together, the "**Motions to Sever**").
[2] Complaint, Adv. D.I. 1.
[3] *Id.*
[4] *See id.*
[5] Motions to Sever, Adv. D.I. 80, 87, 92.
[6] Defendant Caroline Ellison's Memorandum of Law in Support of Her Motion to Sever, Adv. D.I. 81, at 7-9.

Re: Onusz et al. v. West Realm Shires Inc. et al., Adv. No. 22-50513 (JTD)
Page 2

Executive Defendants filed a motion before the MDL to transfer this adversary proceeding from the Bankruptcy Court to the MDL, pursuant to 28 U.S.C. § 1407.[7]

The Plaintiffs disagree with the FTX Executive Defendants' contention that severance weighs in favor of judicial economy,[8] pointing out that "the FTX MDL involves more than a dozen cases . . . focused not on the misappropriation of customer deposits, but rather on violations of Florida and California law for selling 'unregistered securities.'"[9] The Plaintiffs further contend that the FTX Executive Defendants are motivated by a desire to avoid payment rather than a desire to promote convenience or judicial economy.[10]

The MDL Panel denied the FTX Executive Defendants' motion to transfer in April 2024.[11] In its opinion, the MDL Panel noted that the proposal to separate the claims against the FTX Executive Defendants is not practicable. Many of the claims asserted in this proceeding are pled against the Debtor-Defendants and FTX Executive Defendants jointly.[12] Section 1407 does "not provide for the separation and remand of issues asserted within claims."[13] The MDL Panel also noted that several of the questions at issue in this adversary proceeding would be answered through the course of the bankruptcy as a whole, and therefore judicial economy weighed in favor of denying the transfer to MDL.[14]

Federal Rule of Civil Procedure 21 allows a court to "drop a party . . . [or] sever any claim against a party." FED. R. CIV. PRO. 21. Judicial economy is the primary focus of the Rule 21 analysis. *In re LMI Legacy Holdings, Inc.*, 553 B.R. 235, 241 (Bankr. D. Del. 2016). "Whether severance is warranted requires balancing of several considerations, including 'the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation.'" *Id.* at 252 (quoting *Off. Comm. of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 355 (E.D. Penn. 2000)). "[I]f claims are severed pursuant to Rule 21 they 'become independent actions with separate judgments entered in each.'" *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n.6 (3d Cir. 1999) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509 (10th Cir. 1991)).

Consideration of these factors here leads me to conclude that the Motions to Sever should be denied. Following the MDL Panel's April 2024 holding, the movants' arguments regarding judicial economy have no persuasive effect. The Defendants argued that judicial economy weighed in favor of transferring these cases so that the claims against them could be tried before the MDL Panel, which the movants believed was a more appropriate forum for the resolution of the claims. The MDL Panel has

---

[7] *See* Order Denying Transfer, *In re FTX Cryptocurrency Exch. Collapse Litig.*, No. MDL 3076, Adv. D.I. 111. Section 1407(a) authorizes the Judicial Panel on Multidistrict Litigation to "separate any claim, cross-claim, counter-claim, or third-party claim" "[w]hen civil actions involving one or more common questions of fact are pending in different districts." 28 U.S.C. § 1407(a).
[8] Plaintiffs' Opposition to Motions to Sever, Adv. D.I. 90, at 9-12.
[9] *Id.* at 9.
[10] *Id.* at 12.
[11] Order Denying Transfer, Adv. D.I. 111.
[12] *Id.* at 2.
[13] *Id.*
[14] *Id.* at 1.

Re:  Onusz et al. v. West Realm Shires Inc. et al., Adv. No. 22-50513 (JTD)
Page 3

clearly denied the FTX Executive Defendants' request to transfer its claims.  Since the Panel has foreclosed the possibility of hearing these claims, the movants' argument is moot, and they have presented no alternative argument as to why severance would promote judicial economy. Additionally, severance here does not appear likely either to be convenient to or to help achieve a quick resolution. Should the claims be severed, they would become an independent action, therefore requiring the parties to manage an additional action in an additional forum.  The most convenient and expeditious means to adjudicate these claims is to litigate them within the adversary proceeding before this Court. Finally, I see no basis for an argument that denying the Motions to Sever would prejudice any party.  I agree with the Plaintiffs' contention that granting severance carries a greater risk of prejudice to the Plaintiffs by causing "needless complication and delay."[15]  The Motions to Sever are denied.

      The parties should submit an appropriate form of order under certification of counsel.

      Sincerely,

*/s/ John T. Dorsey*
John T. Dorsey
United States Bankruptcy Judge

---

[15] Plaintiffs' Opposition to Motions to Sever, Adv. D.I. 90, at 2.