Case 1:22-cr-00673-LAK     Document 466-5     Filed 07/26/24     Page 1 of 9

# EXHIBIT E

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., et al.,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| FTX TRADING LTD,<br><br>      Plaintiffs,<br><br>-against-<br><br>ALEXANDER CHERNYAVSKY, BRANDON ORR, CHUKWUDOZIE EZEOKOLI, EDWIN GARRISON, GREGG PODALSKY, JULIE PAPADAKIS, KYLE RUPPRECHT, LEANDRO CABO, MICHAEL LIVIERATOS, MICHAEL NORRIS, RYAN HENDERSON, SHENGYUN HUANG, SUNIL KAVURI, VIJETH SHETTY, VITOR VOZZA, and WARREN WINTER,<br><br>      Defendants. | Adversary Proceeding No. 24-50072 (JTD) |

**_ONUSZ_ CLASS ACTION PLAINTIFFS' (1) JOINDER TO DEBTORS' MOTION FOR PRELIMINARY DECLARATORY AND INJUNCTIVE RELIEF ENFORCING THE AUTOMATIC STAY AND ENJOINING CERTAIN MDL ACTIONS AND (2) MOTION FOR AN ORDER APPLYING ANY INJUNCTIVE RELIEF TO THE CLAIMS IN THE _ONUSZ_ ADVERSARY CLASS ACTION**

Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall and Hamad Dar, plaintiffs in the putative class action adversary proceeding (the "_Onusz_ Class Action Plaintiffs") pending before this Court on behalf of depositors of FTX.com and FTX US (together, "FTX") entitled

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

*Onusz et al. v. West Realm Shires Inc. et al.*, Adv. Pro. No. 1:22-ap-50513 (JTD) (the "<u>Onusz Adversary Class Action</u>"), hereby file this joinder and motion.

**Relief Requested**

*Onusz* Class Action Plaintiffs hereby join *Debtors' Motion for Preliminary Declaratory and Injunctive Relief Enforcing the Automatic Stay and Enjoining Certain MDL Actions* and supporting memorandum of law, both dated June 3, 2024 (D.I. 2,3) (together, the "<u>Motion to Enjoin</u>"), and seek an order substantially in the form as the attached Exhibit A providing that any stay or injunction against the MDL Insider Action applies equally to any attempt by the MDL Plaintiffs to litigate, settle or release the tort claims the *Onusz* Class Action Plaintiffs are asserting on behalf of FTX customers against the FTX Insiders in the *Onusz* Adversary Class Action (the "<u>Onusz Class Claims</u>") before this Court.[2]

**Basis for Relief**

The Clerk of the MDL Panel, the MDL Panel itself, and this Court have three times rejected efforts by the MDL Plaintiffs and FTX Insiders to sever and/or transfer the *Onusz* Class Claims against the FTX Insiders from their similar claims against Debtors.[3] The MDL Panel found that the MDL Plaintiffs failed to "account for the inefficiencies that likely would be caused by separating *Onusz* from the rest of the proceedings in the Delaware Bankruptcy Court." (MDL 3076 ECF No. 278 at 2). This Court likewise found that "[t]he most convenient and expeditious means to adjudicate [the Onusz Class Claims] is to litigate them within the adversary proceeding before this Court." (*Onusz* Adversary Class Action ECF No. 116 at 2-3).

The MDL Plaintiffs and FTX Insiders have made no secret of the fact that they sought the

---

[2] Capitalized terms undefined herein shall have the meaning ascribed to them in Debtors' Motion to Enjoin.
[3] *See, e.g.*, MDL Panel ECF No. 278 at 2; Onusz Adversary Class Action D.I. at 2-3.

2

severance/transfer so the *Onusz* Class Claims could be folded into the MDL Plaintiffs' action against dozens of athletes and celebrities and settled by the MDL Plaintiffs and FTX Insiders for no monetary consideration. Now, in an affront to the MDL Panel and this Court, the MDL Plaintiffs and FTX Insiders are attempting an end-run around the orders of the MDL Panel and this Court by agreeing to a settlement in the FTX MDL containing broad releases that, again they make no secret, are intended to settle the *Onusz* Class Claims against the FTX Insiders along with the MDL Plaintiffs' claims. (*See, e.g.*, FTX MDL No. 618-1 ¶ 5.3).

Even worse, the MDL Plaintiffs intend to have any monetary recovery they ***may*** ultimately receive from the FTX Insiders' forfeited assets to be distributed through a claims process administered and supervised by the Judge presiding over the FTX MDL; ***outside*** these Chapter 11 proceedings, any plan of reorganization, and this Court's supervision. And because of the almost limitless class definition in the MDL Plaintiffs' action against the FTX Insiders, distributions will include former users of FTX exchanges and purchasers of FTX tokens and other products who are neither victimized customer depositors in the bankruptcy nor traditional creditors – *i.e.*, non-stakeholders of the estates.[4] Put another way, the MDL Plaintiffs are attempting to settle the claims against the FTX Insiders and split any proceeds they could theoretically receive—from funds or property stolen from existing FTX customers—with *former* customers and purchasers of *any* product of FTX.

In contrast, the *Onusz* Class Action Plaintiffs assert class claims against the FTX Insiders solely in an effort to protect the interests of proposed class of customers who were, and remain,

---

[4] The putative class in the FTX MDL includes "[a]ll persons or entities . . . who, within the applicable limitations period, purchased or held legal title to and/or beneficial interest in any fiat or cryptocurrency deposited or invested through an FTX Platform, purchased or enrolled in a YBA, or purchased FTT." (FTX MDL ECF No. 618-1 ¶ 6.1).

3

unable to withdraw, use, or access the billions of dollars in assets on deposit at the time of the FTX Chapter 11 proceeding. And, like the similar claims against the FTX Insiders being pursued by the Debtors, the *Onusz* Class Action Plaintiffs seek to have any recoveries (which also may mainly come from assets forfeited by the FTX Insiders) distributed to customers through the existing estate administration framework in these Chapter 11 proceedings.

The FTX Debtors' Motion to Enjoin recognizes that the *Onusz* Class Claims, along with the *Onusz* Class Action Plaintiffs' property claims against the Debtors that have been tentatively settled, are intertwined with the Debtors' claims against the FTX Insiders and with the plan process. (Motion to Enjoin at 18). The reasoning of the Motion to Enjoin—that the MDL Plaintiffs should not be able to litigate or settle claims (or recover assets) against the FTX Insiders that are properly proceeding before this Court for the benefit of stakeholders for distribution in the Chapter 11 proceedings—applies similarly to the *Onusz* Class Claims and the MDL Plaintiffs and FTX Insiders should not be able to circumvent the orders of this Court or the MDL Panel to settle those claims and potentially complicate or outright derail the plan approval process and administration of the estates for the benefit of stakeholders.

## Conclusion

The *Onusz* Adversary Plaintiffs respectfully request that the Court enter an order substantially in the form of Exhibit A hereto providing that any stay or injunction against the MDL Insider Action applies equally to any attempt by the MDL Plaintiffs to settle or release the tort claims the *Onusz* Class Action Plaintiffs are asserting on behalf of FTX customers against the FTX Insiders in the *Onusz* Adversary Class Action before this Court

Dated: June 10, 2024

4

**CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP**
*/s/ Scott M. Tucker*
Robert J. Kriner, Jr. (No. 2546)
Scott M. Tucker (No. 4925)
2711 Centerville Rd., Suite 201
Wilmington, Delaware 19808
Telephone: (302) 656-2500
robertkriner@chimicles.com
scotttucker@chimicles.com

-and-

**ENTWISTLE & CAPPUCCI LLP**
Andrew J. Entwistle, Esq.
500 W. 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (512) 710-5960
aentwistle@entwistle-law.com

-and-

Robert N. Cappucci, Esq.
Joshua K. Porter, Esq.
230 Park Avenue, 3rd Floor
New York, New York 10169
Telephone: (212) 894-7200
rcappucci@entwistle-law.com
jporter@entwistle-law.com

*Counsel for Plaintiffs Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall and Hamad Dar*

5

# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., et al.,[1]<br><br>                   Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| FTX TRADING LTD,<br><br>                   Plaintiffs,<br><br>-against-<br><br>ALEXANDER CHERNYAVSKY, BRANDON ORR, CHUKWUDOZIE EZEOKOLI, EDWIN GARRISON, GREGG PODALSKY, JULIE PAPADAKIS, KYLE RUPPRECHT, LEANDRO CABO, MICHAEL LIVIERATOS, MICHAEL NORRIS, RYAN HENDERSON, SHENGYUN HUANG, SUNIL KAVURI, VIJETH SHETTY, VITOR VOZZA, and WARREN WINTER,<br><br>                   Defendants. | Adversary Proceeding No. 24-50072 (JTD) |

**ORDER APPLYING INJUNCTION OF MDL ACTION AGAINST THE FTX
INSIDERS TO ANY ATTEMPT BY THE DEFENDANTS TO LITIGATE,
SETTLE OR RELEASE THE CLAIMS IN THE *ONUSZ* ADVERSARY CLASS ACTION**

Having granted *Debtors' Motion for Preliminary Declaratory and Injunctive Relief Enforcing the Automatic Stay and Enjoining Certain MDL Actions*, dated June 3, 2024 (D.I. 2) (the "Debtors' Motion"), and upon the *Onusz Class Action Plaintiffs' (1) Joinder to Debtors' Motion for Preliminary Declaratory and Injunctive Relief Enforcing the Automatic Stay and Enjoining*

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

*Certain MDL Actions and (2) Motion for an Order Applying any Injunctive Relief to the Claims in the Onusz Adversary Class Action*, dated June 10, 2024 (D.I. 7) (the "Onusz Motion"),[2] and having found and determined that the legal and factual bases set forth in the Onusz Motion and Debtors' Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

1. The Onusz Motion is GRANTED as set forth herein.

2. The injunction prohibiting the Defendants (including their respective officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with the Defendants) and similarly situated creditors from filing or continuing to prosecute the MDL FTX Insiders Action for an initial period of 180 days from the date of entry of the Order granting Debtors' Motion applies equally to any attempt by the Defendants or similarly situated creditors litigate, settle or release the tort claims against the FTX Insiders that are being brought in the *Onusz* Adversary Class Action before this Court.

3. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____  
      Wilmington, Delaware

_____  
The Honorable John T. Dorsey United States Bankruptcy Judge

---

[2] Capitalized terms undefined herein shall have the meaning ascribed to them in the Joinder and Motion.

2