# Exhibit 1

*Court Ex. B*
*9/7/23*
*a*



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 5, 2023

Jason Linder, Esq.
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006

Gina Parlovecchio, Esq.
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020

    Re: *United States v. Ryan Salame*, S7 22 Cr. 673 (LAK)

Dear Mr. Linder and Ms. Parlovecchio:

    On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Ryan Salame ("the defendant") to Counts One and Two of the above-referenced Superseding Information (the "Information").

    Count One of the Information charges the defendant with conspiracy to defraud the United States and willfully violate the Federal Election Campaign Act, in violation of 18 U.S.C. § 371 and 52 U.S.C. §§ 30109, 30118, and 30122. Count One carries a maximum term of imprisonment of five years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

    Count Two of the Information charges the defendant with conspiracy to operate an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 371 and 1960. Count Two carries a maximum term of imprisonment of five years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

    The total maximum term of imprisonment on Counts One and Two is 10 years.

2023.02.10

In consideration of the defendant's plea to the above offenses, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for (1) conspiring from at least in or about 2020 up to and including in or about November 2022 to defraud the Federal Election Commission and willfully violate the Federal Election Campaign Act by making political contributions in the names of Ryan Salame, Samuel Bankman-Fried, and Nishad Singh, who were not the true source of the funds, and by making political contributions to candidates and joint fundraising committees using funds from one or more corporations, in violation of 18 U.S.C. § 371 and 52 U.S.C. §§ 30109, 30118, and 30122, as charged in Count One of the Information; (2) conspiring from at least in or about October 2019 up to and including in or about November 2022 to operate an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 371 and 1960, as charged in Count Two of the Information; (3) conspiring from at least in or about October 2019 up to and including in or about November 2022 to commit bank fraud, in violation of 18 U.S.C. §§ 1349 and 1344; (4) willfully making excessive political contributions to a candidate for federal office in an amount in excess of the then-applicable limitation on individual contributions, and exceeding $25,000 in the calendar year 2022, and conspiracy to do the same, in violation of 18 U.S.C. § 371 and 52 U.S.C. §§ 30109 and 30116; (5) fraudulently transferring property belonging to or under the custody of FTX, a corporation then in contemplation of a case under Title 11 of the United States Code in or about November 2022, in violation of 18 U.S.C. § 152; and (6) engaging in monetary transactions from November 2022 through in or about January 2023 in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq*. In addition, by accepting the terms of this agreement, the defendant agrees and stipulates that the additional conduct described in items (3), (4), (5), and (6) of this paragraph constitutes relevant conduct to the offenses of conviction pursuant to U.S.S.G. § 1B1.3, and to not dispute such conduct at sentencing. At the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges the defendant is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegation with respect to Count Two of the Information and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money equal to $1,555,186,143 in United States currency, representing property involved in said offense (the "Money Judgment"). It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court. Under the terms set forth in the Consent Order of Forfeiture, the United States agrees to accept the Payment and forfeiture of the Substitute Assets, as defined therein, in full satisfaction of the Money Judgment.

The defendant further agrees, pursuant to 18 U.S.C. § 3663A(a)(3), to make restitution to persons other than victims of the offense, in the amount of $5,593,177.91 to the Debtors of FTX

Trading Ltd. and its associated companies, as defined in *In re FTX Trading Ltd. et al.*, Dkt. No. 22-11068 (Bankr. D. Del.). The restitution amount shall be paid according to a plan established by the Court. The defendant will be given credit against this restitution amount for any payments to the Debtors of FTX Trading Ltd. made by the defendant prior to sentencing, as verified by this Office.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

**A. Offense Level**

1. The applicable Guidelines manual is the manual in effect as of November 2021.

2. Pursuant to U.S.S.G. § 3D1.2(d), Counts One and Two are counted as a single group because the offense levels for Counts One and Two are largely based on a total amount of harm or loss.

3. Pursuant to U.S.S.G. § 3D1.3(b) & Application Note 3, the Guidelines applicable to the offenses charged in Counts One and Two is U.S.S.G. §§ 2X1.1 and 2C1.8 because those Guidelines, which are applicable to Count One, produce the highest offense level.

4. Pursuant to U.S.S.G. § 2C1.8(a), the base offense level is 8.

5. Pursuant to U.S.S.G. §§ 2C1.8(b)(1) and 2B1.1(b)(1)(P), because the aggregate harm was more than $550,000,000, 30 levels are added.

6. Pursuant to U.S.S.G. § 2C1.8(b)(4), because the offense in Count One involved more than 30 illegal transactions, two levels are added.

7. Pursuant to U.S.S.G. § 3B1.1(b) and U.S.S.G. § 3D1.3 Application Note 3, because the defendant was a manager or supervisor of the conspiracy to operate an unlicensed money transmitting business, which involved five or more participants or was otherwise extensive, three levels are added.

8. Accordingly, the offense level for Counts One and Two is 43.

9. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 40.

### B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has no criminal history, and his Criminal History Category is I.

### C. Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range would be 292 to 365 months' imprisonment. However, because 292 to 365 months' imprisonment is greater than the total statutorily authorized sentence of 120 months' imprisonment, pursuant to U.S.S.G. §§ 5G1.1(a) & 5G1.2(d), the defendant's stipulated Guidelines sentence is 120 months' imprisonment (the "Stipulated Guidelines Sentence"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 40, the applicable fine range is $50,000 to $500,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Sentence set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Sentence based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Sentence (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

2023.06.20

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines Sentence, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that the defendant's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw the defendant's plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence equal to or below the Stipulated Guidelines Sentence of 120 months' imprisonment and (ii) that the Government will not appeal any sentence equal to or above the Stipulated Guidelines Sentence. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal or bring a collateral challenge of any forfeiture amount that is less than or equal to $1,555,186,143, and the Government agrees not to appeal any forfeiture amount that is greater than or equal to $1,555,186,143. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $500,000, and the Government agrees not to appeal any fine that is greater than or equal to $50,000. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

In connection with the defendant's plea of guilty, the defendant, in consultation with counsel, has chosen not to request discovery materials pursuant to Fed. R. Crim. P. 16 ("Rule 16 Material"). The defendant understands that if not for entering this plea of guilty, the Government

2023.06.20

would be required to produce Rule 16 Material, and would further be required to produce material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and Fed R. Crim. P. 5(f), and, if the defendant proceeded to trial, impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), and *Jencks* Act material. The defendant acknowledges that the defendant has not and will not receive such information because the defendant has decided to plead guilty, waives the right to this information, and agrees not to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any such information, apart from any information establishing the factual innocence of the defendant.

The defendant recognizes that, if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that the defendant has discussed the possible immigration consequences (including removal or denaturalization) of the defendant's guilty plea and conviction with defense counsel. The defendant affirms that the defendant wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw the defendant's guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge the defendant's conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the defendant's guilty plea and conviction.

It is further agreed that should the convictions following the defendant's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

2023.06.20

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By: *[signature]*
Danielle Kudla
Samuel Raymond
Thane Rehn
Nicolas Roos
Danielle Sassoon
Assistant United States Attorneys
(212) 637-2304 / 6519 / 2354 / 2421 / 1115

APPROVED:

*[signature]*
Scott Hartman
Matthew Podolsky
Chiefs, Securities & Commodities
Fraud Task Force

AGREED AND CONSENTED TO:

*[signature]*
Ryan Salame

DATE 9/7/23

APPROVED:

*[signature]*
Jason Linder, Esq.
Gina Parlovecchio, Esq.
Attorney for Ryan Salame

DATE 9/7/23

2023.06.20