MEMO ENDO] :ED                                    WILMERHALE

September 9, 2024                                              **Anjan Sahni**

+1 212 937 7418 (t)
+1 212 230 8888 (f)
anjan.sahni@wilmerhale.com

**BY ECF**



The Honorable Lewis A. Kaplan
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *United States v. Caroline Ellison*, No. 1:22-cr-673-LAK (S.D.N.Y)
      Sentencing Hearing: September 24, 2024

Dear Judge Kaplan:

On behalf of our client, Caroline Ellison, and pursuant to this Court's Individual Rules of Practice for Sentencing Proceedings, we respectfully request an order permitting the redaction of certain sensitive information contained within Ms. Ellison's forthcoming sentencing submission and the letters and exhibits attached thereto. Specifically, Ms. Ellison seeks leave to redact the names and personally identifying information of third parties, including certain people who have submitted letters of support on her behalf; certain irrelevant medical information; and certain information regarding Ms. Ellison's current living situation that could put her at risk of continued harassment. Counsel for the government consents to this request.

While there is a presumption of access to judicial documents, "the weight to be given the presumption ... must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). The limited information proposed for sealing will be "utterly immaterial to the sentence that the Court [will] impose[]." *United States v. Gatto*, 2019 WL 4194569, at *8 (S.D.N.Y. Sept. 3, 2019) (Kaplan, J.). Accordingly, it will "play only a negligible role in the performance of Article III duties," so "the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Amodeo*, 71 F.3d at 1050. Indeed, weighty countervailing factors apply to each of the three categories of information that Ms. Ellison seeks to redact from public filings.

First, as this Court has recognized in the context of sealing sentencing submissions, "the privacy interests of innocent third parties should weigh heavily" against disclosure "in a court's balancing equation." *Gatto*, 2019 WL 4194569, at *6 (quoting *Amodeo*, 71 F.3d at 1050). As the Court is aware, Ms. Ellison has been the focus of intense media scrutiny and Internet fascination since the outset of this case, including from Sam Bankman-Fried's repeated efforts to release Ms. Ellison's private information to the media. Because Ms. Ellison's friends should not be subject to harassment and doxing because they have written to the Court, Ms. Ellison seeks leave to redact their names and other identifying information from the publicly filed version of the letters and her

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

WILMERHALE

Hon. Lewis A. Kaplan
September 9, 2024
Page 2

sentencing memorandum. Fortunately, "courts have the power to insure that their records are not used to gratify private spite or promote public scandal." *Id.* (quoting *Amodeo*, 71 F.3d at 1051). Ms. Ellison also seeks to file several journal entries written while she worked at Alameda Research to corroborate points regarding her state of mind at the time, and she seeks leave to redact certain irrelevant and potentially "embarrassing [information about others] with no public ramifications," *Amodeo*, 71 F.3d at 1051. The Court has granted similar relief in the past, and Ms. Ellison respectfully requests it do so again here. *See, e.g., id.*; Dkt. 435 (so-ordered motion by Ryan Salame to redact names and identifying information in sentencing letters); *see also, e.g., United States v. King*, 2012 WL 2196674, at *3 (S.D.N.Y. June 15, 2012) (granting leave to seal portions of a sentencing memorandum containing allegations about third parties not tried).

Second, Ms. Ellison seeks leave to redact references to medical information—including planned and contemplated medical treatments—from journal entries she plans to attach to her sentencing memorandum. This information at issue is irrelevant to the case, and the privacy interests inherent in medical information weigh heavily against its disclosure. *See Amodeo*, 71 F.3d at 1051. While Counsel is aware that the Court's Individual Rules permit redaction of "medical records, treatment and diagnosis," in compliance District's privacy policy, we seek leave in an abundance of caution because the information sought to be redacted is not contained in medical records, nor does it consist of formal treatment or diagnostic information.

Finally, Ms. Ellison seeks leave to redact information that might subject her to further harassment and safety threats, including information about where she resides, her partner, and the organizations with which she volunteers. Redaction is appropriate where information "might adversely affect law enforcement interests" including where it places at risk people who have cooperated with law enforcement and "who may want or need confidentiality," because "if that confidentiality cannot be assured, cooperation will not be forthcoming" in future cases. *Amodeo*, 71 F.3d at 1050.

For the foregoing reasons, we respectfully request that the Court grant Ms. Ellison's redaction request.

Respectfully submitted,

/s/ Anjan Sahni
Anjan Sahni

Motion granted but without prejudice to any well supported application by a non-party for access. If such an application were made, the defendant would have the burden to justify any continued restriction of access.

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ
9/10/24