

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

October 7, 2024

**BY ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *United States v. Caroline Ellison*, S2 22 Cr. 673 (LAK)

Dear Judge Kaplan:

      The Government respectfully submits this letter regarding the restitution provision in the judgment entered in this case, which does not reflect the Court's oral pronouncement at sentencing. Accordingly, the Government requests that the Court amend the judgment pursuant to Federal Rule of Criminal Procedure 35(a), which authorizes the Court to correct a sentence that resulted from "arithmetical, technical, or other clear error," or Federal Rule of Criminal Procedure 36, which authorizes the Court to correct a "clerical error in a judgment." *See United States v. Jacques*, 6 F.4th 337, 341-42 (2d Cir. 2021) (discussing clerical errors as "minor, uncontroversial errors … of the sort that a clerk or amanuensis might commit") (quotation marks omitted).

      As background, when the Court entered judgment for co-defendant Samuel Bankman-Fried, it entered the following order regarding restitution: "The Court declines to order restitution due to the complexity of the case and the number of victims. It instead grants the government's motion to authorize the United States to compensate victims with finally forfeited assets through a remission process, as restitution would be impractical in this case." (Dkt. 424 at 6). This aspect of the judgment was entered pursuant to 18 U.S.C. § 3663A(c)(3)(A)-(B), which states that restitution is not mandatory if the Court finds either that "the number of identifiable victims is so large as to make restitution impracticable," or that "determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process."

      As explained in the Government's submission ahead of Bankman-Fried's sentencing, ordering restitution would be extremely costly and administratively impractical in this case. *See* Dkt. 410 at 109-112. Therefore, the Government seeks to return all stolen assets to victims through a remission process, consistent with its frequent approach in complex fraud cases with numerous victims. *See id.* at 110 (citing *United States v. Madoff*, 09 Cr. 213 (DC), Dkt. 106 & *United States*

*v. Bonventre*, 10 Cr. 228, Dkt. 318 (Madoff Ponzi scheme); *United States v. Sharma*, 18 Cr. 340, Dkt. 407 (multi-million dollar cryptocurrency scheme); *United States v. Dos Santos*, 20 Cr. 398, Dkt. 283 (multi-million dollar cryptocurrency scheme)).

At the outset of the sentencing proceeding for defendant Caroline Ellison, the Court inquired of the Government regarding the proposal for restitution, and the Government responded that the Government was "asking that the Court follow the same process as requested at the sentencing of Sam Bankman-Fried, which is the Court declined to order restitution," and that "we make the same motion here." (Sentencing Transcript, Dkt. 515, at 2-3). Later in the sentencing, when the Court pronounced sentence, the Court initially announced that the defendant would "pay such restitution, if any, as the Court may require in a subsequent proceeding." (*Id.* at 33). The Government then referred back to its motion that the Court follow the same procedure for restitution that it followed in the sentencing of Bankman-Fried, and the Court agreed and found that the second factor under Section 3663A(c)(3) was met. (*Id.* at 34-35). Accordingly, it was the understanding of the parties that the Court was granting the Government's motion not to order restitution, just as the Court had done in the judgment of Bankman-Fried, and that the Court was doing so based on its finding that it would be unduly burdensome to adjudicate "complex issues of fact related to the cause or amount of the victim's losses." 18 U.S.C. § 3663A(c)(3)(B).

The written judgment in this case, however, states that the determination of restitution is "deferred" until November 6, 2024, and that an amended judgment will be entered after such determination. (Dkt. 512, at 6). Accordingly, the Government respectfully requests that the Court replace the language on restitution in the judgment with the following language:

The Court declines to order restitution, based on its finding that determining complex issues of fact related to the cause and amount of the victim's losses would complicate and prolong the sentencing process. It instead grants the government's motion to authorize the United States to compensate victims with finally forfeited assets through a remission process, as restitution would be impractical in this case.

The Government has conferred with defense counsel, who joins in this request.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

by: /s/ Thane Rehn
    Nicolas Roos
    Danielle R. Sassoon
    Thane Rehn
    Danielle Kudla
    Assistant United States Attorneys

cc: Defense Counsel (by ECF)