**McCarter & English**

**David Adler**
Partner
T. 212-609-6847
F. 212-645-1025

dadler@mccarter.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/24

October 29, 2024

<u>**VIA ECF**</u>

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *United States v. Nishad Singh, 22 Cr. 673 (LAK)*

Dear Judge Kaplan,

I write on behalf of my client Seth Melamed ("**Melamed**"). Mr. Melamed was the former Chief Operating Officer ("**COO**") and Representative Director of FTX Japan ("**FTX Japan**" or "**FTXJ**").

Mr. Melamed wishes to bring to the Court's attention certain misstatements in the sentencing submission of Nishad Singh dated October 6, 2024, ECF Doc. #523 (the "**Sentencing Submission**") and provide the Court with accurate information.

Specifically, in his Sentencing Submission, Mr. Singh asserts:

> *Protecting FTX Japan Customers*. FTX Japan custodied its customer assets in a particular kind of "cold wallet" that Bankman-Fried and Wang could not access. Bankman-Fried and Wang told the COO of FTX Japan to switch over to a different system that would give them access to those funds. After Nishad learned about the hole in customer funds, he called the COO and convinced him not to switch over to the system, precisely because he knew Bankman-Fried and Wang could improperly use the funds. In the final days of FTX, this meant that FTX Japan's customer funds could not be used improperly to repay the debt owed to non-Japan FTX users. Only four months after the collapse of FTX, FTX Japan was able to reopen withdrawals for its customers

*Sentencing Submission*, ECF Doc. No. 523 at 34.

Mr. Melamed wishes to advise the Court that this paragraph is completely false.

**First**, Mr. Singh fails to point the Court to *any* testimony to corroborate this story. Nor does the Government reference this story in its sentencing submission.

Hon. Lewis Kaplan
October 29, 2024
Page 2


**Second**, Mr. Melamed wishes to advise the Court that neither SBF nor Wang reached out to Mr. Melamed in an attempt to change the wallet structure which he and the FTX Japan's Operations team were managing.  As the Representative Director of FTX Japan, Mr. Melamed bore personal and professional responsibility for the safekeeping and control of FTX Japan's clients' assets, including digital assets stored in cold wallets.  In Japan, the applicable Japanese regulations and FTX Japan's own internal policies governing wallet management are extensive, clear, and by design, are not easily changed.  There was no scenario in which SBF, Wang, or Singh could have persuaded Mr. Melamed to change how wallets were managed. Mr. Melamed could not and would not deviate from Japanese regulations or FTX Japan's internal guidelines and policies that were in place to securely segregate client funds.

As noted in the Sentencing Submission, FTXJ was able to return all customer assets/funds within four months of the parent company's (FTX Trading Ltd.)  insolvency.  This occurred due to the unwavering resolve of the FTX Japan's operations team to follow the rules in Japan regarding asset segregation and customer protection before the FTX petition filing date and the team's commitment to serve its customers post-petition.

**Third**, Mr. Singh asserts that he called Mr. Melamed to convince him not to switch the wallet infrastructure because he knew SBF and Wang would improperly use the funds.  Mr. Melamed has no recollection that Mr. Singh called, emailed or sent him a Slack message with a warning or information to be wary of a change of infrastructure because of SBF's or Wang's intent to obtain access to customer assets of FTXJ.  Simply stated, Singh did not undertake the measures described in his Sentencing Submission.  Had Mr. Singh warned Mr. Melamed of the hole in the FTX Trading Ltd. balance sheet or the potential damage that would be caused by SBF or Wang if the FTXJ wallet infrastructure had been changed, there is much more that Mr. Melamed could have and would have done to try to protect FTX's customers not only inside of Japan but in other regions where FTX operated.  Since Singh furnished no such warning, Mr. Melamed was shocked and angered, like many others, when the extent of the misappropriation of FTX's client assets facilitated by SBF, Wang, Singh, and Ellison became apparent upon the bankruptcy petition filing in November 2022.

As noted above, Mr. Melamed wishes to correct the record and highlight the misstatements in the Sentencing Submission.  Given the complete lack of evidence, Mr. Melamed respectfully requests that this Court give no weight to Mr. Singh's false assertions in connection with his sentencing.

Respectfully submitted,

*/s/ David J. Adler*
David J. Adler