UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

         - v. -

NISHAD SINGH,

             Defendant.

       :
       :
       :
       :
       :
       :
       :

**AMENDED CONSENT
PRELIMINARY ORDER OF
FORFEITURE AS TO SPECIFIC
PROPERTY/MONEY JUDGMENT**

S4 22 Cr. 673 (LAK)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about February 28, 2023, NISHAD SINGH (the "Defendant"), was charged in a six-count Superseding Information, S4 22 Cr. 673 (LAK) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); conspiracy to commit commodities fraud and conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Counts Three and Four); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Five); and conspiracy to make unlawful political donations and defraud the Federal Election Commission, in violation of Title 18, United States Code, Section 371 (Count Six);

WHEREAS, the Information included a forfeiture allegation as to Counts One, Two and Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One, Two and Four of the Information including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One, Two and Four;

WHEREAS, the Information included a forfeiture allegation as to Count Five of the Information seeking forfeiture to the United States, pursuant to Title 18, United Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Five of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Five of the Information;

WHEREAS, the Information also included a substitute asset provision providing notice that if, as a result of the Defendant's acts or omissions, forfeitable property is unable to be located or obtained, the United States will seek, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), forfeiture of any other property of the Defendant;

WHEREAS, on or about February 28, 2023, the Defendant pled guilty to Counts One through Six of the Information, pursuant to an agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One, Two, Four, and Five and agreed to forfeit to the United States, (i) pursuant to Title 18, United States Code, Section 981(a)(l)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses charged in Counts One, Two and Four; (ii) pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in the offense charged in Count Five of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency

2

representing the amount of property involved in the offense charged in Count Five of the

Information.  Pursuant to the plea agreement and this Amended Consent Preliminary Order of

Forfeiture as To Specific Property/Money Judgment, the Defendant also agrees to forfeit all right,

title and interest of the Defendant in the following property:

> (a) all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 421 Scott Hill Drive, Orcas Island, Washington 98280 which is more particularly described as containing Parcel Number 261531-003-000, within Subdivision PTN. SE-NW & PTN. NE-SW, Sct 15, Twn 36N, Rng2W, positioned within Latitude 48.607495 and Longitude -122.934759, and containing the Abbreviated Legal Description: PRS SE-NW NE-SW NW-SE TGW VIEW ESMT (PARCEL A PER BLM AFN 2022-0412012) Sec 15, T 36N, R.; and
>
> (b) the shares of Series B Preferred Stock in Anthropic PBC, acquired by the defendant on or about May 13, 2022, through the Simple Agreement for Future Equity the defendant purchased in exchange for $40,000,000 on or about April 5, 2022;
>
> (c) Prime Trust Account No. 420034185753 held in the name of the Defendant, including any and all funds on deposit therein;
>
> (d) Prime Trust Account No. 420070608102 held in the name of the Defendant, including any and all funds on deposit therein;
>
> (e) Charles Schwab Account No. 5675-8974 held in the name of the Defendant, including any and all funds and securities held therein; and
>
> (f) A cashier's check in the amount of $235,025.84 drawn from the Defendant's Wells Fargo Account No. 1248921361.

((a) through (f) collectively, the "Specific Property");

WHEREAS, the Defendant agrees to execute all necessary documentation to

transfer all of his right, title, and interest in the Specific Property to the United States by the date

of the Defendant's sentencing in this case;

WHEREAS, the Defendant consents to the entry of a money judgment in the

amount of $11,020,000,000 in United States currency, for which the Defendant is jointly and

severally liable with co-defendants Samuel Bankman-Fried, Zixiao (Gary) Wang, and Caroline Ellison ("Co-Defendants") and the forfeiture money judgments entered against them in this case, representing the amount of proceeds traceable to the offenses charged in Counts One, Two, and Four and property involved in Count Five of the Information;

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Specific Property;

WHEREAS, the Defendant has completed a financial affidavit which was provided to the United States on or about July 22, 2024, and the Defendant has sworn, under penalty of perjury, that this affidavit is a true and accurate description of his current finances as of that date;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Two, and Four of the Information, that the Defendant personally obtained and property involved in Count Five of the Information, with the exception of the Specific Property, cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys, Nathan Rehn, Nicolas Roos, Danielle Sassoon, and Danielle Kudla, of counsel, and the Defendant, and his counsel, Russell Capone, Esq., and Andrew Goldstein, Esq. that:

1.    As a result of the offenses charged in Counts One, Two, Four, and Five of the Information, to which the Defendant pled guilty, a money judgment in the amount of $11,020,000,000 in United States currency (the "Money Judgment"), for which the Defendant is jointly and severally liable with the Co-Defendants and the forfeiture money judgments entered against them in this case, representing the amount of proceeds traceable to the offenses charged in Counts One, Two and Four of the Information and property involved in the offense charged in Count Five of the Information, shall be entered against the Defendant.

2.    As a result of the offenses charged in Counts One, Two, Four, and Five of the Information, to which the Defendant agreed to, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, NISHAD SINGH, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.    Upon entry of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

5.    The Defendant shall execute all necessary documentation to effect the Government's forfeiture of the Specific Property. In the event the Government requests that the Defendant execute documentation to effect the Government's forfeiture of the Specific Property post-sentencing, the Defendant agrees to execute that documentation promptly.

6.    All payments on the outstanding Money Judgment, shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance & Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

7.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

8.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9.    The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10.    Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

12.    Subject to the terms set forth above, pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of additional substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

13.    The Defendant further agrees to assign to the Government any profits or proceeds which he may be entitled to receive in connection with any publication or dissemination of information relating to conduct alleged in the Information (the "Assignment"). The Assignment shall include all profits and proceeds for the benefit of the Defendant, regardless of whether such profits and proceeds are payable to himself or to others, directly or indirectly, for his benefit or for the benefit of the Defendant's associates or a current or future member of the Defendant's family. The Defendant shall not circumvent the Assignment by assigning the rights to his story to an associate or to a current or future member of the Defendant's family, or to another person or entity who would provide some financial benefit to the Defendant, to the Defendant's associates, or to a current or future member of the Defendant's family. Moreover, the Defendant shall not circumvent the Assignment by communicating with an associate or a family member for the

purpose of assisting or facilitating their profiting from a public dissemination, whether or not such an associate or other family member is personally or directly involved in such dissemination.

14.    Upon the entry of a final order of forfeiture for the Specific Property, provided there are no successful third-party petitions for the Specific Property, the United States shall accept the Specific Property and the Assignment in full satisfaction of the Money Judgment. This paragraph will be deemed not operative, and the United States will be free to enforce the entirety of the outstanding Money Judgment, if any information in the financial affidavit completed by the Defendant was false or incomplete as of July 22, 2024, if the Defendant in any way inhibits the Government's seizure, custody, or disposal of the Specific Property, including by failing to support any motion by the Government for interlocutory sale or violates the terms of the Assignment.

15.    If the Defendant executes all necessary documentation to effect the Government's forfeiture of the Specific Property before the date of the Defendant's sentencing (or after sentencing, if the Government so requests), the Court enters a final order of forfeiture for the entirety of the Specific Property, and Defendant does not violate the Assignment, the United States agrees not to take any action pursuant to Title 21, United States Code, Section 853(p), seeking the forfeiture of additional substitute assets of the Defendant. If the Defendant fails to execute all necessary documentation to effect the forfeiture by the Government by the date of sentencing (or after sentencing, if the Government so requests), support any motion by the Government for interlocutory sale, or the Court does not enter a final order of forfeiture for all of the Specific Property, the United States may take action pursuant to Title 21, United States Code, Section 853(p) up to the entirety of the outstanding Money Judgment.

16.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

17.      The Court shall retain jurisdiction to enforce this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

18.      The signature page of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          10/30/2024
      Thane Rehn/Nicolas Roos/                         DATE
      Danielle Sassoon/Danielle Kudla
      Assistant United States Attorneys
      One St. Andrew's Plaza
      New York, NY 10007
      (212) 637-2354


NISHAD SINGH

By: _____          10/30/24
      NISHAD SINGH                                          DATE


By: _____          _____

9

10/30/24

Andrew Goldstein, Esq.                                    DATE
Russell Capone, Esq.
Attorneys for Defendant
Cooley LLP
55 Hudson Yards
New York, New York 10001

SO ORDERED

_____          _____
HONORABLE LEWIS A. KAPLAN                   DATE  10/30/24
UNITED STATES DISTRICT JUDGE

10